OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
DAVID RAIZMAN, CA Bar No. 129407
david.raizman@ogletree.com
AMBER L. ROLLER, CA Bar No. 273354
amber.roller@ogletree.com
J. NICHOLAS MARFORI, CA Bar No. 311765
nicholas.marfori@ogletree.com
400 South Hope Street, Suite 1200
Los Angeles, California 90071
Telephone: 213-239-9800
Facsimile: 213-239-9045

Attorneys for Defendants
Quest Diagnostics Clinical Laboratories, Inc.,
Quest Diagnostics Holdings, Inc., and
Quest Diagnostics Incorporated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN VARGAS and ANNE WEST, individually on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC., QUEST DIAGNOSTICS HOLDINGS, INC., QUEST DIAGNOSTICS INCORPORATED; and DOES 1-10, inclusive,<br><br>          Defendants. | Case No. 2:19-cv-08108 DMG(MRWx)<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Complaint Filed: September 18, 2019<br>Trial Date:      None<br>District Judge:  Hon. Dolly M. Gee<br>                 Courtroom 8C, 1st Street<br>Magistrate Judge: Hon. Michael R. Wilner<br>                 Courtroom 550, Roybal |

Specially appearing defendants Quest Diagnostics Clinical Laboratories, Inc., Quest Diagnostics Holdings, Inc., and Quest Diagnostics Incorporated (collectively, the "Defendants") hereby answer the First Amended Complaint (the "FAC") for themselves only and no others, filed by plaintiffs Julian Vargas, Anne West, and American Council of the Blind ("ACB") (collectively, "Plaintiffs") in the above-captioned action, and admit, deny and allege as follows:

## ANSWER TO NATURE OF THE ACTION

1.      Answering paragraph 1 of the FAC, Defendants lack knowledge or information to admit or deny the allegations in this paragraph, and on that basis deny all such allegations.

2.      Answering paragraph 2 of the FAC, Defendants admit that certain Quest Diagnostics patient service centers utilize a touch-screen tablet device (the "kiosk"). Except as expressly admitted, Defendants deny all of the remaining allegations in this paragraph.

3.      Answering paragraph 3 of the FAC, Defendants admit that Mr. Vargas and Ms. West purport to bring this action individually and on behalf of others and seek declaratory, injunctive, and equitable relief, statutory damages, and attorneys' fees and costs, but deny that: any class should be certified in this action; Mr. Vargas or Ms. West, or any putative class members are entitled to such relief and or any other relief; and  Defendants violated the Americans with Disabilities Act ("ADA"), the Unruh Civil Rights Act ("Unruh Act"), Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a) (the "Rehabilitation Act") or the Disabled Persons Act ("DPA"). Except as expressly admitted, Defendants deny all of the remaining allegations in this paragraph.

4.      Answering paragraph 4 of the FAC, Defendants state that the allegations regarding a "Check-in System," which is undefined, are so vague and ambiguous as to render them incapable of admission or denial, and on that basis Defendants deny all such allegations.  Defendants deny that: Quest Diagnostics

1

DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

patient service centers are inaccessible to blind or persons with visual impairments persons; patients must use the kiosk in order to announce their arrival or sign-in for appointments; and Mr. Vargas, Ms. West, and members of ACB were denied full and equal access to Quest Diagnostics patient service centers they allege to have visited. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, and on that basis deny all such allegations.

5.      Answering paragraph 5 of the FAC, Defendants deny all of the allegations in this paragraph.

6.      Answering paragraph 6 of the FAC, Defendants state that the allegations regarding a "Check-in System," which is undefined, are so vague and ambiguous as to render them incapable of admission or denial, and on that basis Defendants deny such allegations.  Defendants deny all of the remaining allegations in this paragraph.

7.      Answering paragraph 7 of the FAC, Defendants state that the allegations regarding a "Check-in System," which is undefined, are so vague and ambiguous as to render them incapable of admission or denial, and on that basis Defendants deny such allegations.  Defendants deny all of the remaining allegations in this paragraph.

8.      Answering paragraph 8 of the FAC, Defendants deny all of the allegations in this paragraph.

9.      Answering paragraph 9 of the FAC, Defendants deny all of the allegations in this paragraph, including that Defendants discriminated against blind and visually impaired persons.

