OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
DAVID RAIZMAN, CA Bar No. 129407
david.raizman@ogletree.com
AMBER L. ROLLER, CA Bar No. 273354
amber.roller@ogletree.com
J. NICHOLAS MARFORI, CA Bar No. 311765
nicholas.marfori@ogletree.com
400 South Hope Street, Suite 1200
Los Angeles, California  90071
Telephone:   213-239-9800
Facsimile:    213-239-9045

Attorneys for Defendants
QUEST DIAGNOSTICS CLINICAL
LABORATORIES, INC.; QUEST
DIAGNOSTICS HOLDINGS, INC. and
QUEST DIAGNOSTICS INCORPORATED

***Counsel for Plaintiffs Listed on Next Page***

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN VARGAS, ANNE WEST and AMERICAN COUNCIL OF THE BLIND, individually on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC., QUEST DIAGNOSTICS HOLDINGS, INC., QUEST DIAGNOSTICS INCORPORATED; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:19-cv-08108 DMG (MRWx)<br><br>**CLAWBACK AND PRESUMPTIVELY PRIVILEGED PROTOCOL STIPULATION AND ORDER PURSUANT TO FRE 502(D) AND (E)**<br><br>Complaint Filed: September 18, 2019<br>Trial Date:     January 11, 2022<br>District Judge:   Hon. Dolly M. Gee<br>             Courtroom 8C, First St.<br>Magistrate Judge: Hon. Michael R. Wilner<br>             Courtroom 550, Roybal |

1  Jonathan D. Miller (Bar No. 220848)
   jonathan@nshmlaw.com
2  Alison M. Bernal (Bar No. 264629)
   alison@nshmlaw.com
3  NYE, STIRLING, HALE & MILLER, LLP
   33 West Mission Street, Suite 201
4  Santa Barbara, CA 93101
   Telephone: (805) 963-2345
5  Facsimile: (805) 284-9590

6  Benjamin J. Sweet
   *(admission pro hac vice)*
7  ben@nshmlaw.com
   NYE, STIRLING, HALE & MILLER, LLP
8  1145 Bower Hill Road, Suite 104
   Pittsburgh, PA 15243
9  Telephone: (412) 857-5350

10 Matthew K. Handley
   *(admitted pro hac vice)*
11 mhandley@hfajustice.com
   HANDLEY FARAH & ANDERSON PLLC
12 777 6th St. NW
   Washington, DC 20001
13 Telephone: (202) 559-2411

14 Attorneys for Plaintiffs
   JULIAN VARGAS, ANNE WEST, AND
15 AMERICAN COUNCIL OF THE BLIND

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLAWBACK AND PRESUMPTIVELY PRIVILEGED PROTOCOL STIPULATION AND ORDER PURSUANT TO FRE 502(D) AND (E)**

Plaintiffs Julian Vargas, Anne West and American Council Of The Blind ("Plaintiffs"), on behalf of themselves and on behalf of any others they may represent as either a class representative or as a membership organization, and defendants Quest Diagnostics Clinical Laboratories, Inc., Quest Diagnostics Holdings, Inc. and Quest Diagnostics Incorporated ("Defendants"; collectively with Plaintiffs, "the parties"), by and through their counsel of record, hereby stipulate to protect certain privileged and otherwise protected documents and electronically stored information (collectively, "document" or "documents") against claims of waiver in the event they are inadvertently produced during the course of this litigation whether pursuant to a Court Order, a party's discovery request, or informal production.

Both parties may be required to produce large volumes of documents and, to comply with discovery deadlines in the case, wish to complete discovery as expeditiously as possible, while preserving and without waiving any evidentiary protections or privileges applicable to the information contained in the documents produced, including as against third parties and other federal and state proceedings. Accordingly, the parties hereby stipulate to, and the Court hereby Orders pursuant to Federal Rules of Civil Procedure 502(d) and (e), as follows:

1. The inadvertent production of any document in this action shall be without prejudice to any claim that such material is protected by any legally cognizable privilege or evidentiary protection including, but not limited to the attorney-client privilege, or the work product doctrine, and no party shall be held to have waived any rights by such inadvertent production.

