OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
DAVID RAIZMAN, CA Bar No. 129407
david.raizman@ogletree.com
AMBER L. ROLLER, CA Bar No. 273354
amber.roller@ogletree.com
J. NICHOLAS MARFORI, CA Bar No. 311765
nicholas.marfori@ogletree.com
400 South Hope Street, Suite 1200
Los Angeles, California 90071
Telephone: 213-239-9800
Facsimile: 213-239-9045

Attorneys for Defendants
QUEST DIAGNOSTICS CLINICAL
LABORATORIES, INC.; QUEST
DIAGNOSTICS HOLDINGS, INC. and
QUEST DIAGNOSTICS INCORPORATED

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JULIAN VARGAS, ANNE WEST and AMERICAN COUNCIL OF THE BLIND, individually on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC., QUEST DIAGNOSTICS HOLDINGS, INC., QUEST DIAGNOSTICS INCORPORATED; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:19-cv-08108 DMG (MRWx)<br><br>**NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT**<br><br>[Filed concurrently with Memorandum of Points and Authorities; Statement of Uncontroverted Facts and Conclusions of Law; Appendix of Evidence; [Proposed] Order; and [Proposed] Judgment]<br><br>Date: October 8, 2021<br>Time: 2:00 p.m.<br>Place: Courtroom 8C<br><br>Complaint Filed: September 18, 2019<br>Trial Date: January 11, 2022<br>District Judge: Hon. Dolly M. Gee<br>Courtroom 8C, First St.<br>Magistrate Judge: Hon. Michael R. Wilner<br>Courtroom 550, Roybal |

48453821_1.docx

Case No. 2:19-cv-08108 DMG (MRWx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFS.' MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT

PLEASE TAKE NOTICE that, on October 8, 2021, at 2:00 p.m., or as soon after that as the Court may hear the matter, in Courtroom 8C of the United States District Court for the Central District of California, 350 West First Street, Los Angeles, California 90012, defendants Quest Diagnostics Clinical Laboratories, Inc.; Quest Diagnostics Holdings, Inc. and Quest Diagnostics Incorporated ("Defendants") will and hereby do move the Court for an order pursuant to Rule 56 of the Federal Rules of Civil Procedure granting summary judgment in their favor and against plaintiffs Julian Vargas and American Council of the Blind ("Plaintiffs") on the ground that there is no genuine dispute as to any material fact and Defendants are entitled to judgment as a matter of law.

In the alternative, Defendants will and hereby do move for an order granting partial summary judgment on any one or more of the following issues:  (1) Plaintiffs' First Claim for Relief under the Americans with Disabilities Act ("ADA") should be dismissed with prejudice; (2) Plaintiffs' Second Claim for Relief under the Unruh Civil Rights Act (the "Unruh Act") should be dismissed with prejudice; (3) Plaintiffs' Third Claim for Relief under the California Disabled Persons Act ("DPA") should be dismissed with prejudice; (4) Plaintiffs' Fourth Claim for Relief under the Rehabilitation Act should be dismissed with prejudice; (5) the obligation to provide "effective communication" under Title III of the ADA permits a place of public accommodation to provide the auxiliary aid or service of its choosing provided that the aid or service provides "effective communication" within the meaning of the ADA and its regulations; (6) the provision of phlebotomist assistance to check in at Quest patient service centers, combined with the provision of the "Three Finger Swipe" enhancement (further defined in these moving papers), provides "effective communication" within the meaning of 28 C.F.R. § 36.303; (7) Section 504 of the Rehabilitation Act does not extend the "primary consideration" obligation found in 28 C.F.R. § 35.160(b)(2) ("primary consideration") to recipients of federal financial assistance;  (8) even if the Rehabilitation Act generally imposes

primary consideration requirements upon recipients of federal financial assistance, such requirements by definition do not apply to Defendants' development of a single, enterprise-wide, check-in technology for its millions of patients at its patient service centers; (9) even if the Rehabilitation Act requires primary consideration, it does not apply to the initial version of the Kiosk deployed by the Defendants, given that there is no dispute that Defendants did not receive (and could not have received) a request for an auxiliary aid or service related to Kiosks before the Kiosks were even deployed; (10) even if the Rehabilitation Act requires primary consideration, Defendants satisfied the primary consideration standard in their development of the Three Finger Swipe enhancement based on feedback provided by plaintiff American Council of the Blind and by groups of blind individuals and their advocates; (11) Plaintiffs cannot satisfy the intentional discrimination requirement to prove a violation of Section 51(b) of the California Civil Code; (12) Plaintiffs' claims under the Unruh Act and DPA fail to the extent they rely on Plaintiffs' failed ADA claim; (13) Plaintiff Julian Vargas lacks standing to seek injunctive relief; (14) Plaintiff American Council of the Blind lacks standing to seek injunctive relief; and/or (15) Plaintiffs' claims for injunctive relief under each of their four claims for relief should be dismissed with prejudice as moot.

      This motion for summary judgment (including the alternative motion for partial summary judgment) is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the accompanying Declarations of Taylor Carr, Christopher Grant, David Raizman, Jody Reilly, and Marc Yarrison, the exhibits to those Declarations, the Appendix of Evidence, the arguments of counsel at the hearing on this matter, and any other matters submitted to and considered by the Court before, during or after the hearing on this motion.

\ \ \

\ \ \

\ \ \

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on August 26, 2021.

Respectfully submitted,

DATED: September 3, 2021

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ David Raizman
David Raizman
Amber L. Roller
J. Nicholas Marfori

Attorneys for Defendants
QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC.; QUEST DIAGNOSTICS HOLDINGS, INC. and QUEST DIAGNOSTICS INCORPORATED

48453821.1

48453821_1.docx

3   Case No. 2:19-cv-08108 DMG (MRWx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFS.' MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT