OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
DAVID RAIZMAN, CA Bar No. 129407
david.raizman@ogletree.com
AMBER L. ROLLER, CA Bar No. 273354
amber.roller@ogletree.com
J. NICHOLAS MARFORI, CA Bar No. 311765
nicholas.marfori@ogletree.com
400 South Hope Street, Suite 1200
Los Angeles, California 90071
Telephone: 213-239-9800
Facsimile: 213-239-9045

Attorneys for Defendants
QUEST DIAGNOSTICS CLINICAL
LABORATORIES, INC.; QUEST
DIAGNOSTICS HOLDINGS, INC. and
QUEST DIAGNOSTICS INCORPORATED

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JULIAN VARGAS, ANNE WEST and AMERICAN COUNCIL OF THE BLIND, individually on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC., QUEST DIAGNOSTICS HOLDINGS, INC., QUEST DIAGNOSTICS INCORPORATED; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:19-cv-08108 DMG (MRWx)<br><br>**APPENDIX OF EVIDENCE IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT**<br><br>[Filed concurrently with Notice of Motion and Motion for Summary Judgment; Memorandum of Points and Authorities; Statement of Uncontroverted Facts and Conclusions of Law; [Proposed] Order; and [Proposed] Judgment]<br><br>Date: October 8, 2021<br>Time: 2:00 p.m.<br>Place: Courtroom 8C<br><br>Complaint Filed: September 18, 2019<br>Trial Date: January 11, 2022<br>District Judge: Hon. Dolly M. Gee<br>  Courtroom 8C, First St.<br>Magistrate Judge: Hon. Michael R. Wilner<br>  Courtroom 550, Roybal |

48447684_1.docx

Case No. 2:19-cv-08108 DMG (MRWx)
APPENDIX OF EVIDENCE IN SUPPORT OF DEFS.' MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT

Defendant Quest Diagnostics Clinical Laboratories, Inc., Quest Diagnostics Holdings, Inc., Quest Diagnostics Incorporated hereby submit their Appendix of Evidence in support of their Motion For Summary Judgment Or, In The Alternative, For Partial Summary Judgment, consisting of the following:

| TAB | DESCRIPTION |
| --- | --- |
| Exhibit 1 | Taylor Carr Declaration |
| Exhibit 2 | Christopher Grant Declaration |
| Exhibit 3 | Jody Reilly Declaration |
| Exhibit 4 | Marc Yarrison Declaration |
| Exhibit 5 | David Raizman Declaration |
| Exhibit 6 | True and correct copies of notes taken at, or reflecting Quest's interaction with three different groups of blind consumers or their advocates, mentioned in the Declaration of Taylor Carr. |
| Exhibit 7 | Full set of written correspondence engaged in between Quest and ACB (and its legal representatives) regarding potential improvements to the Kiosks, mentioned in the Declaration of Christopher Grant. |
| Exhibit 8 | Relevant, representative Quest training materials, standards, standard operating procedures and policies, and all the other policies, mentioned in the Declaration of Jody Reilly. [FILED UNDER SEAL, SUBJECT TO COURT'S RULING ON APPLICATION] |
| Exhibit 9 | True and correct copy of the table maintained by Patient Advocacy of the feedback it received about the Kiosks from any patient who identified himself or herself as having a |

| TAB | DESCRIPTION |
|---|---|
|  | visual impairment, mentioned in the Declaration of Jody Reilly. [FILED UNDER SEAL, SUBJECT TO COURT'S RULING ON APPLICATION] |
| Exhibit 10 | Managing Every Patient's Needs training, updated and rolled out in March 2021, mentioned in the Declaration of Jody Reilly.  [FILED UNDER SEAL, SUBJECT TO COURT'S RULING ON APPLICATION] |
| Exhibit 11 | Managing Every Patient's Needs training, earlier version, mentioned in the Declaration of Jody Reilly.  [FILED UNDER SEAL, SUBJECT TO COURT'S RULING ON APPLICATION] |
| Exhibit 12 | Patient Care Gold Standards, mentioned in the Declaration of Jody Reilly.  [FILED UNDER SEAL, SUBJECT TO COURT'S RULING ON APPLICATION] |
| Exhibit 13 | Everyday Excellence Standards, mentioned in the Declaration of Jody Reilly.  [FILED UNDER SEAL, SUBJECT TO COURT'S RULING ON APPLICATION] |
| Exhibit 14 | Day 1 New Hire Training and the Leader Guide for the Day 1 New Hire Training, mentioned in the Declaration of Jody Reilly.  [FILED UNDER SEAL, SUBJECT TO COURT'S RULING ON APPLICATION] |
| Exhibit 15 | Greet Patient Etiquette standard operating procedure, mentioned in the Declaration of Jody Reilly.  [FILED UNDER SEAL, SUBJECT TO COURT'S RULING ON APPLICATION] |

