OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
DAVID RAIZMAN, CA Bar No. 129407
david.raizman@ogletree.com
AMBER L. ROLLER, CA Bar No. 273354
amber.roller@ogletree.com
J. NICHOLAS MARFORI, CA Bar No. 311765
nicholas.marfori@ogletree.com
400 South Hope Street, Suite 1200
Los Angeles, California  90071
Telephone:  213-239-9800
Facsimile:   213-239-9045

Attorneys for Defendants
QUEST DIAGNOSTICS CLINICAL
LABORATORIES, INC.; QUEST
DIAGNOSTICS HOLDINGS, INC. and
QUEST DIAGNOSTICS INCORPORATED

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN VARGAS, ANNE WEST and AMERICAN COUNCIL OF THE BLIND, individually on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>      v.<br><br>QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC., QUEST DIAGNOSTICS HOLDINGS, INC., QUEST DIAGNOSTICS INCORPORATED; and DOES 1-10, inclusive,<br><br>            Defendants. | Case No. 2:19-cv-08108 DMG (MRWx)<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO QUEST'S MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>[Filed concurrently with Reply Memorandum; Defendants' Response to Plaintiffs' Statement; Supplemental Declaration of David Raizman; Declaration of Joseph A. Krock, Ph.D.]<br><br>Date:             October 8, 2021<br>Time:            2:00 p.m.<br>Place:           Courtroom 8C<br><br><br>Complaint Filed: September 18, 2019<br>Trial Date:        January 11, 2022<br>District Judge:   Hon. Dolly M. Gee<br>                         Courtroom 8C, First St.<br>Magistrate Judge:Hon. Michael R. Wilner<br>                         Courtroom 550, Roybal |

Pursuant to Federal Rules of Civil Procedure Rule 56 *et seq.* and Local Rule 56 *et seq.*, defendants Quest Diagnostics Clinical Laboratories, Inc.; Quest Diagnostics Holdings, Inc. and Quest Diagnostics Incorporated ("Defendants") hereby object to the evidence submitted by plaintiffs Julian Vargas and American Council of the Blind ("Plaintiffs") in their opposition to Quest's Motion for Summary Judgment, or Alternatively, Partial Summary Judgment, as follows:

**Exhibit 4: Declaration of Julian Vargas in Support of Motion for Class Certification (PA0017-PA0018)**

| Paragraph | Objection |
|---|---|
| ¶ 2, 13:3-4 | Fed. R. Evid. 403, 602.  Testimony regarding volume "not adequate for me to hear the message" is contradicted by testimony where witness reports on content of the message. |
| ¶¶ 2-3 | Fed. R. Evid. 1002.  The actual content of the message is the best evidence of the message, not the witness' report of the content. |

**Exhibit 5: Relevant Portions of the Deposition of Marc Yarrison, taken on April 8, 2021 (PA0019-PA0064)**

| Page: line | Objection |
|---|---|
| PA31:20-24 | Fed. R. Evid. 602, 901.  Testimony reflects witness lacks personal knowledge to authenticate document Ex. 6. |
| PA38:3-21 | Fed. R. Evid. 602, 901.  Continued objections throughout to questions about document that witness does not recognize and cannot authenticate. |
| PA39:6-40:12 | Fed. R. 402, 403.  Not relevant and capacity for confusion because ADA Standards for Accessible Design expressly state that the ATM standards and other independent use standards did not apply to Interactive Transaction Machines, like the Kiosk.  In addition, the phrase "independently accessible" is sufficiently vague to be subject |

Case No. 2:19-cv-08108 DMG (MRWx)

48692449_1.docx

| | |
|---|---|
| | to multiple interpretations. |
| | |
| PA45:4-11 | Fed. R. Evid. 602.  Plaintffs failed to lay a foundation for the witness' knowledge of these subjects, which he had previously disclaimed. |
| PA47:1-3 | Fed. R. 402, 403, 602, 701, 704.  Testimony seeks legal opinion from a lay witness, without establishing any foundation that witness had any clue what the term "undue burden" means or its legal significance. |
| PA49-57 | Fed. R. Evid. 801(c).  The statements made to Quest's Patient Advocacy or other representatives that are recorded here are all statements of out-of-court declarants about their alleged experiences at the PSCs.  No hearsay exception applies to the truth of those asserted matters. |

