# EXHIBIT 17

Jonathan D. Miller (SBN 220848)
jonathan@nshmlaw.com
Alison M. Bernal (SBN 264629)
alison@nshmlaw.com
NYE, STIRLING, HALE
& MILLER, LLP
33 West Mission Street, Suite 201
Santa Barbara, CA 93101
Telephone: (805) 963-2345
Facsimile: (805) 284-9590

Benjamin J. Sweet
(pro hac vice)
ben@nshmlaw.com
NYE, STIRLING, HALE
& MILLER, LLP
1145 Bower Hill Road, Suite 104
Pittsburgh, PA 15243
Telephone: (412) 857-5350

Attorneys for Plaintiffs Julian Vargas, Anne West, American Council of the Blind, and the Proposed Class

*Additional Counsel Listed on Signature Page*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN VARGAS, ANNE WEST, and AMERICAN COUNCIL OF THE BLIND, individually on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC., QUEST DIAGNOSTICS HOLDINGS, INC., QUEST DIAGNOSTICS INCORPORATED; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.: 2:19-cv-8108<br><br>**PLAINTIFF AMERICAN COUNCIL OF THE BLIND'S RESPONSE TO FIRST SET OF INTERROGATORIES FROM DEFENDANT QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC.** |

Plaintiff American Council of the Blind submits the following response to First Set of Interrogatories from Defendant Quest Diagnostics Clinical Laboratories, Inc.

**PRELIMINARY STATEMENT**

Each of the following responses is rendered and based upon information in

1

PLAINTIFF AMERICAN COUNCIL OF THE BLIND'S RESPONSE TO FIRST SET OF INTERROGATORIES FROM DEFENDANT QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC.

EXHIBIT 17 QA 1161

the possession of Plaintiff American Council of the Blind at the time of the preparation of these responses. Discovery will continue as long as permitted by statute or stipulation of the parties, and the investigation of Plaintiff's attorneys and agents will continue to and throughout the trial of this action. Plaintiff, therefore, specifically reserves the right, at the time of trial, to introduce any evidence from any source which may hereinafter be discovered and testimony from any witness whose identity may hereinafter be discovered. If any information has unintentionally been omitted from these responses, Plaintiff reserves the right to apply for relief so as to permit the insertion of the omitted data from these responses.

These introductory comments shall apply to each and every response given herein, and shall be incorporated by reference as though fully set forth in all of the responses appearing in the following pages.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1**

Please state the total number of members of ACB in every year since 2015.

**RESPONSE TO INTERROGATORY NO. 1**

ACB objects to this request to the extent it seeks historical, rather than current, numbers of members of ACB, as gathering such information is unduly burdensome and not proportional to the needs of the case. Without waiving any objections, ACB responds as follows: The total number of members of ACB in 2020 is 8,285.

**INTERROGATORY NO. 2**

Please identify (by name, last known address, last known telephone number, and last known email address) each and every member of ACB who utilized or attempted to utilize the services of any PSC (including, without limitation, any of the PSCs identified in paragraphs 26-33 of the Complaint).

**RESPONSE TO INTERROGATORY NO. 2**

ACB objects to this request as overly broad, unduly burdensome, unreasonable, and not proportional to the needs of the case. ACB is a membership organization of over eight thousand individuals. It is impossible for ACB to know "each and every" member of ACB who utilized or attempted to utilize the services of any PSC. Determining "each and every" member of ACB who utilized or attempted to utilize the services of any PSC would require ACB to seek out information that is not in its possession, custody or control. Discovery obligations are limited to information "in the responding party's possession, custody, or control." *See, e.g.*, Fed. R. Civ. P. 34(a)(1). No provision of the Rules authorizes a defendant to request information from an associational plaintiff when such information is in the possession, custody, and control of a third party on whose membership the association relies for standing.

Without waiving any objections, ACB responds as follows: members of ACB who have reported to ACB the fact of their visits to PSCs are described in documents Bates numbered PL00392-PL00402.

