# EXHIBIT 29

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
DAVID RAIZMAN, CA Bar No. 129407
david.raizman@ogletree.com
AMBER L. ROLLER, CA Bar No. 273354
amber.roller@ogletree.com
J. NICHOLAS MARFORI, CA Bar No. 311765
nicholas.marfori@ogletree.com
400 South Hope Street, Suite 1200
Los Angeles, California 90071
Telephone: 213-239-9800
Facsimile: 213-239-9045

Attorneys for Defendants
QUEST DIAGNOSTICS CLINICAL
LABORATORIES, INC.; QUEST
DIAGNOSTICS HOLDINGS, INC. and
QUEST DIAGNOSTICS INCORPORATED

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JULIAN VARGAS, ANNE WEST and AMERICAN COUNCIL OF THE BLIND, individually on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC., QUEST DIAGNOSTICS HOLDINGS, INC., QUEST DIAGNOSTICS INCORPORATED; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:19-cv-08108 DMG (MRWx)<br><br>**DECLARATION OF DAVID RAIZMAN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Date: October 29, 2021<br>Time: 10:00 a.m.<br>Place: Courtroom 8C<br><br>Complaint Filed: September 18, 2019<br>Trial Date: January 11, 2022<br>District Judge: Hon. Dolly M. Gee<br>   Courtroom 8C, First St.<br>Magistrate Judge: Hon. Michael R. Wilner<br>   Courtroom 550, Roybal |

Case No. 2:19-cv-08108 DMG (MRWx)
DECLARATION OF DAVID RAIZMAN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION

# DECLARATION OF DAVID RAIZMAN

I, David Raizman, declare and state as follows:

1. I am an attorney duly licensed to practice in all of the courts of the State of California and in this Court and am a shareholder with the law firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., attorneys of record for defendants Quest Diagnostics Clinical Laboratories, Inc., Quest Diagnostics Holdings, Inc., and Quest Diagnostics Incorporated (collectively, "Quest"). I make this declaration in support of Defendants' Opposition to Plaintiff's Motion for Class Certification (the "Opposition"). I have personal knowledge of all the facts set forth below. If called upon to testify to these facts, I could and would do so competently.

2. The American Federation for the Blind publishes guidance on the definition of legal blindness on its webpage at https://www.afb.org/research-and-initiatives/statistics/key-definitions-statistical-terms (last visited September 30, 2021). Attached as Exhibit 16 to the accompanying Appendix is a true and correct copy of the *Statistical Snapshots from the American Federation for the Blind: Key Definitions of Statistical Terms,* published by the AFB.

3. On November 12, 2020, defendant Quest Diagnostics Clinical Laboratories, Inc. served its First Set of Interrogatories on Plaintiff American Council of the Blind. On December 24, 2020, Plaintiff American Council of the Blind served its responses to Defendant Quest Diagnostics Clinical Laboratories, Inc.'s First Set of Interrogatories. Attached as Exhibit 17 to the accompanying Appendix is a true and correct copy of Plaintiff American Council of the Blind's Response to First Set of Interrogatories From Defendant Quest Diagnostics Clinical Laboratories, Inc.

4. On April 12, 2021, Plaintiff's counsel took the first session of the deposition of Taylor Carr in this case. A certified court stenographer attended the deposition, administered a solemn oath to Taylor Carr, and stenographically recorded his/her testimony. Attached as Exhibit 18 to the accompanying Appendix is a true

1   Case No. 2:19-cv-08108 DMG (MRWx)
DECLARATION OF DAVID RAIZMAN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

EXHIBIT 29 QA 1553

1 and correct copy of the cover page and the excerpted portions of the deposition
2 transcript of Taylor Carr cited by Defendants on this Opposition.

3       5.      On April 6, 2021, Defendants served on Plaintiff a document Bates-
4 labeled QUEST-VARGAS000039568-39608. An analysis of this document shows
5 that on January 1, 2018, the beginning of the class period, less than half of the PSCs
6 had a Kiosk. (1,163 on Jan. 1, 2018, 1,684 on June 1 and 2,020 on Dec. 1). Attached
7 as Exhibit 19 to the accompanying Appendix is a true and correct copy of QUEST-
8 VARGAS000039568-39608 cited by Defendants on this Opposition.

9       6.      Defendants duly noticed and took the depositions of Mr. Vargas, Ms.
10 Stanley and several other ACB members and putative class members in this action.
11 While many of these members admit to being helped immediately in the excerpted
12 materials found at Exhibit 20 to the accompanying Appendix, Vargas and some ACB
13 members claim waits ranging from one to 90 minutes (mostly relatively short waits)
14 before they were assisted. Attached as Exhibit 20 to the accompanying Appendix
15 are the cover pages and excerpts of the testimony of Julian Vargas, Claire Stanley,
16 Ardis Bazyn, Ralph Black, Regina Brink, Donna Grahmann, Mary Haroyan, Nona
17 Haroyan, Kathleen Lyons and Robin Rehder relating to the length of time they
18 waited before being seen at the PSCs. None of these patients claims to have been
19 denied diagnostic testing services.

20       7.      Attached as Exhibit 21 to the accompanying Appendix are the cover
21 pages and excerpts of the testimony of Julian Vargas, Ardis Bazyn, Ralph Black,
22 Mary Haroyan, Nona Haroyan, Robin Redher and Claire Stanley in which they share
23 stories of being helped nearly immediately upon arriving at a Quest PSC.

24       8.      On August 19, 2021, I took the deposition of Claire Stanley in this case
25 pursuant to proper notice. A certified court stenographer attended the deposition,
26 administered a solemn oath to Claire Stanley, and stenographically recorded her
27 testimony. Attached as Exhibit 23 to the accompanying Appendix is a true and
28 correct copy of the cover page and the excerpted portions of the deposition transcript

and exhibit of Claire Stanley cited by Defendants on this Opposition.

9. On June 9, 2020, I took the deposition of Clark Rachfal in this case pursuant to proper notice. A certified court stenographer attended the deposition, administered a solemn oath to Clark Rachfal, and stenographically recorded his testimony. Attached as Exhibit 24 to the accompanying Appendix is a true and correct copy of the cover page and the excerpted portions of the deposition transcript and exhibit of Clark Rachfal cited by Defendants on this Opposition.

10. On April 8, 2021, Plaintiff's counsel took the first session of the deposition of Marc Yarrison in this case. A certified court stenographer attended the deposition, administered a solemn oath to Marc Yarrison, and stenographically recorded his testimony. Attached as Exhibit 25 to the accompanying Appendix is a true and correct copy of the cover page and the excerpted portions of the deposition transcript of Marc Yarrison cited by Defendants on this Opposition.

I declare under penalty of perjury under the laws of the State of California and the United States that the facts stated above are true and correct.

Executed on October 1, 2021, at Los Angeles, California.

/s/ David Raizman
David Raizman