OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
DAVID RAIZMAN, CA Bar No. 129407
david.raizman@ogletree.com
AMBER L. ROLLER, CA Bar No. 273354
amber.roller@ogletree.com
J. NICHOLAS MARFORI, CA Bar No. 311765
nicholas.marfori@ogletree.com
400 South Hope Street, Suite 1200
Los Angeles, California 90071
Telephone: 213-239-9800
Facsimile: 213-239-9045

Attorneys for Defendants
QUEST DIAGNOSTICS CLINICAL
LABORATORIES, INC.; QUEST
DIAGNOSTICS HOLDINGS, INC. and
QUEST DIAGNOSTICS INCORPORATED

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN VARGAS, ANNE WEST and AMERICAN COUNCIL OF THE BLIND, individually on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC., QUEST DIAGNOSTICS HOLDINGS, INC., QUEST DIAGNOSTICS INCORPORATED; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:19-cv-08108 DMG (MRWx)<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO MOTION FOR CLASS CERTIFICATION**<br><br>[*Filed concurrently with Defendants' Opposition To Plaintiffs' Motion For Class Certification; Defendants' Appendix of Evidence; and Defendants' Objections to Plaintiff's Evidence*]<br><br>Date: October 29, 2021<br>Time: 10:00 a.m.<br>Place: Courtroom 8C<br><br>Complaint Filed: September 18, 2019<br>Trial Date: January 11, 2022<br>District Judge: Hon. Dolly M. Gee<br>Courtroom 8C, First St.<br>Magistrate Judge: Hon. Michael R. Wilner<br>Courtroom 550, Roybal |

Case No. 2:19-cv-08108 DMG (MRWx)
DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT
OF OPPOSITION TO MOTION FOR CLASS CERTIFICATION

48772226_1.docx

1  Pursuant to Rule 201 of the Federal Rules of Evidence, defendants Quest Diagnostics Laboratories, Inc., Quest Diagnostics Holdings, Inc., and Quest Diagnostics Incorporated (collectively "Quest") respectfully request that the Court take judicial notice of a study that has simply counted the number of federal court lawsuits filed under Title III of the Americans with Disabilities Act ("Title III") between January 1, 2013 and June 30, 2021.

The Court may take notice of facts that are capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2). It is well-established that courts may take judicial notice of their own records, as well as the records of other courts, which are all matters of public record. *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts.") (internal citation omitted); *Bernier v. Travelers Prop. Casualty Co., Inc.,* 2019 WL 4865017, at *2 (C.D. Cal. Sept. 5, 2019) ("Matters which are proper subjects of judicial notice include the opinions of other courts, and the pleadings, briefs, and other documents filed in other actions,") (internal citations omitted); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

The document listed below and attached as **Exhibit A** to this Request is an August 18, 2021 report prepared by a well-known law firm that has counted the number of Title III actions filed in our nation's federal courts. This report recites the number of federal Title III filings since January 1, 2013, grouped by year for years 2013 through 2020, and through June 30, 2021 for this calendar year. The report is based solely on publically available, federal complaints retrieved through the Public Access to Court Electronic Records ("PACER") system. Further, the study itself is publically available on the internet, and describes the publishing law firm's methodology as: "Our overall ADA Title III lawsuit numbers come from the federal court's docketing system, PACER. However, because the area of law code that covers ADA Title III cases also includes ADA Title II cases, our research

48772226_1.docx

1   Case No. 2:19-cv-08108 DMG (MRWx)
DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT
OF OPPOSITION TO MOTION FOR CLASS CERTIFICATION

department reviews the complaints to remove those cases from the count." As the report cites to and is based upon federal complaints that are open to the public, Quest respectfully submits that the Court may take judicial notice of the report.

**Exhibit B** is a document is that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot be questioned. This document provides definitions of terms used respecting the visually-impaired that apply to and describe varying levels of sighted ability, including a definition of "legally blind." Exhibit B provides references for its definitions, which can be readily accessed to determine their accuracy. Specifically, the document cites to the Social Security Administration's "Blue Book Disability Evaluation Under Social Security" for its accuracy. As Exhibit B and the definitions within it can be accurately and readily determined from sources whose accuracy cannot be questioned, Quest respectfully submits that the Court take judicial notice of this document. See City & Cty. of S.F. v. Azar, 411 F. Supp. 3d 1001, 1026 (N.D. Cal. 2019) (taking judicial notice of various governmental documents, including the Health and Human Services ("HHS") budget, HHS definition of "sterilization," and HHS Factsheet, among other various publically available government documents).

**Exhibit A**   "ADA Title III Federal Mid-Year Lawsuit Numbers at All-Time High", August 18, 2021, Seyfarth Shaw LLP, Minh Vu, Kristina Launey, Susan Ryan, available at https://www.adatitleiii.com/2021/08/ada-title-iii-federal-mid-year-lawsuit-numbers-at-an-all-time-high/ (last accessed 9/30/21).

**Exhibit B**   "Statistical Snapshots from the American Federation for the Blind: Key Definitions of Statistical Terms," available at https://www.afb.org/research-and-initiatives/statistics/key-definitions-statistical-terms (last accessed 10/01/21).

/ / /

/ / /

2   Case No. 2:19-cv-08108 DMG (MRWx)
DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT
OF OPPOSITION TO MOTION FOR CLASS CERTIFICATION
48772226_1.docx

| | |
|---|---|
| DATED: October 1, 2021 | Respectfully submitted,<br><br>OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.<br><br>By: /s/ David Raizman<br>David Raizman<br>Amber L. Roller<br>J. Nicholas Marfori<br><br>Attorneys for Defendants<br>QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC.; QUEST DIAGNOSTICS HOLDINGS, INC. and QUEST DIAGNOSTICS INCORPORATED |

48772226_1.docx

3   Case No. 2:19-cv-08108 DMG (MRWx)
DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT
OF OPPOSITION TO MOTION FOR CLASS CERTIFICATION