OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
DAVID RAIZMAN, CA Bar No. 129407
david.raizman@ogletree.com
AMBER L. ROLLER, CA Bar No. 273354
amber.roller@ogletree.com
J. NICHOLAS MARFORI, CA Bar No. 311765
nicholas.marfori@ogletree.com
400 South Hope Street, Suite 1200
Los Angeles, California 90071
Telephone: 213-239-9800
Facsimile: 213-239-9045

Attorneys for Defendants
QUEST DIAGNOSTICS CLINICAL
LABORATORIES, INC.; QUEST
DIAGNOSTICS HOLDINGS, INC. and
QUEST DIAGNOSTICS INCORPORATED

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JULIAN VARGAS, ANNE WEST and AMERICAN COUNCIL OF THE BLIND, individually on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC., QUEST DIAGNOSTICS HOLDINGS, INC., QUEST DIAGNOSTICS INCORPORATED; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:19-cv-08108 DMG (MRWx)<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EVIDENCE IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**<br><br>[Filed concurrently with Opposition to Plaintiff's Motion for Class Certification, Appendix of Evidence]<br><br>Date: October 29, 2021<br>Time: 10:00 a.m.<br>Place: Courtroom 8C<br><br>Complaint Filed: September 18, 2019<br>Trial Date: January 11, 2022<br>District Judge: Hon. Dolly M. Gee<br>Courtroom 8C, First St.<br>Magistrate Judge: Hon. Michael R. Wilner<br>Courtroom 550, Roybal |

Case No. 2:19-cv-08108 DMG (MRWx)

QUEST'S OBJECTIONS TO PLAINTIFFS' EVIDENCE IN SUPPORT OF MOTION FOR CLASS
CERTIFICATION

Defendants Quest Diagnostics Clinical Laboratories, Inc.; Quest Diagnostics Holdings, Inc. and Quest Diagnostics Incorporated ("Defendants") hereby object to Plaintiffs' evidence in support of Motion for Class Certification as follows:

**Exhibit 4: Declaration of Julian Vargas (PA0017-PA0018)**

| Paragraph | Objection |
|---|---|
| 2 | Fed. R. Evid. 1002.  The actual content of the message is the best evidence of the message, not the witness' report of the content. |
| 3 | Fed. R. Evid. 1002.  The actual content of the message is the best evidence of the message, not the witness' report of the content. |
| 4 | Fed. R. Evid. 1002.  The actual content of the message is the best evidence of the message, not the witness' report of the content. |

**Exhibit 5: Relevant Portions of the Deposition of Marc Yarrison, taken on April 8, 2021 (PA0019-PA0064)**

| Page:line | Objection |
|---|---|
| PA0029:17-24 | Fed. R. 402, 403.  Not relevant and capacity for confusion because ADA Standards for Accessible Design expressly state that the ATM standards and other independent use standards did not apply to Interactive Transaction Machines, like the Kiosk.  In addition, the phrase "independently usable" is sufficiently vague to be subject to multiple interpretations.<br><br>Also mischaracterizes the testimony.  Witness did not admit that during the Class Period, ECSS contained no features that |

| | |
|---|---|
| | would make it independently usable by legally blind people. Rather, witness testified that, as he sat in the deposition, he was not aware of any such features. |
| PA0031:20-38:20 | Fed. R. 30(b)(6); Fed. R. Evid. 602.  Questioning beyond the scope of the subject matters, but attempted to use on that basis.  Plaintiffs also fail to lay a foundation for questions about the subject matter or the witness's knowledge of the entirety of the document presented. |
| PA0039:6-40:12 | Fed. R. 402, 403.  Not relevant and capacity for confusion because ADA Standards for Accessible Design expressly state that the ATM standards and other independent use standards did not apply to Interactive Transaction Machines, like the Kiosk.  In addition, the phrase "independently accessible" is sufficiently vague to be subject to multiple interpretations. |
| PA0041:21-42:3 | Mis-cites the relevant testimony. <br> Fed. R. Evid. 602.  Plaintiffs failed to lay a foundation for the witness's knowledge of this subject, which he disclaimed. |
| PA0042:24-43:88 | Mischaracterizes the testimony.  Calls for legal conclusion as to whether other options presented to Quest were ADA-compliant. <br> Plaintiffs' citation to "43:88" in their brief is incorrect, and not capable of reasonable interpretation. |
| PA0043:11-44:3 | Mischaracterizes the witness' testimony.  In the cited passage, the witness did not testify that Quest never performed any analysis of what it would cost to provide its legally blind customers with access to ECSS. |

