OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
DAVID RAIZMAN, CA Bar No. 129407
david.raizman@ogletree.com
AMBER L. ROLLER, CA Bar No. 273354
amber.roller@ogletree.com
J. NICHOLAS MARFORI, CA Bar No. 311765
nicholas.marfori@ogletree.com
400 South Hope Street, Suite 1200
Los Angeles, California  90071
Telephone:  213-239-9800
Facsimile:   213-239-9045

Attorneys for Defendants
QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC.; QUEST DIAGNOSTICS HOLDINGS, INC. and QUEST DIAGNOSTICS INCORPORATED

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JULIAN VARGAS, ANNE WEST and AMERICAN COUNCIL OF THE BLIND, individually on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC., QUEST DIAGNOSTICS HOLDINGS, INC., QUEST DIAGNOSTICS INCORPORATED; and DOES 1-10, inclusive,<br><br>        Defendants. | Case No. 2:19-cv-08108 DMG (MRWx)<br><br>**DEFENDANTS' *EX PARTE* APPLICATION FOR LEAVE TO FILE A MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>[Submitted with Memorandum of Points and Authorities; Declaration of David Raizman; and [Proposed] Order]<br><br>Complaint Filed: September 18, 2019<br>Trial Date: November 1, 2022<br>District Judge: Hon. Dolly M. Gee<br>    Courtroom 8C, First St.<br>Magistrate Judge: Hon. Michael R. Wilner<br>    Courtroom 550, Roybal |

1

Case No. 2:19-cv-08108 DMG (MRWx)
DEFENDANTS' EX PARTE APPLICATION FOR
LEAVE TO FILE A MOTION FOR PARTIAL SUMMARY JUDGMENT

## *EX PARTE* APPLICATION

PLEASE TAKE NOTICE that defendants Quest Diagnostics Clinical Laboratories, Inc., Quest Diagnostics Holdings, Inc., and Quest Diagnostics Incorporated (collectively, "Quest"), with the following showing of good cause, hereby apply *ex parte* for an order granting Quest leave to file a motion for partial summary judgment as to the Class Plaintiffs' certified claims (the "Certified Class Claims"), notwithstanding the Court's Initial Standing Order holding each side to one dispositive motion. (ECF 13 at 6.) Quest further applies for an order treating its proposed papers in support of its motion for partial summary judgment as timely filed on May 6, 2022 in anticipation of a June 17, 2022 hearing date.

This intended motion will be dispositive of the Certified Class Claims because the class certified by this Court (ECF 190), at Plaintiffs' request (ECF 107), assumes that the ADA required Quest's Kiosks to be "independently accessible," an issue that this Court can and should now decide as a matter of law. (*See* Order Re Plaintiff's Motion for Class Certification ("Class Certification Order" − ECF 190.) The Court issued its Class Certification Order on December 2, 2021, *after* Quest filed its initial motion for summary judgment on September 3, 2021 (ECF 95) *and after* the Court issued its Order Re Quest's Motion for Summary Judgment on October 15, 2021 (ECF 144).

As a result of this sequence of events, Quest did not have the opportunity to fully and directly address the dispositive impact on the Certified Class Claims of the Court's Class Certification Order. Quest submits that its proposed Motion for Summary Judgment as to the Certified Class Claims will obviate the need for a trial of the Certified Class Claims, and clarify and narrow the remaining individual issues to be tried on November 1, 2022.

This *Ex Parte* Application is based on the accompanying Memorandum of Points and Authorities, the accompanying Declaration of David Raizman

("Raizman Decl.") and the exhibits to that declaration, which include Quest's proposed Motion for Summary Judgment as to the Certified Class Claims (and supporting papers), the filings and submissions of the parties in this action, the filings and submissions on this Application and such other matters that the Court may properly consider.

Quest contacted counsel for Plaintiffs to inquire as to their position on the relief sought in this Application, briefly explaining the reasons for the Application. The parties met and conferred on both the relief sought in this Application and the proposed motion for summary judgment on April 25, 2022. (*See* accompanying Declaration of David Raizman ("Raizman Decl.") ¶ 5 and Ex. C.) Counsel for Plaintiffs oppose the relief sought on this Application claiming, among other things, that the Court's Standing Order limits each side to one dispositive motion (ECF 13 at 6) and the Court declined to reach this issue on Quest's initial motion for summary judgment. (Raizman Decl. ¶ 5.)

Respectfully submitted,

DATED: May 6, 2022

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ David Raizman
David Raizman
Amber L. Roller
J. Nicholas Marfori

Attorneys for Defendants
QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC.; QUEST DIAGNOSTICS HOLDINGS, INC. and QUEST DIAGNOSTICS INCORPORATED