10.     Answering paragraph 10 of the FAC, the allegations in this paragraph merely state legal conclusions that require no response.

11.     Answering paragraph 11 of the FAC, including subsections (a)-(b) of paragraph 11, Defendants admit that Plaintiffs are seeking injunctive relief under the ADA and the Unruh Act, but deny that Plaintiffs are entitled to the relief described in

this paragraph and its subsections or any other relief.  Except as expressly admitted, Defendants deny all of the remaining allegations in this paragraph.

12.     Answering paragraph 12 of the FAC, Defendants admit that Plaintiffs purport to assert claims for injunctive relief as a nationwide class claim under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), but deny that any class should be certified in this action and deny that Plaintiffs or any putative class members are entitled to such injunctive relief or any other relief.  The second and third sentences of this paragraph merely state legal conclusions that require no response.  Except as expressly admitted, Defendants deny all of the remaining allegations in this paragraph.

13.     Answering paragraph 13 of the FAC, Defendants admit that plaintiff Julian Vargas purports to assert claims for statutory damages as a California statewide class claim under Rule 23, but deny that any class should be certified in this action and deny that Mr. Vargas or any putative class member is entitled to statutory damages or any other relief.

## ANSWER TO PARTY ALLEGATIONS

14.     Answering paragraph 14 of the FAC, Defendants admit that ACB purports to bring this action in an associational capacity on behalf of its blind and visually impaired members, but deny that ACB has standing bring this action on behalf of its members, that ACB members have been or will continue to be denied full and equal enjoyment of Defendants' goods and services, and that the alleged barriers to accessibility exist at the Quest Diagnostics patient service centers. Defendants lack knowledge or information to admit or deny the remaining allegations in this paragraph, and on that basis deny all such allegations.

15.     Answering paragraph 15 of the FAC, Defendants lack knowledge or information to admit or deny the allegations in this paragraph, and on that basis deny all such allegations.

\ \ \

16.     Answering paragraph 16 of the FAC, Defendants lack knowledge or information to admit or deny the allegations in this paragraph, and on that basis deny all such allegations.

17.     Answering paragraph 17 of the FAC, Defendants lack knowledge or information to admit or deny the allegations in this paragraph, and on that basis deny all such allegations.  Plaintiffs' statements regarding the ADA, the ADA regulations, the Unruh Act, and the Disabled Persons Act ("DPA"), which speak for themselves, consist of legal conclusions that do not require a response.

18.     Answering paragraph 18 of the FAC, Defendants admit that defendant Quest Diagnostics Clinical Laboratories, Inc. ("QDCL") is a Delaware corporation that is a wholly owned subsidiary of defendant Quest Diagnostics Holdings Incorporated ("QDHI").  Plaintiffs' allegations regarding QDCL's business history in California are vague and ambiguous and not subject to admission or denial. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph.

19.     Answering paragraph 19 of the FAC, Defendants admit that QDHI is a Delaware corporation that is a wholly owned subsidiary of defendant Quest Diagnostics Incorporated ("QDI"). Except as expressly admitted, Defendants deny the remaining allegations in this paragraph.

20.     Answering paragraph 20 of the FAC, Defendants admit that QDI is a Delaware corporation and that the corporate headquarters for QDI, QDCL and QDHI are located in Secaucus, New Jersey.  The allegations regarding QDI's business history in California are vague and ambiguous and not subject to admission or denial. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph.

21.     Answering paragraph 21 of the FAC, Defendants admit that certain of the Defendants own and/or operate facilities in the United States, including patient service centers that provide diagnostic testing services.  Defendants state that the

42975260_1.docx

website pages quoted and referenced by Plaintiffs in this paragraph speak for themselves and on that basis deny all of the allegations describing the contents of such website pages.  Except as expressly admitted, Defendants deny the remaining allegations in this paragraph.

22.     Answering paragraph 22 of the FAC, Defendants deny that the alleged barriers to accessibility exist at Quest Diagnostics patient service centers. Defendants lack knowledge or information to admit or deny the remaining allegations in this paragraph, and on that basis deny all such allegations.