2. If any document produced by another party is on its face subject to a legally recognizable privilege or evidentiary protection, the receiving party shall: (a) refrain from reading the document any more closely than is necessary to ascertain that it is privileged; (b) immediately notify the producing party in writing that it has

discovered documents believed to be privileged or protected; (c) specifically identify the documents by Bates number range or hash value range; and, (d) where possible, return, sequester, or destroy all copies of such documents, along with any notes, abstracts or compilations of the content of such documents, within five (5) days of discovery by the receiving party. Where such documents cannot be destroyed or separated, it shall not be reviewed, disclosed, or otherwise used by the receiving party. Notwithstanding this prohibition, the receiving party is under no obligation to search or review the producing party's documents to identify potentially privileged or work product protected documents.

3.     Upon written notice of an unintentional production by the producing party or oral notice if notice is delivered on the record at a deposition, the receiving party must promptly return or destroy the specified document and any hard copies the receiving party has and may not use or disclose the information until the privilege claim has been resolved. The producing party shall also provide an updated privilege log for such documents setting forth the author, recipient(s), subject matter of the document, along with the basis for the claim of privilege or evidentiary protection, as well as any portion of the document that does not contain privileged or protected information. To the extent that the producing party insists on the return or destruction of electronic copies, rather than disabling the documents from further use or otherwise rendering them inaccessible to the receiving party, the producing party shall bear the costs of the return or destruction of such electronic copies.

4.     To the extent that the information contained in a document subject to a claim has already been used in or described in other documents generated or maintained by the receiving party, then the receiving party will sequester such documents until the claim has been resolved. If the receiving party disclosed the specified documents before being notified of its inadvertent production, it must take reasonable steps to retrieve it. The producing party shall preserve the specified documents until the claim is resolved.

2                          Case No. 2:19-cv-08108 DMG (MRWx)

5.      The receiving party shall have five (5) days from receipt of notification of the inadvertent production to determine in good faith whether to contest such claim and to notify the producing party in writing of an objection to the claim of privilege and the grounds for that objection.

6.      The receiving party's return, sequestering, or destruction of such privileged or protected documents as provided in this Stipulation and Order will not act as a waiver of the requesting party's right to move for the production of the returned, sequestered, or destroyed documents on the grounds that the documents are not in fact subject to a viable claim of privilege or protection. However, the receiving party is prohibited and estopped from arguing that the production of the documents in this matter acts as a waiver of an applicable privilege or evidentiary protection, that the disclosure of the documents was not inadvertent, that the producing party did not take reasonable steps to prevent the disclosure of the privileged documents or that the producing party failed to take reasonable steps to rectify the error as set forth in Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure. The producing party need make no showing with respect to measures taken to prevent the inadvertent production of the documents in question in order to be entitled to their return.

7.      Either party may submit the specified documents to the Court under seal for a determination of the claim and will provide the Court with the grounds for the asserted privilege or protection. Pending the Court's determination of the claim, the receiving party may not use the documents for any purpose absent this Court's Order. Any party may request expedited treatment of any request for the Court's determination of the claim.

8.      Upon a determination by the Court that the specified documents are protected by the applicable privilege or evidentiary protection, and if the specified documents have been sequestered rather than returned or destroyed, the specified documents shall be returned or destroyed.

9.      Except as explicitly stated above, this Stipulation and Order does not

3

1  impact the application of the parties' stipulated protective order previously entered by

2  the Court in this action. (Dkt. 60.)

3        IT IS SO STIPULATED.

4                                    Respectfully submitted,

5  DATED:___March 2___, 2021        NYE, STIRLING, HALE & MILLER, LLP

6

7

8                                    By: /s/ *Alison M. Bernal*_____
                                         Jonathan D. Miller
9                                        Alison M. Bernal
                                         Benjamin J. Sweet
10

11 DATED:___March 2___, 2021        HANDLEY FARAH & ANDERSON PLLC

12

13

14                                   By: /s/ *Matthew K. Handley*_____
                                         Matthew K. Handley
15

16 DATED:___March 2___, 2021        OGLETREE DEAKINS NASH SMOAK
                                    & STEWART, P.C.
17

18

19                                   By: /s/ *David Raizman*_____
                                         David Raizman
20                                       Amber L. Roller
                                         J. Nicholas Marfori
21

22 IT IS SO ORDERED.

23 Date:  March 9, 2021

24 _____

25 Hon. Magistrate Judge Michael R. Wilner

26                                              46218814.1

27

28

Clawback Proposed
Order docx

CLAWBACK AND PRESUMPTIVELY PRIVILEGED PROTOCOL STIPULATION
AND FRE 502(D) AND (E) ORDER