| TAB | DESCRIPTION |
|---|---|
| Exhibit 16 | Plaintiff American Council of the Blind served its responses to Defendant Quest Diagnostics Clinical Laboratories, Inc.'s Request to Admission, Set One, mentioned in the Declaration of David Raizman. |
| Exhibit 17 | True and correct copy of the cover page and the excerpted portions of the deposition transcript of Clark Rachfal, mentioned in the Declaration of David Raizman. |
| Exhibit 18 | True and correct copy of the cover page and the excerpted portions of the deposition transcript of Taylor Carr, mentioned in the Declaration of David Raizman. |
| Exhibit 19 | True and correct copy of the cover page and the excerpted portions of the deposition transcript of Claire Stanley, mentioned in the Declaration of David Raizman. |
| Exhibit 20 | True and correct copy of the letter from Eric Bridges to Steve Rusckowski, Quest's CEO, produced by Plaintiffs in this action, mentioned in the Declaration of David Raizman. |
| Exhibit 21 | Claire Stanley's call log, mentioned in the Declaration of David Raizman. |
| Exhibit 22 | True and correct copy of the cover page and the excerpted portions of the deposition transcript of Julian Vargas, mentioned in the Declaration of David Raizman. |
| Exhibit 23 | 2014 DOJ publication on "Effective Communication," mentioned in the Declaration of David Raizman. |

| TAB | DESCRIPTION |
|---|---|
| Exhibit 24 | Joint Stipulation regarding Defendants' Motion to Compel Clark Rachfal to Respond to Questions He Was Instructed to, and Refused, to Answer (ECF No. 80), mentioned in the Declaration of David Raizman. |
| Exhibit 25 | Pages 1, 11 and 14 of a May 4, 2021 letter from Plaintiffs' counsel to David Raizman, mentioned in the Declaration of David Raizman. |
| Exhibit 26 | Cover pages and excerpts of the testimony of Julian Vargas, Claire Stanley, Ardis Bazyn, Ralph Black, Regina Brink, Donna Grahmann, Mary Haroyan, Nona Haroyan, Kathleen Lyons and Robin Rehder relating to the length of time they waited before being seen at the PSCs, mentioned in the Declaration of David Raizman. |
| Exhibit 27 | Cover pages and excerpts of the testimony of Julian Vargas, Ardis Bazyn, Ralph Black, Mary Haroyan, Nona Haroyan, Robin Rehder and Claire Stanley in which they share stories of being helped nearly immediately upon arriving at a Quest PSC, mentioned in the Declaration of David Raizman. |
| Exhibit 28 | Day 2 New Hire Training and the Leader Guide for the Day 2 New Hire Training, mentioned in the Declarations of Jody Reilly and David Raizman.  [FILED UNDER SEAL, SUBJECT TO COURT'S RULING ON APPLICATION] |
| Exhibit 29 | Claire Stanley's notes of a January 25, 2019 conversation between Quest and ACB, mentioned in the Declarations of Jody Reilly and David Raizman. |

| | |
|---|---|
| | Respectfully submitted, |
| DATED: September 3, 2021 | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |
| | By: /s/ David Raizman<br>David Raizman<br>Amber L. Roller<br>J. Nicholas Marfori |
| | Attorneys for Defendants<br>QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC.; QUEST DIAGNOSTICS HOLDINGS, INC. and QUEST DIAGNOSTICS INCORPORATED |

5    Case No. 2:19-cv-08108 DMG (MRWx)
APPENDIX OF EVIDENCE IN SUPPORT OF DEFS.' MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT

48447684_1.docx