**Exhibit 6: Relevant Portions of the Deposition of Taylor Carr, taken on April 12, 2021, and July 30, 2021 (PA0065-PA0100)**

| Page: line | Objection |
|---|---|
| PA76:9-16 | Fed. R. 30(b)(6); Fed. R. Evid. 602.  Questioning beyond the scope of the subject matters, but attempted to use on that basis.  Plaintiffs also fail to lay a foundation for questions about the subject matter and what the ambiguous and technical terms utilized mean. |
| PA81:4-9, 12-25 | Fed. R. 30(b)(6); Fed. R. Evid. 602.  Questioning beyond the scope of the subject matters, but attempted to use on that basis.  Plaintiffs also fail to lay a foundation for questions about the subject matter and what the ambiguous and technical terms utilized mean. |
| PA0083:21- | Fed. R. 402, 403, 602, 701, 704.  Testimony seeks legal opinion |

48692449_1.docx

| 84:5 | from a lay witness, without establishing any foundation that witness had any clue what the term "undue financial burden" means or its legal significance. |
| PA0085:6-17 | Fed. R. 30(b)(6); Fed. R. Evid. 602.  Questioning beyond the scope of the subject matters, but attempted to use on that basis.  Plaintiffs also fail to lay a foundation for questions about knowledge of PSC staffing. |
| PA0097:20-100:7 | Fed. R. 30(b)(6); Fed. R. Evid. 602.  Questioning beyond the scope of the subject matters, but attempted to use on that basis.  Plaintiffs also fail to lay a foundation for questions about the subject matter and what the ambiguous and technical terms utilized mean. |

**Exhibit 8: Relevant Portions of the Deposition of Jody Reilly, taken on April 16, 2021 (PA0107-PA0231)**

| Page: line | Objection |
| --- | --- |
| PA113:11-20 | Fed. R. 402, 403, 602, 701, 704.  Testimony seeks legal opinion from a lay witness, and does so while misstating a legal phrase (mistaking "aid or auxiliary service" for appropriate language – "auxiliary aid or service") without establishing any foundation that witness understood the term or its legal significance. |
| PA115:18-25 | Fed. R. 402, 403, 602, 701, 704.  Testimony seeks legal opinion from a lay witness, without establishing any foundation that witness under the legal terms used or their legal significance. |
| PA117:5-9, 11-23 | Fed. R. 30(b)(6); Fed. R. Evid. 602.  Questioning beyond the scope of the subject matters, but attempted to use on that basis.  Plaintiffs also fail to lay a foundation for questions about the subject. |

48692449_1.docx

**Exhibit 9: Relevant Portions of the Deposition of Christopher Grant, taken on April 20, 2021 (PA0232-PA0249)**

| Page: line | Objection |
|---|---|
| PA238:21-239:7 | Fed. R. Evid. 602.  Plaintiffs failed to lay foundation for witness' specific knowledge of training issues when Quest had designated another witness as the person most knowledgeable on that subject. |
| PA0243:14-19 | Objection - Testimony re ECSS reducing company's staffing needs |

**Exhibit 10: Relevant Portions of the Deposition of Julian Vargas, taken on April 22, 2021 (PA0250-PA0503)**

| Page: line | Objection |
|---|---|
| PA0319:21-PA0320:4 | Fed. R. Evid. 602, 402.  Lacks foundation for testimony that kiosks are there only to cut costs and hire less people, or that any of this relates to Quest and its motivations, which are completely unknown to this witness. |
| PA0461:16-21 | Fed. R. Evid. 602.  Lacks foundation, calls for speculation. |