**INTERROGATORY NO. 3**

Please identify (by name, last known address, last known telephone number, and last known email address) each and every member of ACB you contend "will have to return to Defendants' facilities and anticipate being required to do so in order to have additional testing completed, but are deterred from doing so due to the discrimination they have faced and expect to face in the future," as alleged in paragraph 35 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 3**

ACB objects to this request as overly broad, unduly burdensome, unreasonable, and not proportional to the needs of the case. ACB is a membership organization of over eight thousand individuals. It is impossible for ACB to know "each and every" member of ACB who will have to return to Defendants' facilities

and anticipate being required to do so in order to have additional testing completed, but are deterred from doing so due to the discrimination they have faced and expect to face in the future. Determining "each and every" such member of ACB would require ACB to seek out information that is not in its possession, custody or control. Discovery obligations are limited to information "in the responding party's possession, custody, or control." *See, e.g.*, Fed. R. Civ. P. 34(a)(1). No provision of the Rules authorizes a defendant to request information from an associational plaintiff when such information is in the possession, custody, and control of a third party on whose membership the association relies for standing.

ACB also objects to this request to the extent it seeks the production of information impinging on the privacy interests of its members or other third parties.

Without waiving any objections, ACB responds as follows: members of ACB who have reported to ACB the fact of their visits to PSCs and the difficulties faced with Quest's check-in system are described in documents Bates numbered PL00392-PL00402.

**INTERROGATORY NO. 4**

Please identify and describe any and all occasions in which any ACB members (including, without limitation, the Named Members) were unable to utilize the services at a PSC (including, without limitation, any of the PSCs identified in paragraphs 26-33 of the Complaint) because of alleged difficulty using the Kiosk at the PSC (including, but not limited to, any complaints by ACB's members and any documentation of complaints by ACB's members).

**RESPONSE TO INTERROGATORY NO. 4**

ACB objects to this request as overly broad, unduly burdensome, unreasonable, and not proportional to the needs of the case. ACB is a membership organization of over eight thousand individuals. It is impossible for ACB to know any and all occasions in which any ACB members (including,

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

without limitation, the Named Members) were unable to utilize the services at a PSC. Determining "each and every" such member of ACB would also require ACB to seek out information that is not in its possession, custody or control. Discovery obligations are limited to information "in the responding party's possession, custody, or control." See, e.g., Fed. R. Civ. P. 34(a)(1). No provision of the Rules authorizes a defendant to request information from an associational plaintiff when such information is in the possession, custody, and control of a third party on whose membership the association relies for standing.

ACB also objects to this request to the extent it seeks the production of information impinging on the privacy interests of its members or other third parties.

Without waiving any objections, ACB responds as follows: occasions where ACB members faced accessibility barriers when seeking out Quest's services are described in documents Bates numbered PL00392-PL00402.

**INTERROGATORY NO. 5**

Please identify the damages, losses or other injuries allegedly suffered by ACB or any member of ACB (including, without limitation, the Named Members) due to any actions, omissions, conditions or events at any PSC, as alleged in the Complaint (including the amount and basis for any damages you are seeking in this action).

**RESPONSE TO INTERROGATORY NO. 5**

ACB objects to this request as overly broad, unduly burdensome, unreasonable, and not proportional to the needs of the case. ACB is a membership organization of over 8,000 individuals. It is impossible for ACB to know the losses of all of its members do to *any* actions, omissions, conditions or events at any PSC. Additionally, determining such damages would require ACB to seek out information that is not in its possession, custody or control.

5

PLAINTIFF AMERICAN COUNCIL OF THE BLIND'S RESPONSE TO FIRST SET OF INTERROGATORIES FROM DEFENDANT QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC.

EXHIBIT 17 QA 1165

Discovery obligations are limited to information "in the responding party's possession, custody, or control." *See, e.g.*, Fed. R. Civ. P. 34(a)(1). No provision of the Rules authorizes a defendant to request information from an associational plaintiff when such information is in the possession, custody, and control of a third party on whose membership the association relies for standing. Finally, the request improperly seeks disclosure of expert information.

Requests for information concerning the damages and losses to ACB's members is also premature as the parties have not yet conducted discovery relating to the class allegations which will form the basis of the damages for the class, of which ACB members are a part.

Without waiving any objections, ACB responds as follows: ACB's members have been denied independent and private access to Quest's registration system, resulting in damage, and injury to ACB's members who have been denied such access. ACB seeks an injunction ordering Defendants to take all steps necessary so that their e-Check-in touchscreen kiosks are fully accessible to, and independently usable by, individuals with visual disabilities.