| | |
|---|---|
| | As to responses following 43:18, Fed. R. 602. Plaintiffs failed to lay a foundation for the witness' knowledge of these subjects, which knowledge he disclaimed generally and specifically. |
| PA0045:3-46:18<br>PA0045:4-47:3 | Fed. R. 702, 703. Determination of whether options presented were ADA-compliant calls for legal conclusion. Undue burden analysis also calls for legal conclusion.<br>Fed. R. Evid. 602. Plaintiffs failed to lay a foundation for the witness' knowledge of these subjects, which knowledge he disclaimed. |

**Exhibit 6: Relevant Portions of the Deposition of Taylor Carr, taken on April 12, 2021, and July 30, 2021 (PA0065-PA0100)**

| Page:line | Objection |
|---|---|
| PA0072:2-75:12 | Fed. R. Evid. 602. Plaintiffs failed to lay a foundation for the witness' knowledge of these subjects, which knowledge he disclaimed. |
| PA0076:9-80:3 | Fed. R. Evid. 602. Witness's testimony expresses a direct lack of knowledge of the subject matter of Plaintiffs' questions and his testimony calls for speculation. The questioning went beyond the scope of the subject matters agreed by the parties. |
| PA0081:4-25.<br>PA0082:1-84:5 | Lack of foundation for facts asserted in question.<br>Fed. R. Evid. 602. Witness's testimony expresses a direct lack of knowledge of the subject matter of Plaintiffs' questions. Also mischaracterizes the testimony. |
| PA0085:6-17 | Fed. R. Evid. 602. Plaintiffs failed to lay a foundation for the |

| | | |
|---|---|---|
| | | witness' knowledge of these subjects, which knowledge he disclaimed. The questioning went beyond the scope of the subject matters agreed by the parties. |
| | PA0089:2-8 | Mischaracterizes the testimony to state that Quest treated the three-finger swipe enhancement as fully implemented in August 2020. Rather, the devices had been enabled as of that date. The Quest TV message and supplementary training were to follow in January 2021 and March 2021, respectively, as repeatedly testified to elsewhere. |
| | PA0095:1-95:19 | Fed. R. Evid. 602. Plaintiffs failed to lay a foundation for the witness' knowledge of these subjects, which knowledge he disclaimed. The questioning went beyond the scope of the subject matters agreed by the parties. |
| | PA0095:20-96:25 | Fed. R. Evid. 602. Plaintiffs press line of questioning despite failure to lay a foundation for the witness' knowledge of these subjects, which knowledge he disclaimed. The questioning went beyond the scope of the subject matters agreed by the parties. |
| | PA0097:20-98:7 | Questioning was beyond the scope of the deposition as agreed. |
| | PA099:17-19 | Questioning was beyond the scope of the deposition as agreed and witness was not tasked with having knowledge responsive to a 30(b)(6) topic concerning whether the audio indicator is currently available at all Quest PSCs. |
| | PA0100:5-7 | Questioning was beyond the scope of the deposition as agreed and witness was not tasked with having knowledge |

| | |
|---|---|
| | responsive to a 30(b)(6) topic concerning whether the audio indicator is currently available at all Quest PSCs.  Also, the assertion in Plaintiffs' Memorandum of Points & Authorities that cites this testimony mischaracterizes the testimony, which states only that the witness "feel[s] pretty confident in saying yes, it's [the audio indicator is] available on all locations[.]" |

**Exhibit 9: Relevant Portions of the Deposition of Christopher Grant, taken on April 20, 2021 (PA0232-PA0249)**

| Page:line | Objection |
|---|---|
| PA0238:25-239:7 | Fed. R. Evid. 602.  Plaintiffs failed to lay a foundation for the witness' knowledge of these subjects, which knowledge he disclaimed.<br>Fed. R. Evid. 602, 403.  Assumes knowledge of legal terminology ("aids and auxiliary services") from a lay witness, which becomes more confusing because it misstates the legal term.  42 U.S.C. § 12182(b)(2)(A)(iii) ("auxiliary aids and services"). |
| PA0246:7-15 | Mischaracterizes testimony to say there were no or "auxiliary aids and services" available when Plaintiffs failed to lay a found for the witness' knowledge of this legal term or that his response was intended to be a complete response to available "auxiliary aids and services." |