23.     Answering paragraph 23 of the FAC, Defendants admit that portions of the patient service centers are open to the public and that those portions are subject to certain requirements in the ADA, Unruh Act and DPA.  Defendants also admit that certain Defendants receive reimbursements from the federal government for services provided to patients insured by the federal government to receive those services. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph.

24.     Answering paragraph 24 of the FAC, Defendants lack knowledge or information to admit or deny the allegations in this paragraph, and on that basis deny all such allegations.

25.     Answering paragraph 25 of the FAC, Defendants deny all of the allegations in this paragraph.

**ANSWER TO FACTUAL BACKGROUND: THE INDIVIDUAL PLAINTIFFS AND MEMBERS OF ACB HAVE BEEN DENIED FULL AND EQUAL ACCESS TO DEFENDANTS' FACILITIES**

26.     Answering paragraph 26 of the FAC, Defendants admit that the certain patient service centers utilize kiosks that patients may use to sign in.  Defendants deny that Mr. Vargas was required to use the kiosk, was subjected to discrimination and that it was by chance that Mr. Vargas was assisted by staff at the patient service center.  Defendants lack knowledge or information to admit or deny the remaining

allegations in this paragraph concerning Mr. Vargas' alleged visit to, and experiences at, the patient service center located at 4849 Van Nuys Boulevard, Sherman Oaks, California, and on that basis deny all such allegations. Except as expressly admitted, Defendants deny all of the remaining allegations in this paragraph.

27.     Answering paragraph 27 of the FAC, Defendants admit that certain patient service centers utilize kiosks that patients may use to sign in. Defendants deny that Ms. West was required to use the kiosk and that she was subjected to discrimination. Defendants lack knowledge or information to admit or deny the remaining allegations in this paragraph, including the allegations regarding Ms. West's alleged visits to, and experiences at, the patient service centers located at 365 Queen Street, Unit C, Southington, Connecticut and at 183 North Mountain Road, New Britain, Connecticut, and on that basis deny all such allegations.

28.     Answering paragraph 28 of the FAC, Defendants respond that the allegations are so vague and ambiguous that they are not capable of admission or denial, and on that basis deny all such allegations.

29.     Answering paragraph 29 of the FAC, Defendants admit that certain patient service centers utilize kiosks that patients may use to sign in. Defendants lack knowledge or information to admit or deny the remaining allegations in this paragraph, including the allegations regarding ACB member Robin Rehder's patronage history and alleged visits to, and experiences at, the patient service center located at 210 North Boulder Highway, Henderson, Nevada 89015, and on that basis deny all such allegations.

30.     Answering paragraph 30 of the FAC, Defendants admit that certain patient service centers utilize kiosks that patients may use to sign in. Defendants lack knowledge or information to admit or deny the remaining allegations in this paragraph, including the allegations regarding ACB member Mary Haroyan's patronage history and alleged visits to, and experiences at, the patient service center

located at 1 West Boylston Worcester, Massachusetts 01606, and on that basis deny all such allegations.

31.     Answering paragraph 31 of the FAC, Defendants admit that certain patient service centers utilize kiosks that patients may use to sign in.  Defendants lack knowledge or information to admit or deny the remaining allegations in this paragraph, including the allegations regarding ACB member Nona Haroyan's patronage history and alleged visits to, and experiences at, the patient service center located at 1 West Boylston Worcester, Massachusetts 01606, and on that basis deny all such allegations.

32.     Answering paragraph 32 of the FAC, Defendants admit that patients may use the Quest Diagnostics website to schedule appointments at Quest Diagnostics patient service centers, but deny that the website is inaccessible to persons who are blind or visually impaired. Defendants lack knowledge or information to admit or deny the remaining allegations in this paragraph, including the allegations regarding Ms. Haroyan's alleged visits to, and experiences on the Quest Diagnostics website, and on that basis deny all such allegations.

33.     Answering paragraph 33 of the FAC, Defendants admit that certain patient service centers utilize kiosks that patients may use to sign in.  Defendants lack knowledge or information to admit or deny the remaining allegations in this paragraph, including the allegations regarding ACB member Kathy Lyons' patronage history and alleged visits to, and experiences at, the patient service center located at 2609 Delaware Avenue, Buffalo, New York 14216, and on that basis deny all such allegations.