**Exhibit 18: Relevant Portions of the Deposition of Clark Rachfal, taken on June 9, 2021 (PA0577-PA0609)**

| Page: line | Objection |
|---|---|
| PA600:1-16 | Fed. R. Evid. 602.  Witness completely lacks foundation to testimony as Quest's prior use of receptionists or its impact on availability of PSC staff to assist patients. |
| PA603:4-604:15 | Fed. R. Evid. 602.  Witness completely lacks foundation to testimony as Quest's prior use of receptionists or its impact on availability of PSC staff to assist patients. |
| PA606:14-607:8 | Fed. R. Evid. 602.  Witness completely lacks foundation to testimony as Quest's prior use of receptionists or its impact on availability of PSC staff to assist patients. |

48692449_1.docx

**Exhibit 19: Relevant Portions of the Deposition of Adam Aronson, taken on June 29, 2021 (PA0610-PA0630)**

| Page: line | Objection |
| --- | --- |
| PA0622:16-20 | Objection testimony about Quest using low cost self-service device |
| PA0623:10-18 | Objection – testimony re migrate from person checking in patients to kiosk |
| PA0625:5-9 | Objection as to form |
| PA0628:20-24 | Objection as to form |
| PA0629:2-6 | Objection as to form |

**Exhibit 20: Relevant Portions of the Deposition of Tom Walsh, taken on July 1, 2021 (PA0631-PA0676)**

| Page:line | Objection |
| --- | --- |
| PA639:11-640:3 | Fed. R. Evid. 602.  Witness' testimony expresses a direct lack of familiarity with the subject matter of Plaintiffs' questions.  Many individual answers likewise indicate a lack of knowledge. |
| PA649:24-654:9 | Fed. R. Evid. 602.  Entire line of questioning about a document (Ex. 7) and a vendor (Habey) about which the witness expressly states he has no awareness. |
| PA658:15-19 | Fed. R. Evid. 602.  Prior testimony expressly disavows any knowledge of Lilitab or discusions about headphone jack.  There is no foundation for this witness to answer this question or draw any conclusions from it.  The question itself implies facts ($30/unit) for which there is no foundation in the record. |

**Exhibit 21: Relevant Portions of the Deposition of Prudencia Magana, taken on August 3, 2021 (PA0677-PA0688)**

| Page: line | Objection |
| --- | --- |
| PA0687:15- | Fed. R. 602, 403.  Objection as to form with respect to the use of |

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO QUEST'S MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

48692449_1.docx

| 688:7 | legal jargon in phrase "primary consideration" |

**Exhibit 25: Defendants' Responses to Interrogatories from Julian Vargas (PA0718-PA0737)**

| Page | Objection |
| --- | --- |
| PA0727 | Interrogatory No. 10 - Objection - Number of employees at PSC in 2017 |
| PA0727 | Interrogatory No. 11 - Objection - Number of employees at PSC in 2018 |
| PA0727-728 | Interrogatory No. 12 - Objection - Number of employees at PSC in 2019 |
| PA0728 | Interrogatory No. 13 - Objection - Number of employees at PSC in 2020 |

**Exhibit 26: Defendants' Responses to Interrogatories from ACB (PA0738-PA07478**

| Page: line | Objection |
| --- | --- |
|  |  |
|  |  |

**Exhibit 27: Relevant Portions of Defendants' document production (PA0749)**

| Bates-No. | Objection |
| --- | --- |
| QUEST-VARGAS 35245 |  |
| QUEST-VARGAS 39990 |  |
| QUEST-VARGAS 42029 |  |
| QUEST-VARGAS 39653 |  |