**INTERROGATORY NO. 6**

Please identify the address of each and every place each Named Member has resided since January 1, 2015.

**RESPONSE TO INTERROGATORY NO. 6**

ACB objects to this request as its discovery obligations are limited to information "in the responding party's possession, custody, or control." *See, e.g.*, Fed. R. Civ. P. 34(a)(1). No provision of the Rules authorizes a defendant to request information from an associational plaintiff when such information is in the possession, custody, and control of a third party on whose membership the association relies for standing.

ACB also objects to this request to the extent it seeks the production of

6

PLAINTIFF AMERICAN COUNCIL OF THE BLIND'S RESPONSE TO FIRST SET OF INTERROGATORIES FROM DEFENDANT QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC.

EXHIBIT 17 QA 1166

information impinging on the privacy interests of its members or other third parties.

Without waiving any objections, ACB responds as follows: ACB believes that the Named Members reside in the following locations:

- Mary Haroyan – Worcester, Massachusetts
- Nona Haroyan – Worcester, Massachusetts
- Robin Rehder – Henderson, Nevada
- Kathy Lyons – Buffalo, New York

**INTERROGATORY NO. 7**

Please identify the address of each and every location that each Named Member has had gainful employment (if any) since January 1, 2015.

**RESPONSE TO INTERROGATORY NO. 7**

ACB objects to this request as overly broad, unduly burdensome, unreasonable, and not proportional to the needs of the case. The employment of ACB's members is not at issue in this case. Additionally, responding to this interrogatory would require ACB to seek out information that is not in its possession, custody or control. Discovery obligations are limited to information "in the responding party's possession, custody, or control." *See, e.g.*, Fed. R. Civ. P. 34(a)(1). No provision of the Rules authorizes a defendant to request information from an associational plaintiff when such information is in the possession, custody, and control of a third party on whose membership the association relies for standing.

ACB also objects to this request to the extent it seeks the production of information impinging on the privacy interests of its members or other third parties.

Without waiving any objections, ACB responds as follows: ACB does not know the addresses of the locations that each Named Member has had gainful

7

PLAINTIFF AMERICAN COUNCIL OF THE BLIND'S RESPONSE TO FIRST SET OF INTERROGATORIES FROM DEFENDANT QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC.

EXHIBIT 17 QA 1167

employment since January 1, 2015.

**INTERROGATORY NO. 8**

Please identify (by name, address, dates of diagnosis or treatment) all healthcare providers who diagnosed or treated each Named Member's blindness, as alleged in paragraphs 29-33 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 8**

ACB objects to this request as overly broad, unduly burdensome, unreasonable, and not proportional to the needs of the case.  The identity of all healthcare providers who diagnosed or treated each Named Member's blindness bears little connection to the accessibility of Defendants' check-in systems.  Responding to this interrogatory would also require ACB to seek out information that is not in its possession, custody or control.  Discovery obligations are limited to information "in the responding party's possession, custody, or control."  *See, e.g.*, Fed. R. Civ. P. 34(a)(1).  No provision of the Rules authorizes a defendant to request information from an associational plaintiff when such information is in the possession, custody, and control of a third party on whose membership the association relies for standing.

ACB also objects to this request to the extent it seeks the production of information impinging on the privacy interests of its members or other third parties.

Without waiving any objections, ACB responds as follows:  ACB does not know the identify (by name, address, dates of diagnosis or treatment) of the healthcare providers who diagnosed or treated each Named Member's blindness.

**INTERROGATORY NO. 9**

Please identify (by name, address, diagnosis, and dates of diagnosis or treatment) all healthcare providers who diagnosed or treated any medical condition that you allege to constitute each Named Member's disability within the

8

PLAINTIFF AMERICAN COUNCIL OF THE BLIND'S RESPONSE TO FIRST SET OF INTERROGATORIES FROM DEFENDANT QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC.

EXHIBIT 17 QA 1168

meaning of the Americans with Disabilities Act.