**Exhibit 10: Relevant Portions of the Deposition of Julian Vargas, taken on April 22, 2021 (PA0250-PA0509)**

| Page:line | Objection |
|---|---|
| PA0461:7-21 | Fed. R. Evid. 602.  Lacks foundation, calls for speculation. |

**Exhibit 12: Relevant Portions of the Deposition of Ardis Bazyn, taken on April 27, 2021, and August 6, 2021 (PA0515-PA0524)**

| Page:line | Objection |
|---|---|
| PA0518-A:7-12 | Mischaracterizes the testimony. PA0518:14-19 demonstrates that a Quest employee did assist the witness after 10 or 15 minutes. |
| PA0519:22-25 | Mischaracterizes the testimony. Witness testified only that witness did not "remember" hearing "a TV going off in the waiting room[.]" |

**Exhibit 19: Relevant Portions of the Deposition of Adam Aronson, taken on June 29, 2021 (PA0610-PA0630)**

| Page:line | Objection |
|---|---|
| PA0622:16-20 | Fed. R. Evid. 602, 403, 803.  Out-of-court declarant taken for the truth of the matter asserted, without any applicable hearsay exception because the speaker is not identified, let alone their ability to speak for Quest then or in the context of an admission against interest.<br><br>There is also no foundation for this generalized testimony about what "Quest wanted."  No alleged declarants are identified, no dates, no context for the conversation.  No statement about what was actually stated.  Nor does the witness identify the basis on which he assumed that any such speaker spoke for Quest at the time.  Witness' testimony is pure speculation about Quest's motives.<br><br>No relevance to testimony. Quest's motives in developing a Kiosk are irrelevant to this litigation or any of the issues of proof.  It is particularly irrelevant here where there is no |

| | |
|---|---|
| | testimony about Quest considering higher-priced options that may have provided further accessibility options. |
| PA0624:12-625:9 | Fed. R. Evid. 602.  Lack of foundation for witness's knowledge as to what Quest was looking for. |
| PA0627:12-16 | Fed. R. Evid. 602.  Witness' own testimony constitutes speculation.  He is asked if he has a recollection of a specific topic being discussed.  He does not affirm that he did, merely speculating that it was "highly likely." |
| PA0628:20-24  **[Full cite in Plaintiffs' brief at PA0628:20-629:6]** | Objection as to form.  Mischaracterizes the testimony.  Witness testified only as to his personal recollection about whether Quest approached him personally, witness did not testify as to whether Quest ever inquired about the possibility of having an inaccessible kiosk for blind customers. |

**Exhibit 20: Relevant Portions of the Deposition of Tom Walsh, taken on July 1, 2021 (PA0631-PA0676)**

| Page:line | Objection |
|---|---|
| PA0639:11-640:3 | Fed. R. Evid. 602.  Witness' testimony expresses a direct lack of familiarity with the subject matter of Plaintiffs' questions.  Many individual answers likewise indicate a lack of knowledge. |
| PA0649:24-651:25 | Fed. R. Evid. 602.  Entire line of questioning about a document (Ex. 7) and a vendor (Habey) about which the witness expressly states he has no awareness. |
| PA0652:2-654:9 | Fed. R. Evid. 602.  Entire line of questioning about a document (Ex. 7) and a vendor (Habey) about which the witness expressly states he has no awareness. |