34.     Answering paragraph 34 of the FAC, Defendants deny all of the allegations in this paragraph.

35.     Answering paragraph 35 of the FAC, Defendants lack knowledge or information regarding Mr. Vargas', Ms. West's, and ACB members' future intentions, residence, and insurance coverage, and on that basis deny such

allegations.  Defendants deny that Mr. Vargas, Ms. West, or ACB members were treated differently or discriminated against at the patient service centers and that the patient service centers violate the ADA, Unruh, Rehabilitation Act, DPA or any other law. Defendants further deny Plaintiffs' allegations regarding Defendants' alleged partnerships with medical institutions.  Defendants lack knowledge or information to admit or deny the remaining allegations in this paragraph, and on that basis deny all such allegations.

36.     Answering paragraph 36 of the FAC, including the heading in bold lettering above paragraph 36 at lines 13-14 of page 12 of the FAC, Defendants deny that they denied any persons with disabilities full and equal access to any facilities that they own or operate.  Plaintiffs' allegations regarding centralized policies, practices, and procedures are so vague and ambiguous that they are not capable of admission or denial.  Defendants further deny Plaintiffs' allegations regarding the contents of Defendants' SEC filings on the ground that such filings speak for themselves.  Defendants admit that kiosks available to assist patients with check-in are currently available in Quest Diagnostic patient service centers in the United States.  Except as expressly admitted, Defendants deny the remaining allegations in this paragraph.

37.     Answering paragraph 37 of the FAC, Defendants deny all of the allegations in this paragraph.

38.     Answering paragraph 38 of the FAC, Defendants deny all of the allegations in this paragraph, including that Defendants have not complied with the ADA, the Unruh Act, and the DPA.

39.     Answering paragraph 39 of the FAC, Defendants state that the allegations regarding a "Check-in System," which is undefined, are so vague and ambiguous as to render them incapable of admission or denial, and on that basis Defendants deny such allegations.  Defendants deny that the Quest Diagnostics patient service centers, including the kiosks at those patient service centers, were

inaccessible to Plaintiffs and that alleged access barriers exist at the patient service centers.  Defendants lack knowledge or information to admit or deny the remaining allegations in this paragraph, including the allegations regarding Plaintiffs' future intentions, and on that basis deny all such allegations.

40.     Answering paragraph 40 of the FAC, Defendants state that the allegations regarding a "Check-in System," which is undefined, are so vague and ambiguous as to render them incapable of admission or denial, and on that basis Defendants deny such allegations.  Defendants deny all of the remaining allegations in this paragraph.

## ANSWER TO JURISDICTION AND VENUE

41.     Answering paragraph 41 of the FAC, Defendants admit that the Court has subject matter jurisdiction over Plaintiffs' ADA claim for relief and that the Court has discretion to determine if supplemental jurisdiction should be exercised over Plaintiffs' claims for relief under the Unruh Act and the DPA.  Defendants deny that there are more than 100 putative class members and that the aggregate amount in controversy exceeds $5,000,000, exclusive of interest, fees, and costs, and on that basis deny all such allegations.  Except as expressly admitted, Defendants deny the remaining allegations in this paragraph.

42.     Answering paragraph 42 of the FAC, Defendants deny all of the allegations in this paragraph, but do not contest the existence of personal jurisdiction for purposes of this action only.

43.     Answering paragraph 43 of the FAC, Defendants admit that the events Plaintiffs allege in the FAC are said to have occurred in this judicial district, but deny that the alleged events occurred or give rise to any claims for relief.  Except as expressly admitted, Defendants deny all of the remaining allegations in this paragraph.

\ \ \

\ \ \

## ANSWER TO CLASS ALLEGATIONS

44.     Answering paragraph 44 of the FAC, Defendants admit that Mr. Vargas and Ms. West purport to assert claims individually and on behalf of others in this action, but deny that any class should be certified in this action and that Mr. Vargas, Ms. West, ACB members, or any putative class members are entitled to any relief based on any alleged claims in this action.  Except as expressly admitted, Defendants deny all of the remaining allegations in this paragraph.