**Exhibit 31: Declaration of Mark Derry (PA0858-PA0875)**

| Paragraph | Objection |
| --- | --- |

6                    Case No. 2:19-cv-08108 DMG (MRWx)

| | Entirety | Report is untimely and prejudicial, having been disclosed three days before the discovery cutoff, with no resulting opportunity for Quest's cross-examination, when Plaintiffs had months to dispatch Derry to PSCs to inspect Three Finger Swipe (TFS).  In fact, Plaintiffs had dispatched Julian Vargas to review the TFS two months earlier, in mid-June 2019.  (Oppo. at 12.)  *Matrix Int'l Textile, Inc. v. Monopoly Textile, Inc.*, No. CV 16-0084 FMO (AJWx), 2017 U.S. Dist. LEXIS 168133 (C.D. Cal. May 9, 2017) at *10 (supplemental fact witnesses disclosed three days before the discovery closure deadline, allowing no meaningful opportunity for depositions, excluded). |
|---|---|---|
| | Entirety | Duplicative, irrelevant and unnecessary. Fed. R. Evid. 403; *United States v. Lewis*, 837 F.2d 415, 418 (9th Cir. 1988) (court may exclude testimony as unnecessarily duplicative of prior testimony by the defendant and other witnesses). |
| | Entirety | Incompetent, prejudicial, confusing testimony.  Fed. R. Evid. 602, 403. As set forth in greater detail in the accompany Declaration of Joseph A. Krock, Ph.D. ("Krock Decl."), a statistical/survey expert, Derry's "report" is actually short a set of simple self-directed questions that were formulated by him or other unknown persons regarding personal observations he allegedly made at 24 out of more than *2,100* Quest PSC locations in only 3 states.  (Krock Decl. *passim*.)  Surveying only 24 of more than 2,100 PSCs represents a statistically insignificant sample by which anyone – no less a lay witness like Mr. Derry – can evaluate the efficacy of the Quests company-wide TPS program. (Krock Decl. ¶¶ 11-14.)  A statistically significant sample would require surveying at least 100 to 400 locations.  (*Id.* at ¶ 13.)  Additionally, Derry's sample of PSC sites |

7

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO QUEST'S MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

48692449_1.docx

| | | |
|---|---|---|
| | | does not appear to be random, another violation of basic statistical principles, nor does he explain how or why he selected those particular PSCs, and the sites are not representative of Quest PSCs across any state or the country. (*Id.* at ¶¶ 15-16.)   Further, Derry's observations occur as a single event, of limited and unrecorded duration, at each location as if to make a judgment even about that location from such limited evidence.  Collectively, all of these factors making any conclusions drawn from such observations not generalizable to Quest's PSCs. (*Id.* at ¶¶ 17-19.)  Finally, Derry's observations are qualitative, not quantitative, and replete with equivocation and qualifying language such as "may sometimes," "usually," "not all," "many times," "inconsistently," "with few exceptions," "at some locations," "if," "but only," "varies" "almost never," and "usually two to three." (*Id.* at ¶¶20-22.)  For these reasons no competent statistical conclusions can be drawn from Derry's factual observations, and his report and testimony is unhelpful and potentially confusing to the Court. |
| | Entirety | Fed. R. Evid. 402.  Derry's observations are irrelevant to the Court's consideration of the issues before it, namely, whether Quest's two modes of "effective communication" are effective approaches, not whether there are alleged unique instances where either of these alternatives may not work due to some isolated issue.  *Kirola v. City & Cty. of San Francisco*, 860 F.3d 1164, 1183 (9th Cir. 2017); 28 C.F.R. § 36.211(b). |

**Exhibit 32: Declaration of Rachael Montgomery (PA0876-PA0900)**

| Paragraph | Objection |
|---|---|

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO QUEST'S MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

48692449_1.docx

| | |
|---|---|
| Entirety | Fed. R. 30.  Unauthorized, unobserved and *ex parte* discovery.  Witness' inspection of the Kiosk was limited by Plaintiffs' Rule 30 notice to the Kiosk in place in June 2020, but witness proceeded to inspect and comment on the current Kiosk. |
| PA877:7-27 | Fed. R. 702, 703.  Witness has no formal training or education in cost assessment or financial impact on the implementation or alteration of kiosks. |
| PA0885:1-886:16 | Fed. R. 702, 703.  Undue burden analysis calls for legal conclusion.  Witness' analysis discounts the multi-million price tag for the existing Kiosks.  Witness also bases her conclusion that Quest would not bear an undue financial burden only on a few options:  adding a headphone jack at $30/kiosk, including a keypad w/headphone jack at each kiosk for $309.75 and cost to mount the keypad – NOT including training staff hours/costs/updating all kiosks, assessing safeguarding of devices and now keeping all such devices clean post-pandemic. |