**RESPONSE TO INTERROGATORY NO. 9**

ACB objects to this request as overly broad, unduly burdensome, unreasonable, and not proportional to the needs of the case. The identity of all healthcare providers who diagnosed or treated any medical condition of each Named Member bears little connection to the accessibility of Defendants' check-in systems. Responding to this interrogatory would also require ACB to seek out information that is not in its possession, custody or control. Discovery obligations are limited to information "in the responding party's possession, custody, or control." *See, e.g.*, Fed. R. Civ. P. 34(a)(1). No provision of the Rules authorizes a defendant to request information from an associational plaintiff when such information is in the possession, custody, and control of a third party on whose membership the association relies for standing.

ACB also objects to this request to the extent it seeks the production of information impinging on the privacy interests of its members or other third parties.

Without waiving any objections, ACB responds as follows: ACB does not know the identity of the healthcare providers who diagnosed or treated any medical condition of each Named Member.

**INTERROGATORY NO. 10**

Please identify each and every auxiliary aid and/or service, including without limitation any devices, hardware, software, or equipment (by name, model and version, as applicable) that each Named Member has used due to a visual impairment since January 1, 2015.

**RESPONSE TO INTERROGATORY NO. 10**

ACB objects to this request as requiring ACB to seek out information that is not in its possession, custody or control. Discovery obligations are limited to

9

PLAINTIFF AMERICAN COUNCIL OF THE BLIND'S RESPONSE TO FIRST SET OF INTERROGATORIES FROM DEFENDANT QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC.

EXHIBIT 17 QA 1169

information "in the responding party's possession, custody, or control." See, e.g., Fed. R. Civ. P. 34(a)(1).  No provision of the Rules authorizes a defendant to request information from an associational plaintiff when such information is in the possession, custody, and control of a third party on whose membership the association relies for standing.

Without waiving any objections, ACB responds as follows:  ACB does not know the identify of each and every auxiliary aid and/or service that each Named Member has used due to a visual impairment since January 1, 2015.  However, it is common for ACB members to use VoiceOver, or similar software, for use with smartphones, and JAWS, or similar screenreader technology for use with desktop computers.  To ACB's knowledge there was no screen-reader or other aid or auxiliary service option available on Defendant's kiosks.

**INTERROGATORY NO. 11**

Please identify (including by PSC location, date, time and duration of visit) each and every occasion in which each Named Member visited any of the PSCs since January 1, 2015, including without limitation the PSCs identified in paragraphs 26-33 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 11**

ACB objects to this request as requiring ACB to seek out information that is not in its possession, custody or control.  Discovery obligations are limited to information "in the responding party's possession, custody, or control."  See, e.g., Fed. R. Civ. P. 34(a)(1).  No provision of the Rules authorizes a defendant to request information from an associational plaintiff when such information is in the possession, custody, and control of a third party on whose membership the association relies for standing.  ACB further objects to this interrogatory as seeking information within the custody and control of Defendants, which maintain records concerning patient visits.

10

PLAINTIFF AMERICAN COUNCIL OF THE BLIND'S RESPONSE TO FIRST SET OF INTERROGATORIES FROM DEFENDANT QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC.

EXHIBIT 17 QA 1170

Without waiving any objections, ACB responds as follows: ACB does not know each and every occasion in which each Named Member visited any of the PSCs since January 1, 2015. ACB has knowledge of occasions in which Named Members visited any of the PSCs since January 1, 2015, because the Named Members contacted ACB and described such occasions, which were in turn described in the Amended Complaint.

**INTERROGATORY NO. 12**

Aside from those visits identified in response to Interrogatory No. 14, please identify (including by date and PSC location or other location at which the services offered by the PSCs are performed) each and every occasion since January 1, 2015 on which each Named Members was directed or asked by another medical or health care provider to visit any of the PSCs, or any other location at which the same services provided by the PSCs (including bloodwork) is or was performed. Your response shall include, without limitation, any occasion on which a Named Member was advised or directed by a healthcare provider to visit any of the PSCs but did not do so.