| Page:line | Objection |
|---|---|
| PA0655:5-25 | Fed. R. 402, 403.  Not relevant and capacity for confusion because ADA Standards for Accessible Design expressly state that the ATM standards and other independent use standards did not apply to Interactive Transaction Machines, like the Kiosk.  In addition, the phrase "independently check" is sufficiently vague to be subject to multiple interpretations. |
| PA0656:25-657:19 | Fed. R. Evid. 602.  Witness' testimony expresses a direct lack of knowledge regarding the subject of the question. |
| PA0658:1-19 | Fed. R. Evid. 602.  Prior testimony expressly disavows any knowledge of Lilitab or discusions about headphone jack.  There is no foundation for this witness to answer this question or draw any conclusions from it.  The question itself implies facts ($30/unit) for which there is no foundation in the record. |
| PA0668:15-25 | Mischaracterizes the testimony. No reference to a cost-saving measure in testimony. |
| PA0669:25-670:10 | Mischaracterizes the testimony. |
| PA672:8-20 | Fed. R. Evid. 602.  Witness' testimony expresses a direct lack of knowledge regarding the subject of the question. |
| PA0674:4-17 | Fed. R. Evid. 402, 403. The word "critical" is sufficiently vague to be subject to multiple interpretations. |

**Exhibit 21: Relevant Portions of the Deposition of Prudencia Magana, taken on August 3, 2021 (PA0677-PA0688)**

| Page:line | Objection |
|---|---|
| PA0683:19-24 | Fed. R. 402, 403.  The phrase "independently accessible" is sufficiently vague to be subject to multiple interpretations. |
| PA0684:2-9 | Fed. R. 402, 403.  The phrase "primary consideration" is |

|  | sufficiently vague to be subject to multiple interpretations, and calls for a legal conclusion. |
|---|---|
| PA0684:10-21 | Fed. R. 402, 403.  The phrase "primary consideration" is sufficiently vague to be subject to multiple interpretations, and calls for a legal conclusion. |
| PA0684:22-685:4 | Fed. R. 402, 403.  The phrase "primary consideration" is sufficiently vague to be subject to multiple interpretations, and calls for a legal conclusion. |
| PA0685:5-18 | Fed. R. 402, 403.  The phrase "primary consideration" is sufficiently vague to be subject to multiple interpretations, and calls for a legal conclusion. |
| PA0685:19-686:10 | Calls for legal conclusion. |
| PA0687:3-9 | Fed. R. 402, 403.  The phrase "primary consideration" is sufficiently vague to be subject to multiple interpretations, and calls for a legal conclusion. |
| PA0687:15-688:7 | Fed. R. 402, 403.  The phrase "primary consideration" is sufficiently vague to be subject to multiple interpretations, and calls for a legal conclusion. |

**Exhibit 31: Declaration of Mark Derry (PA0858-PA0875)**

| Paragraph | Objection |
|---|---|
| Entirety | Report is untimely and prejudicial, having been disclosed three days before the discovery cutoff, with no resulting opportunity for Quest's cross-examination, when Plaintiffs had months to dispatch Derry to PSCs to inspect Three Finger Swipe (TFS).  In fact, Plaintiffs had dispatched Julian Vargas to review the TFS two months earlier, in mid-June |

| | |
|---|---|
| | 2019.  (Oppo. at 12.)  *Matrix Int'l Textile, Inc. v. Monopoly Textile, Inc.*, No. CV 16-0084 FMO (AJWx), 2017 U.S. Dist. LEXIS 168133 (C.D. Cal. May 9, 2017) at *10 (supplemental fact witnesses disclosed three days before the discovery closure deadline, allowing no meaningful opportunity for depositions, excluded). |
| Entirety | Duplicative, irrelevant and unnecessary. Fed. R. Evid. 403; *United States v. Lewis*, 837 F.2d 415, 418 (9th Cir. 1988) (court may exclude testimony as unnecessarily duplicative of prior testimony by the defendant and other witnesses). |
| Entirety | Incompetent, prejudicial, confusing testimony.  Fed. R. Evid. 602, 403. As set forth in greater detail in the accompany Declaration of Joseph A. Krock, Ph.D. ("Krock Decl."), a statistical/survey expert, Derry's "report" is actually a short set of simple self-directed questions that were formulated by him or other unknown persons regarding personal observations he allegedly made at 24 out of more than *2,100* Quest PSC locations in only 3 states.  (Krock Decl. *passim*.) Surveying only 24 of more than 2,100 PSCs represents a statistically insignificant sample by which anyone – no less a lay witness like Mr. Derry – can evaluate the efficacy of Quest's company-wide TPS program. (Krock Decl. ¶¶ 11-14.)  A statistically significant sample would require surveying at least 100 to 400 locations.  (*Id.* at ¶ 13.) Additionally, Derry's sample of PSC sites does not appear to be random, another violation of basic statistical principles, nor does he explain how or why he selected those particular |