45.     Answering paragraph 45 of the FAC, Defendants admit that Mr. Vargas and Ms. West purport to seek certification of a nationwide class, but deny that any class should be certified in this action.  Except as expressly admitted, Defendants deny all of the remaining allegations in this paragraph.

46.     Answering paragraph 46 of the FAC, Defendants admit that Mr. Vargas purports to seek certification of a California sub-class, but deny that any class should be certified in this action.  Except as expressly admitted, Defendants deny all of the remaining allegations in this paragraph.

47.     Answering paragraph 47 of the FAC, Defendants admit that Mr. Vargas' putative California sub-class seeks the damages it seeks, but deny that any class should be certified in this action and that Mr. Vargas or any putative class member is entitled to statutory damages or any other relief.  Except as expressly admitted, Defendants deny all of the remaining allegations in this paragraph.

48.     Answering paragraph 48 of the FAC, Defendants deny all of the allegations in this paragraph, including all of allegations in subsections A-D of this paragraph.

49.     Answering paragraph 49 of the FAC, Defendants deny all of the allegations in this paragraph.

50.     Answering paragraph 50 of the FAC, Defendants deny all of the allegations in this paragraph, including all of the allegations in subsections A, B, and B(i)-(viii) of this paragraph.

51.     Answering paragraph 51 of the FAC, Defendants deny all of the allegations in this paragraph.

### ANSWER TO FIRST CAUSE OF ACTION

52.     Answering paragraph 52 of the FAC, Defendants incorporate here their full and precise responses in this Answer to the previous paragraphs incorporated by Plaintiffs in paragraph 52 of the FAC.

53.     Answering paragraph 53 of the FAC, Defendants state that the provisions of the ADA speak for themselves, and on that basis deny all of the allegations in this paragraph to the extent they are inconsistent with those provisions.

54.     Answering paragraph 54 of the FAC, Defendants state that the provisions of the ADA speak for themselves, and on that basis deny all of the allegations in this paragraph to the extent they are inconsistent with those provisions.

55.     Answering paragraph 55 of the FAC, Defendants lack knowledge or information to admit or deny the allegations in this paragraph, and on that basis deny all such allegations.

56.     Answering paragraph 56 of the FAC, Defendants admit that certain Defendants own and/or operate patient service centers, portions of which are open to the public.  Except as expressly admitted, Defendants deny the remaining allegations in this paragraph.

57.     Answering paragraph 57 of the FAC, the allegations in this paragraph merely state legal conclusions that require no response.

58.     Answering paragraph 58 of the FAC, the allegations in this paragraph merely state legal conclusions that require no response.

59.     Answering paragraph 59 of the FAC, the allegations in this paragraph merely state legal conclusions that require no response.

60.     Answering paragraph 60 of the FAC, the allegations in this paragraph merely state legal conclusions that require no response.

61.     Answering paragraph 61 of the FAC, the allegations in this paragraph merely state legal conclusions that require no response.

62.     Answering paragraph 62 of the FAC, the allegations in this paragraph merely state legal conclusions that require no response.

63.     Answering paragraph 63 of the FAC, the allegations in this paragraph merely state legal conclusions that require no response.

64.     Answering paragraph 64 of the FAC, Defendants deny all of the allegations in this paragraph.

65.     Answering paragraph 65 of the FAC, Defendants deny all of the allegations in this paragraph.

66.     Answering paragraph 66 of the FAC, Defendants state that the allegations regarding a "Check-in System," which is undefined, are so vague and ambiguous as to render them incapable of admission or denial, and on that basis Defendants deny such allegations.  Defendants deny all of the remaining allegations in this paragraph.

67.     Answering paragraph 67 of the FAC, Defendants deny all of the allegations in this paragraph.

68.     Answering paragraph 68 of the FAC, Defendants state that the allegations regarding a "Check-in System," which is undefined, are so vague and ambiguous as to render them incapable of admission or denial, and on that basis Defendants deny such allegations.  Defendants deny all of the allegations in this paragraph, including that the kiosks at the patient service centers are not accessible to the blind and those with visual impairments.