**Exhibit 34: Additional Relevant Portions of the Deposition of Marc Yarrison, taken on April 8, 2021 (PA0942-969)**

| Page: line | Objection |
|---|---|
| PA0944:23-945:4 | Beyond the scope of Rule 30(b)(6) deposition. |
| PA0945:11-946:1 | Fed. R. Evid. 602.  Lacks foundation because it misstates testimony |
| PA0955:2-7 | Beyond the scope of Rule 30(b)(6) deposition. |
| PA0960-B:9-23 | Beyond the scope |

**Exhibit 35: Additional Relevant Portions of the Deposition of Taylor Carr,**

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO QUEST'S MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

48692449_1.docx

taken on April 12, 2021 and July 30, 2021 (PA0970-1014)

| Page: line | Objection |
|---|---|
| PA1001:25-1002:7 | Objection as to form and beyond the scope of Rule 30(b)(6) deposition |
| PA1002:9-19 | Objection as to form and beyond the scope of Rule 30(b)(6) deposition |
| PA1002:21-1003:10 | Objection as to form and beyond the scope of Rule 30(b)(6) deposition |
| PA1003:12-23 | Objection – lacks foundation and beyond the scope of Rule 30(b)(6) deposition |
| PA1004:6-12 | Objection – beyond the scope of Rule 30(b)(6) deposition |
| PA1010:18-1011:3 | Objection – beyond the scope of Rule 30(b)(6) deposition |

**Exhibit 36: Additional Relevant Portions of the Deposition of Jody Reilly, taken on April 16, 2021 (PA1015-1030)**

| Page: line | Objection |
|---|---|
| PA1016:7-12 | Objection – beyond the scope of Rule 30(b)(6) deposition |
| PA1020:12-20 | Objection – beyond the scope of Rule 30(b)(6) deposition |
| PA1023:3-20 | Objection – beyond the scope of Rule 30(b)(6) deposition |

**Exhibit 38: Additional Relevant Portions of the Deposition of Clark Rachfal, taken on June 9, 2021 (PA1044-1056)**

| Page: line | Objection |
|---|---|
| 115:20-116:6 | Fed. R. Evid. 602.  Rachfal lacks foundation for, and was purely speculating as to, all testimony after "No".   Rachfal cannot know why ACB members didn't complain about paper check-in or any of the circumstances of that. |

**Exhibit 40: Additional Relevant Portions of the Deposition of Claire Stanley,**

Case No. 2:19-cv-08108 DMG (MRWx)

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO QUEST'S MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

48692449_1.docx

taken on August 19, 2021 (PA1062-1092)

| Page: line | Objection |
|---|---|
| PA1069:6-1070:12 | Fed. R. Evid. 602.  Lacks foundation for testimony regarding receptionist. |
|  |  |

**Exhibit 43: Exhibits to Request for Judicial Notice (Department of Health and Human Service's Office of Civil Rights' Dear Colleague Letter) (PA1114-1116)**

| Paragraph | Objection |
|---|---|
| Entirety | Fed. R. 402.  Irrelevant.  Letter or other unpublished agency guidance that does not go through the rulemaking process is not binding.  The date of the letter postdates Quest's rollout of the Kiosks, which had already started. |
|  |  |

Respectfully submitted,

DATED: September 24, 2021

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:  /s/ David Raizman
David Raizman
Amber L. Roller
J. Nicholas Marfori

Attorneys for Defendants
QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC.; QUEST DIAGNOSTICS HOLDINGS, INC. and QUEST DIAGNOSTICS INCORPORATED

48692449.1

11

48692449_1.docx