**RESPONSE TO INTERROGATORY NO.12**

ACB objects to this request as requiring ACB to seek out information that is not in its possession, custody or control. Discovery obligations are limited to information "in the responding party's possession, custody, or control." *See, e.g.*, Fed. R. Civ. P. 34(a)(1). No provision of the Rules authorizes a defendant to request information from an associational plaintiff when such information is in the possession, custody, and control of a third party on whose membership the association relies for standing. ACB further objects to this interrogatory as seeking information within the custody and control of Defendants, which maintain records concerning patient visits.

Without waiving any objections, ACB responds as follows: ACB does not

11

PLAINTIFF AMERICAN COUNCIL OF THE BLIND'S RESPONSE TO FIRST SET OF INTERROGATORIES FROM DEFENDANT QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC.

EXHIBIT 17 QA 1171

know each and every occasion since January 1, 2015 on which each Named Members was directed or asked by another medical or health care provider to visit any of the PSCs, or any other location at which the same services provided by the PSCs (including bloodwork) is or was performed. ACB has knowledge of occasions in which Named Members visited any of the PSCs since January 1, 2015, because the Named Members contacted ACB and described such occasions, which were in turn described in the Amended Complaint.

**INTERROGATORY NO. 13**

For each occasion identified in your response to Interrogatory Nos. 14 and 15, please state the name(s) of any individual, including any aid, family member, companion and/or representatives or employees of the PSC who attended or assisted each Named Member in any way during their visit.

**RESPONSE TO INTERROGATORY NO. 13**

ACB objects to this request as requiring ACB to seek out information that is not in its possession, custody or control. Discovery obligations are limited to information "in the responding party's possession, custody, or control." *See, e.g.*, Fed. R. Civ. P. 34(a)(1). No provision of the Rules authorizes a defendant to request information from an associational plaintiff when such information is in the possession, custody, and control of a third party on whose membership the association relies for standing.

Without waiving any objections, ACB responds as follows: ACB does not know the name(s) of all individuals who attended or assisted each Named Member. ACB is aware of the following individuals who have assisted the Named Members:

- Mary Haroyan – her father
- Nona Haroyan – her father
- Kathy Lyons – her driver Arnold Hudson

12

PLAINTIFF AMERICAN COUNCIL OF THE BLIND'S RESPONSE TO FIRST SET OF INTERROGATORIES FROM DEFENDANT QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC.

EXHIBIT 17 QA 1172

- Robin Rehder – a patient who she does not know

**INTERROGATORY NO. 14**

Please identify (including by location, date, time and duration of visit) each and every occasion in which each Named Member visited any non-PSC facility for bloodwork/blood draw and/or diagnostic testing since January 1, 2015.

**RESPONSE TO INTERROGATORY NO. 14**

ACB objects to this request as requiring ACB to seek out information that is not in its possession, custody or control. Discovery obligations are limited to information "in the responding party's possession, custody, or control." *See, e.g.*, Fed. R. Civ. P. 34(a)(1). No provision of the Rules authorizes a defendant to request information from an associational plaintiff when such information is in the possession, custody, and control of a third party on whose membership the association relies for standing.

Without waiving any objections, ACB responds as follows: ACB is not aware of any occasions in which each Named Member visited any non-PSC facility for bloodwork/blood draw and/or diagnostic testing since January 1, 2015.

**INTERROGATORY NO. 15**

Please identify (by name and by last known address and phone number) all individuals who witnessed or have personal knowledge of each Named Member's alleged inability and/or difficulty using the Kiosk at any PSC, as alleged in the paragraphs 29-33 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 15**

ACB objects to this request as requiring ACB to seek out information that is not in its possession, custody or control. Discovery obligations are limited to information "in the responding party's possession, custody, or control." *See, e.g.*, Fed. R. Civ. P. 34(a)(1). No provision of the Rules authorizes a defendant to

13

PLAINTIFF AMERICAN COUNCIL OF THE BLIND'S RESPONSE TO FIRST SET OF INTERROGATORIES FROM DEFENDANT QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC.

EXHIBIT 17 QA 1173

request information from an associational plaintiff when such information is in the possession, custody, and control of a third party on whose membership the association relies for standing.

Without waiving any objections, ACB responds as follows: ACB does not know the identity of individuals who witnessed or have personal knowledge of each Named Member's alleged inability and/or difficulty using the Kiosk at any PSC apart from that described in response to Interrogatory No. 13.