| | |
|---|---|
| | PSCs, and the sites are not representative of Quest PSCs across any state or the country. (*Id.* at ¶¶ 15-16.)  Further, Derry's observations occur as a single event, of limited and unrecorded duration, at each location as if to make a judgment even about that location from such limited evidence.  Collectively, all of these factors making any conclusions drawn from such observations not generalizable to Quest's PSCs. (*Id.* at ¶¶ 17-19.)  Finally, Derry's observations are qualitative, not quantitative, and replete with equivocation and qualifying language such as "may sometimes," "usually," "not all," "many times," "inconsistently," "with few exceptions," "at some locations," "if," "but only," "varies" "almost never," and "usually two to three." (*Id.* at ¶¶ 20-22.)  For these reasons no competent statistical conclusions can be drawn from Derry's factual observations, and his report and testimony is unhelpful and potentially confusing to the Court. |
| Entirety | Fed. R. Evid. 402.  Derry's observations are irrelevant to the Court's consideration of the issues before it, namely, whether Quest's two modes of "effective communication" are effective approaches, not whether there are alleged unique instances where either of these alternatives may not work due to some isolated issue.  *Kirola v. City & Cty. of San Francisco*, 860 F.3d 1164, 1183 (9th Cir. 2017); 28 C.F.R. § 36.211(b). |

**Exhibit 32: Declaration of Rachael Montgomery (PA0876-PA0900)**

| Paragraph | Objection |
|---|---|

| | |
|---|---|
| Entirety | Fed. R. 30.  Unauthorized, unobserved and *ex parte* discovery.  Witness' inspection of the Kiosk was limited by Plaintiffs' Rule 30 notice to the Kiosk in place in June 2020, but witness proceeded to inspect and comment on the current Kiosk. |
| PA877 | Fed. R. 702, 703.  Witness has no formal training or education in cost assessment or financial impact on the implementation or alteration of kiosks. |
| PA0885-886 (paras 45-49, 51) | Fed. R. Evid. 702, 703.  Undue burden analysis calls for legal conclusion.  Witness' analysis discounts the multi-million price tag for the existing Kiosks.  Witness also bases her conclusion that Quest would not bear an undue financial burden only on a few options:  adding a headphone jack at $30/kiosk, including a keypad w/headphone jack at each kiosk for $309.75 and cost to mount the keypad – NOT including training staff hours/costs/updating all kiosks, assessing safeguarding of devices and now keeping all such devices clean post-pandemic. |

**Exhibit 33: Declaration of Jed Greene (PA0901-PA0993)**

| Paragraph | Objection |
|---|---|
| PA0909-911 (para 21-23) | Fed. R. Evid. 702, 703.  Analysis #1 of estimated number of patients attempting to use a Quest Kiosk in the United States and California annually was determined by an insufficient sampling of 19 patients who stated that they visited a PSC an average of 2.57 times per years. (Krock Decl. ¶¶ 11-14 (sample size of 24 PSCs to evaluate 2,100 PSCs applies many times over to 19-patient survey to cover over tens of |

| | |
|---|---|
| | millions of annual check-ins at PSCs in 2018-2019.) |
| Entirety | Fed. R. Evid. 702, 703. Analysis speculatively assumes that every blind or otherwise visually-impaired patient who visited a Quest PSC was denied full and equal access to Quest's services. |

**Exhibit 34: Declaration of Richard Simmons (PA0994-PA1030)**

| Paragraph | Objection |
|---|---|
| Entirety | Fed. R. Evid. 702, 703. Analysis is based on insufficient data as to the identify of class members as opposed to simply patients who visited a Quest PSC and used a Kiosk, whether visually-impaired or not, let alone whether they were denied full and equal access to Quest's services. |

Respectfully submitted,

DATED: October 1, 2021

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ David Raizman
David Raizman
Amber L. Roller
J. Nicholas Marfori

Attorneys for Defendants
QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC.; QUEST DIAGNOSTICS HOLDINGS, INC. and QUEST DIAGNOSTICS INCORPORATED

48786144.1