69.     Answering paragraph 69 of the FAC, Defendants deny all of the allegations in this paragraph.

70.     Answering paragraph 70 of the FAC, Defendants deny all of the allegations in this paragraph.

\ \ \

## ANSWER TO SECOND CAUSE OF ACTION

71.    Answering paragraph 71 of the FAC, Defendants incorporate here their full and precise responses in this Answer to the previous paragraphs incorporated by Plaintiffs in paragraph 71 of the FAC.

72.    Answering paragraph 72 of the FAC, the allegations in this paragraph merely state legal conclusions that require no response.

73.    Answering paragraph 73 of the FAC, Defendants admit that certain Defendants own or operate patient service centers, portions of which are open to the public.  Except as expressly admitted, Defendants deny the remaining allegations in this paragraph.

74.    Answering paragraph 74 of the FAC, Defendants admit that kiosks are made available to patients at some of the patient service centers, but deny that Defendants violated the Unruh Act and that the kiosks deny equal access to the blind or those with visual impairments.  Plaintiffs' allegations regarding Defendants' revenue are so vague and ambiguous as to render them incapable of admission or denial, and on that basis Defendants deny such allegations.  Except as expressly admitted, Defendants deny all of the remaining allegations in this paragraph.

75.    Answering paragraph 75 of the FAC, Defendants deny all of the allegations in this paragraph.

76.    Answering paragraph 76 of the FAC, Defendants deny all of the allegations in this paragraph.

77.    Answering paragraph 77 of the FAC, Defendants deny all of the allegations in this paragraph.

78.    Answering paragraph 78 of the FAC, Defendants deny all of the allegations in this paragraph.

/ / /

/ / /

/ / /

## ANSWER TO THIRD CAUSE OF ACTION

79.     Answering paragraph 79 of the FAC, Defendants incorporate here their full and precise responses in this Answer to the previous paragraphs incorporated by Plaintiffs in paragraph 79 of the FAC.

80.     Answering paragraph 80 of the FAC, the first sentence of this paragraph merely states legal conclusions that require no response by Defendants.  Defendants admit that portions of the patient service centers are open to the public, but deny that the services of the patient service centers are inaccessible to blind and visually impaired persons.  Except as expressly admitted, Defendants deny the remaining allegations in this paragraph.

81.     Answering paragraph 81 of the FAC, Defendants admit that portions of the patient service centers are open to the public.  Except as expressly admitted, Defendants deny the remaining allegations in this paragraph.

82.     Answering paragraph 82 of the FAC, Defendants deny all of the allegations in this paragraph.

83.     Answering paragraph 83 of the FAC, Defendants deny all of the allegations in this paragraph.

84.     Answering paragraph 84 of the FAC, Defendants deny all of the allegations in this paragraph.

## ANSWER TO FOURTH CAUSE OF ACTION

85.     Answering paragraph 85 of the FAC, Defendants incorporate here their full and precise responses in this Answer to the previous paragraphs incorporated by Plaintiffs in paragraph 85 of the FAC.

86.     Answering paragraph 86 of the FAC, Defendants lack knowledge or information to admit or deny the allegations in this paragraph, and on that basis deny all such allegations.

87.     Answering paragraph 87 of the FAC, Defendants admit that certain Defendants receive reimbursements from the federal government for services

provided to patients insured by the federal government to receive those services. Except as expressly admitted, Defendants deny all of the allegations in this paragraph.

88.     Answering paragraph 88 of the FAC, Defendants state that the provisions of the Rehabilitation Act and its regulations speak for themselves, and on that basis deny all of the allegations in this paragraph to the extent they are inconsistent with those provisions.

89.     Answering paragraph 89 of the FAC, Defendants state that the provisions of the Rehabilitation Act regulations speak for themselves, and on that basis deny all of the allegations in this paragraph to the extent they are inconsistent with those provisions.

90.     Answering paragraph 90 of the FAC, Defendants state that the provisions of the Rehabilitation Act regulations speak for themselves, and on that basis deny all of the allegations in this paragraph to the extent they are inconsistent with those provisions.

91.     Answering paragraph 91 of the FAC, Defendants admit that certain Defendants receive reimbursements from the federal government for services provided to patients insured by the federal government to receive those services. Except as expressly admitted, Defendants deny all of the allegations in this paragraph.