**INTERROGATORY NO. 16**

Please identify each and every complaint, grievance, arbitration, lawsuit or legal proceeding that you and your members (including the Named Members) made, submitted or commenced against any person or entity, since January 1, 2015, regarding any alleged violation of law by any person or entity based on the alleged inaccessibility to persons with disabilities of any goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation (including without limitation any claim under the Americans with Disabilities Act, the Rehabilitation Act, the Unruh Civil Rights Act, or California Disabled Persons Act).

**RESPONSE TO INTERROGATORY NO. 16**

ACB objects to this request as overly broad, unduly burdensome, unreasonable, and not proportional to the needs of the case. The identity of all complaints, grievances, arbitrations, lawsuits or legal proceedings that ACB and its members have commenced concerning accessibility would require ACB to seek out information that is not in its possession, custody or control. Discovery obligations are limited to information "in the responding party's possession, custody, or control." *See, e.g.*, Fed. R. Civ. P. 34(a)(1). No provision of the Rules authorizes a defendant to request information from an associational plaintiff when such information is in the possession, custody, and control of a

14

PLAINTIFF AMERICAN COUNCIL OF THE BLIND'S RESPONSE TO FIRST SET OF INTERROGATORIES FROM DEFENDANT QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC.

EXHIBIT 17 QA 1174

third party on whose membership the association relies for standing.

ACB also objects to the extent that this interrogatory seeks information unrelated to accessibility of touch-screen kiosks, which are at the center of ACB's lawsuit. Production of information about legal proceedings unrelated to the accessibility of touch-screen kiosks would therefore not be proportional to the needs of the case.

Without waiving any objections, ACB responds as follows: ACB has been a plaintiff in the following lawsuits related to the accessibility of touch-screen kiosks:

- *Davis, et al. v. Laboratory Corporation of America Holdings*, 20-cv-00893 (C.D. Cal.)
- *American Council of the Blind v. Eatsa*, No. 17-cv-2096 (S.D.N.Y. 2017).

### INTERROGATORY NO. 17

Please identify (including by case name, case number, and court) each and every lawsuit in which you or any of the Named Members have been a putative or certified class representative regarding any violation of law based on the inaccessibility to persons with disabilities of any goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation.

### RESPONSE TO INTERROGATORY NO. 17

ACB objects to this request as overly broad, unduly burdensome, unreasonable, and not proportional to the needs of the case. The identity of each and every lawsuit in which ACB or any of the Named Members have been a putative or certified class representative regarding any violation of law based on the inaccessibility to persons with disabilities of any goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation

15

PLAINTIFF AMERICAN COUNCIL OF THE BLIND'S RESPONSE TO FIRST SET OF INTERROGATORIES FROM DEFENDANT QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC.

EXHIBIT 17 QA 1175

would require ACB to seek out information that is not in its possession, custody or control. Discovery obligations are limited to information "in the responding party's possession, custody, or control." *See, e.g.*, Fed. R. Civ. P. 34(a)(1). No provision of the Rules authorizes a defendant to request information from an associational plaintiff when such information is in the possession, custody, and control of a third party on whose membership the association relies for standing.

ACB also objects to the extent that this interrogatory seeks information unrelated to accessibility of touch-screen kiosks, which are at the center of ACB's lawsuit. Production of information about legal proceedings unrelated to the accessibility of touch-screen kiosks would therefore not be proportional to the needs of the case.

Without waiving any objections, ACB responds as follows: ACB is unaware of any lawsuits in which ACB itself or one of its Named Members has been a putative or certified class representative regarding any violation of law based on the accessibility of touch-screen kiosks.

### INTERROGATORY NO. 18

Please identify (including by case name, case number, and court) each and every lawsuit in which a court granted or denied an application, motion or request by you or any of the Named Members to be designated as a class representative in a class action proceeding.

### RESPONSE TO INTERROGATORY NO. 18

ACB objects to this request as overly broad, unduly burdensome, unreasonable, and not proportional to the needs of the case. The identity of each and every lawsuit in which a court granted or denied an application, motion or request by you or any of the Named Members to be designated as a class representative in a class action proceeding would require ACB to seek out information that is not in its possession, custody or control. Discovery

16

PLAINTIFF AMERICAN COUNCIL OF THE BLIND'S RESPONSE TO FIRST SET OF INTERROGATORIES FROM DEFENDANT QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC.