92.     Answering paragraph 92 of the FAC, Defendants state that the allegations regarding a "Check-in System," which is undefined, are so vague and ambiguous as to render them incapable of admission or denial, and on that basis Defendants deny such allegations.  Defendants deny all of the remaining allegations in this paragraph.

93.     Answering paragraph 93 of the FAC, Defendants deny all of the allegations in this paragraph.

94.     Answering paragraph 94 of the FAC, Defendants deny all of the allegations in this paragraph.

### ANSWER TO PRAYER FOR RELIEF

95.     Answering paragraphs a. through k. of Plaintiffs' Prayer for Relief, Defendants deny that Plaintiffs are entitled to any of the relief requested in these paragraphs or any other relief.

### GENERAL DENIAL

All other allegations not specifically admitted are denied.

### ADDITIONAL AND SEPARATE DEFENSES

Defendants assert each of the following additional and separate defenses listed below.  Defendants reserve the right to amend, correct and/or withdraw any of their additional and separate defenses.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Relief)

The FAC and each claim for relief alleged in the FAC fail to state facts sufficient to constitute a claim for relief.

### SECOND AFFIRMATIVE DEFENSE

### (Mootness)

The FAC and each claim for relief alleged in the FAC are barred by the doctrine of mootness to the extent that the denial of equal access to Defendants' services alleged in the FAC, if any, have been or will have been remediated before the time that this action is finally adjudicated.

### THIRD AFFIRMATIVE DEFENSE

### (Lack of Supplemental Jurisdiction)

This Court will lack supplemental jurisdiction over the state law claims alleged in the FAC in the event that the federal law claims for relief are dismissed, deemed moot or are otherwise no longer at issue.

\ \ \

42975260_1.docx

## FOURTH AFFIRMATIVE DEFENSE

### (Standing)

Plaintiffs and the members of the putative class are not entitled to the injunctive relief they seek because they lack standing to seek or receive such relief.

## FIFTH AFFIRMATIVE DEFENSE

### (Standing – Associational Standing)

Plaintiff ACB lacks standing to bring suit on behalf of its members.

## SIXTH AFFIRMATIVE DEFENSE

### (Standing – Class Action)

Plaintiffs are each barred and/or estopped from serving as a class representative in this case due to lack of standing.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Request For Modification or Auxiliary Aid or Service)

Plaintiffs' claims are barred because Plaintiffs and ACB members failed to request a reasonable modification of policies, practices or procedures and/or Plaintiffs and ACB members failed to request an auxiliary aid or service.

## EIGHTH AFFIRMATIVE DEFENSE

### (Equivalent Service)

The FAC and each claim for relief alleged in the FAC are barred to the extent that, with respect to any particular element of Defendants' services that departs from applicable standards, Defendants have provided  an "equivalent service" in the form of alternative designs, practices, and technologies that provide substantially equivalent or greater access to and usability of Defendants' services.

## NINTH AFFIRMATIVE DEFENSE

### (Fundamental Alteration)

Plaintiffs' claims in the FAC are barred on the ground and to the extent that they complain of policies, practices and procedures, or the absence of auxiliary aids and services, without which there would be a fundamental alteration of the nature of

the goods, services, facilities, privileges, advantages, or accommodations to which Plaintiffs claim a lack of equal access.

## TENTH AFFIRMATIVE DEFENSE

### (Undue Burden)

Plaintiffs' claims in the FAC are barred on the ground and to the extent that they complain of a failure to take steps to ensure that Plaintiffs are not denied equal access to goods, services, facilities, privileges, advantages, or accommodations because the taking of such steps would result in an undue financial and/or administrative burden.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unreasonable Modification)

Plaintiffs' claims are barred on the ground and to the extent that the modifications to Defendants' policies, practices and procedures sought do not constitute reasonable modifications under any pertinent statute or regulation, including 42 U.S.C. § 12182(b)(2)(A)(ii).

## TWELFTH AFFIRMATIVE DEFENSE

### (*De Minimis* Violation)

The FAC and each claim for relief alleged in the FAC are barred because the claimed violations are *de minimis* and non-actionable because they do not materially impair Plaintiffs' or the putative class members' use of the patient service centers.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Denial of Access)

The FAC and each claim for relief alleged in the FAC are barred because Defendants did not deny or interfere with Plaintiffs' and ACB members' access, or the access of any member of the purported class, to the goods and/or services provided by Defendants.