EXHIBIT 17 QA 1176

obligations are limited to information "in the responding party's possession, custody, or control." *See, e.g.*, Fed. R. Civ. P. 34(a)(1). No provision of the Rules authorizes a defendant to request information from an associational plaintiff when such information is in the possession, custody, and control of a third party on whose membership the association relies for standing.

ACB also objects to the extent that this interrogatory seeks information unrelated to accessibility of touch-screen kiosks, which are at the center of ACB's lawsuit. Production of information about legal proceedings unrelated to the accessibility of touch-screen kiosks would therefore not be proportional to the needs of the case.

Without waiving any objections, ACB responds as follows: ACB is unaware of any lawsuit in which a court granted or denied an application, motion or request by ACB or any of the Named Members for ACB or a Named Member to be designated as a class representative in a class action proceeding involving the accessibility of touch-screen kiosks.

**INTERROGATORY NO. 19**

Please identify each and every organization in which each of the Named Members are or were a board member, director, officer, employee or member since January 1, 2015 and whose mission includes or included ensuring, advancing or protecting the rights of persons with disabilities to have access to any goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation, including under the Americans with Disabilities Act, Rehabilitation Act, Unruh Civil Rights Act or California Disabled Persons Act.

**RESPONSE TO INTERROGATORY NO. 19**

ACB objects to this request as overly broad, unduly burdensome, unreasonable, and not proportional to the needs of the case. The identity of each

and every organization in which each of the Named Members are or were a board member, director, officer, employee or member since January 1, 2015 would require ACB to seek out information that is not in its possession, custody or control. Discovery obligations are limited to information "in the responding party's possession, custody, or control." *See, e.g.*, Fed. R. Civ. P. 34(a)(1). No provision of the Rules authorizes a defendant to request information from an associational plaintiff when such information is in the possession, custody, and control of a third party on whose membership the association relies for standing.

Without waiving any objections, ACB responds as follows: ACB is aware that Kathy Lyons has served as the Vice President of the Western New York Chapter of the American Council of the Blind.

Dated: December 24, 2020          NYE, STIRLING, HALE & MILLER, LLP

/s/ Jonathan D. Miller
Jonathan D. Miller
Alison M. Bernal
Benjamin J. Sweet
Jordan T. Porter

HANDLEY FARAH & ANDERSON

/s/ Matthew Handley
Matthew K. Handley

*Attorneys for Plaintiffs*

18

PLAINTIFF AMERICAN COUNCIL OF THE BLIND'S RESPONSE TO FIRST SET OF INTERROGATORIES FROM DEFENDANT QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC.

EXHIBIT 17 QA 1178

# PROOF OF SERVICE

## DISTRICT OF COLUMBIA

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the District of Columbia. My business address is 777 6th Street, NW, 11th Floor, Washington, DC, 20001.

On December 24, 2020 and December 28, 2020, I served true copies of the following document(s) described as following document(s):

**PLAINTIFF AMERICAN COUNCIL OF THE BLIND'S RESPONSE TO FIRST SET OF INTERROGATORIES FROM DEFENDANT QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC.**

on the interested parties in this action as follows:

David Raizman, Esq.
david.raizman@ogletree.com
Amber L. Roller
amber.roller@ogletree.com
J. Nicholas Marfori
nicholas.marfori@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, California 90071
Telephone: 213-239-9800
Facsimile: 213-239-9045

*Attorneys for Defendant*

[X]  **BY EMAIL ON DECEMBER 24**: I caused the above listed document(s) to be sent via electronic mail to the above listed email address from the email address lindsey@nshmlaw.com and did not receive an error message after sending.

[X]  **BY MAIL ON DECEMBER 28:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with my company's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California and the District of Columbia that the above is true and correct. Executed on December 24, 2020.

*/s/ Matthew Handley*
Matthew Handley

19

PLAINTIFF AMERICAN COUNCIL OF THE BLIND'S RESPONSE TO FIRST SET OF INTERROGATORIES FROM DEFENDANT QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC.

EXHIBIT 17 QA 1179