\ \ \

\ \ \

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

The FAC and all purported claims for relief alleged in the FAC fail because Plaintiffs have waived any right to recovery by taking actions that are inconsistent with the ownership and exercise of the rights claimed in the FAC.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

To the extent Plaintiffs, ACB members, or members of the alleged class experienced any damages as a proximate result of Defendants' alleged actions or omissions, which Defendants deny, they have failed to mitigate or to reasonably attempt to mitigate their damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The FAC, and all purported claims for relief alleged in the FAC, are barred by the doctrine of unclean hands by reason of Plaintiffs' and the putative class members' conduct and actions.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

The FAC and each claim for relief alleged in the FAC are barred because Plaintiffs and ACB members are estopped by their own conduct to claim any right to damages or any relief against Defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

At all times relevant to this suit, Defendants' actions were taken in good faith and they had reasonable grounds for believing those actions did not violate of any law.

\ \ \

\ \ \

\ \ \

## NINETEENTH AFFIRMATIVE DEFENSE

### (Excuse, Exemption, Justification)

The FAC and all purported claims for relief alleged in the FAC are barred to the extent the alleged violations of law are excused, exempted, or justified under the statutes or regulations under which Plaintiffs have sued.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Third Party)

The FAC and all purported claims for relief alleged in the FAC are barred in whole or in part because the injury or injuries of Plaintiffs, ACB's members, and the putative class members, if any, was/were caused by third parties acting outside the scope of agency, employment or control of Defendants.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The FAC and all purported claims for relief alleged in the FAC are barred to the extent that they rely on events that occurred before the period captured by the running of the applicable statute of limitations.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Due Process/Class Certification)

Certification of this case as a class action is improper because an adjudication of Plaintiffs' and the putative class members' claims would require a trial where individual issues predominate over common issues; consequently, Defendants would be deprived of their due process rights under the United States Constitution.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Applicability of Unruh Civil Rights Act, Disabled Persons Act)

Plaintiffs' claims under the Unruh Civil Rights Act and Disabled Persons Act are barred to the extent that they are asserted against any patient service center that is not located within the state of California.

\ \ \

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Class Certification – Unruh Civil Rights Act and Disabled Persons Act Claims)

Plaintiffs' claims under the Unruh Civil Rights Act and the Disabled Persons Act cannot be certified for class treatment because, among other things, the vast majority of the patient service centers that are the subject of this action are not covered by the Unruh Civil Rights Act or Disabled Persons Act.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Indispensable Party)

Plaintiffs' claims are barred to the extent that Plaintiffs have failed to name an indispensable party that operates and controls the circumstances that are alleged in the FAC, without which the injunctive relief cannot be had.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Third Party Responsible)

Plaintiffs' claims are barred to the extent that Defendants do not operate or control certain elements or features of the patient service centers and do not have the right to provide the injunctive relief sought in the FAC.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Conditional Assertion of Defenses)

Although Plaintiffs are not similarly-situated to other members of the putative class alleged in the FAC, should such other individuals be joined as members of a certified class, Defendants assert the full application of the separate defenses set forth in this Answer as to those persons.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants pray as follows:

1. That the Court deny any requests by Plaintiffs and/or putative class members to certify this action as a class action;

2. That Plaintiffs and/or the putative class members take nothing by way of his FAC;

3.      That the FAC be dismissed in its entirety, with prejudice;

4.      For entry of judgment in favor of Defendants, and against Plaintiffs, on all claims for relief asserted in the FAC;

5.      That Defendants be awarded costs of suit in this action;

6.      That Defendants be awarded reasonable attorneys' fees incurred in defending this suit, as determined by the Court;

7.      That Plaintiffs' request for certification of a class and any subclass be denied in full; and

8.      For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

DATED: June 5, 2020                          OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By:  /s/ David Raizman
        David Raizman
        Amber L. Roller
        J. Nicholas Marfori

Attorneys for Defendants
Quest Diagnostics Clinical Laboratories, Inc., Quest Diagnostics Holdings, Inc., and Quest Diagnostics Incorporated

42975260.1

DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

42975260_1.docx