Jonathan D. Miller (SBN 220848)
jonathan@nshmlaw.com
Alison M. Bernal (SBN 264629)
alison@nshmlaw.com
NYE, STIRLING, HALE
& MILLER, LLP
33 West Mission Street, Suite 201
Santa Barbara, CA 93101
Telephone: (805) 963-2345

Benjamin J. Sweet
(*Admitted Pro Hac Vice*)
ben@nshmlaw.com
NYE, STIRLING, HALE
& MILLER, LLP
1145 Bower Hill Road, Suite 104
Pittsburgh, PA 15243
Telephone: (412) 857-5350

*Attorneys for Plaintiffs Julian Vargas,
American Council of the Blind, and the Certified Class*

*Additional counsel for Plaintiff listed on signature page*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN VARGAS and AMERICAN COUNCIL OF THE BLIND, individually on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC., QUEST DIAGNOSTICS HOLDINGS, INC., QUEST DIAGNOSTICS INCORPORATED; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:19-cv-08108-DMG-MRW<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS'** ***EX PARTE*** **APPLICATION FOR LEAVE TO FILE A SECOND MOTION FOR SUMMARY JUDGMENT**<br><br>*[Filed Concurrently With Declaration of Alison Bernal]*<br><br>Complaint Filed: September 18, 2019<br>Discovery Cutoff: August 27, 2021<br>Pretrial Conf: October 4, 2022<br>Trial Date: November 1, 2022<br>District Judge: Hon. Dolly M. Gee<br>Magistrate: Hon. Michael M. Wilner |

Plaintiffs respectfully submit this opposition to Defendants' *ex parte* application to extend the scheduling order and allow Defendants to file a second motion for summary judgment.

///

1
PLAINTIFFS' OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION TO AMEND THE SCHEDULING ORDER AND ALLOW SECOND MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

Plaintiffs oppose the *ex parte* application for multiple procedural and substantive reasons.

First, Defendants failed to provide Plaintiffs notice they would be pursuing a Rule 16 motion via an *ex parte* application. On this basis alone, the application should be denied. Specifically, during the meet and confer process Plaintiffs initiated on their motion for summary judgment, the parties also met and conferred on Defendants' Rule 16 motion. Defendants' Rule 16 motion seeks leave to permit them to file a second motion for summary judgment on the same grounds this Court rejected on their initial motion. Defendants first raised their desire to pursue the Rule 16 motion after Plaintiffs stated they would be moving for summary judgment. During the meet and confer process, Plaintiffs asked Defendants on the record: "So what you are seeking to do, then, is to file essentially a motion to amend the existing scheduling order under Rule 16 that would allow you to file a subsequent [i.e. second] Rule 56 motion, correct?" Defendant: "Yeah." (Bernal Declaration, Ex. E, pp. 18:7-11.) Not once during the meet and confer process, lasting several weeks, did Defendants suggest they would be pursuing a Rule 16 motion via an *ex parte* application. Defendants' application has resulted in Plaintiffs having to file a substantive response within 24 hours, rather than the proper timeframe Plaintiffs should otherwise have to oppose the motion. Defendants' intent in doing so is clear – to "leapfrog" this Court's consideration of Plaintiffs' motion for summary judgment. However, because Defendants failed to follow the rules, this Court should soundly reject Defendants' efforts.

Second, granting this *ex parte* would require an extension of the scheduling order, which this Court has stated multiple times it will not do. (*See, e.g.,* Dkt. 130 (denying Quest's prior *ex parte* to continue dates; Dkt. 77 (stating: "Given that the parties have stipulated to this extension of time with full knowledge of the

2

consequences, the Court **WILL NOT** grant any further requests for continuance." [emphasis in original]; see also Dkt. 66.) The last day to file dispositive motions was May 6, 2022. (Dkt. 95-1.) Defendants have been on notice of this dispositive motion cut-off date since the Court entered its amended scheduling order on December 28, 2021. Defendants waited over four months before pursuing their *ex parte* application, but through their application seek to continue three portions of the scheduling order: the filing deadline, the hearing deadline, and the rule allowing each side one motion each for summary judgment. (Dkt. 13, p. 6.) Defendants' request runs contrary to the Court's multiple prior admonitions against further continuances of the scheduling order.

Third, Defendants have failed to meet their burden to justify *ex parte* relief. The Court ruled on Defendants' summary judgment motion seven months ago (Dkt. 144.) Defendants did not seek reconsideration or renewal of their motion within the timeframe provided by the Federal Rules of Civil Procedure or the orders of this Court. Rather, as stated above, it was not until Plaintiffs initiated the meet and confer process on their procedurally proper motion that Defendants claimed the need for a second summary judgment motion. (Bernal Declaration, Exs. A, B, C.) Defendants' delay in pursuing their Rule 16 motion does not equate to exigent circumstances warranting *ex parte* relief.

Fourth, the gravamen of Defendants' *ex parte* – that they were denied due process on the class-based dismissal argument because Defendants filed their summary judgment before the Court ruled on class certification – is demonstrably false. First, Defendants knew Plaintiffs' proposed class definition weeks before filing their summary judgment motion, and thus had notice of the class definition and a chance to challenge it in their motion for summary judgment. (Bernal Declaration, Ex. G.) Second, the Court's May 18, 2021, previous scheduling order put the parties on notice that the schedule **they jointly selected** might mean the

3

Court rules on summary judgment before class certification, and that this would not be adequate grounds for relief in the future. (Dkt. 77.) Yet, this is the exact exigency Defendants now claim warrants *ex parte* relief. Dkt. 209, page 2. Thus, even if there was a valid due process argument (which there manifestly is not), Defendants have waived that argument by their prior joint filings in this case.

Finally, Defendants second Rule 56 motion seeks to argue the absence of a statutory requirement to provide Plaintiffs an independently accessible check-in kiosk negates Plaintiffs' claims for violation of the ADA for failing to provide effective communication during the check-in process. Defendants have repeatedly raised this same argument in their prior summary judgment, in the class certification briefing, at the hearings on those motions, in their motions *in limine*, and at the pretrial conference. At every turn, this Court has soundly rejected this argument. (*See, e.g.,* Transcript at Pretrial Conference: "MR. RAIZMAN: The Derry report. Number 5 -- number -- you know, [motion in limine] number 5 is on the experiences that people had at Quest which goes directly to the notion of are those experiences such as they may be relevant if the class is defined as a class that was denied services because of the absence of an independently accessible device. THE COURT: Well, I think that part of the reason why -- I mean, obviously, I would be more than happy to decide the legal issue if it was purely susceptible to a motion for summary judgment type of situation, which you obviously tried. But I found that there were triable issues that affected that particular legal issue. And so I don't think that it's worthwhile to have you try that again and have me only to reach that same conclusion again." (Bernal Declaration, Ex. I, p. 17:13-25); *see also,* Transcript at Motion for Summary Judgment Hearing: THE COURT: "**I think I have already stated now, the third time, I don't think there is necessarily a requirement for independent access. But if you actually had it, then all to the good. But if you don't have it, then there has to be some other kind of access.**" (In response to the

4

same argument Defendants raise again in their application) (Bernal Declaration, Ex. H, p. 9:1-5). Defendant have cited no new evidence or law that would justify reconsideration of this issue and/or support *ex parte* relief. As before, the Court should reject Defendants' arguments.

## II. THE COURT SHOULD DENY THE *EX PARTE* APPLICATION

### A. *Defendants did not provide proper ex parte notice*

Defendants' *ex parte* application violates the rules of this Court and the Central District. This Court's local rules require:

> The moving party shall immediately serve the *ex parte* application on the opposing party by fax, email, or hand delivery and shall notify the opposing party that any opposition must be filed not later than 24 hours after the service of the application. The moving party shall advise the Court in its application whether opposing counsel will be filing opposition and explain what efforts, if any, have been made to confer with opposing counsel regarding the substance of the application and any potential resolution prior to the filing of the application.

The Central District's Local Rule 7-19 contain the same notice requirements. Yet, Defendants never provided notice of an *ex parte* application during any of the following, which encapsulates all the meet and confer efforts engaged in by the parties:

- April 18, 2022: Plaintiffs sent Defendants a request for a Local Rule 7-3 meet and confer conference on Plaintiffs' anticipated motion for summary judgment. (Bernal Declaration, Ex. A.)
- April 20, 2022, at 3:58 p.m.: Plaintiffs did not receive a response from Defendants, and thus sent a follow up email with proposed meet and confer times. (Bernal Declaration, Ex. B.)
- April 20, 2022, 4:22 p.m.: Defendants sent Plaintiffs a letter requesting a meet and confer on *Defendants*' "motion for leave to file a dispositive motion based on the class definition, and (b) dispositive motion." The letter did not reference an *ex parte* application. (Bernal Declaration, Ex.

C.)

- April 21, 2022: Plaintiffs expressly requested Defendants identify what Federal Rule they intended to bring their motion under. Defendants did not respond. Plaintiffs emailed again on April 22, 2022. Defendants then responded indicating they intended to move under Rule 56. (Bernal Declaration, Ex. D.) Again, there was no reference to an *ex parte* application.

- April 23, 2022: the parties met and conferred on Plaintiffs' motion for summary judgment, as well as Defendants' purported Rule 56 motion. A court reporter was present. During this conference, Defendants stated for the first time that they intended to move under Rule 16 via a noticed motion for leave to file a second Rule 56 motion. Defendants never referenced doing so via an *ex parte* application. (Bernal Declaration, Ex. E.)

- May 4, 5, and 6, 2022: The parties exchanged meet and confer emails about the hearing date for Plaintiffs' motion for summary judgment. Plaintiffs originally intended to set the motion for hearing on June 3, 2022. This prompted a response from Defendants that they would seek *ex parte* relief to have the hearing date set for June 17, 2022. This is the *only* reference to an *ex parte* application in the three weeks between notice of Plaintiffs' intended summary judgment motion and the filing of the motion. To avoid unnecessarily burdening this Court, Plaintiffs agreed to the June 17, 2022, hearing date. (Bernal Declaration, Ex. F.) However, at no time did Defendants provide notice they would seek relief under Rule 16 via an *ex parte* application.

- May 6, 2022, 5:49 p.m.: Defendants – without any prior notice – filed their *ex parte* application rather than the motion under Rule 16 they

expressly identified during the April 23, 2022 meet and confer. (Dkt. 209.)

As such, Defendants never provided the required *ex parte* notice. Defendants never notified Plaintiffs that any opposition must be filed no later than 24 hours after service of the application (on the Saturday of Mother's Day weekend nonetheless). (Bernal Declaration, ¶ 9.) And while the parties met and conferred about pending motions, there was never once a reference to an *ex parte* application, nor that Defendants would wait until the final day for motion filings to file an *ex parte* application. (Bernal Declaration, ¶ 10.) Thus, Defendants failed to provide the required *ex parte* notice and their application should be denied.

### B. *The Court has already stated there will be no further extensions or relief from the scheduling orders.*

Even if Defendants had provided proper notice, which they did not, this Court has already stated multiple times there will be no further relief from the scheduling order. Yet, Defendants seek multiple forms of relief: (1) to file a second motion for summary judgment (relief from Judge Gee's Initial Standing Order, Dkt. 13, p. 6), (2) to file a dispositive motion beyond the dispositive motion deadline (relief from the Amended Scheduling Order, Dkt. 195-1 (setting May 6, 2022, as the final date to file dispositive motions)), and (3) to have a dispositive motion heard after the last date set for hearing (relief from the Amended Scheduling Order, Dkt. 195-1 (setting June 17, 2022, as the final date to hear dispositive motions)). This runs contrary to this Court's multiple prior admonitions. (*See, e.g.,* Dkt. 130 (denying Quest's prior *ex parte* to continue dates; Dkt. 77 (stating: "Given that the parties have stipulated to this extension of time with full knowledge of the consequences, the Court **WILL NOT** grant any further requests for continuance." [emphasis in original].)

### C. *Defendants have not demonstrated exigent circumstances warranting ex parte relief*

Defendants' *ex parte* application does not demonstrate any "temporal urgency such that immediate and irreparable harm will occur" to justify the application. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). Indeed, Defendants did not serve this application "immediately" as outlined in this Court's procedures, but rather waited **seven months** after the Court ruled on their prior summary judgment motion (Dkt. 144), six months after the Court ruled on class certification (Dkt. 190), four months after the Court amended its scheduling order (Dkt. 195), and two weeks after meeting and conferring on Plaintiffs' anticipated motion for summary judgment (Bernal Declaration, Ex. E). (*See* "Judge's Procedures No. 6, 'Ex Parte Applications'"[1]). Again, this Court has made crystal clear in prior orders that no further continuances would be granted. (Dkt. 66; Dkt. 77.) Defendants currently have the opportunity to oppose Plaintiffs' motion for summary judgment when they file their opposition on May 23, 2022. Defendants are free to include any arguments they deem meritorious in their opposition, thus obviating any claim of irreparable harm. However, there are no facts outlined in Defendants' application to justify a further delay of this matter to accommodate Defendants' desire for "a second bite at the apple."

### D.   Defendants were never denied due process

Fourth, the gravamen of Defendants' *ex parte* – that they were denied due process on the class-based dismissal argument because Defendants filed their summary judgment motion before the Court ruled on class certification – is demonstrably false for two reasons.

First, Defendants knew Plaintiffs' proposed class definition weeks before filing their summary judgment motion, and therefore had notice of the class definition and an opportunity to challenge it in their first motion for summary

---

[1] As outlined at https://www.cacd.uscourts.gov/honorable-dolly-m-gee

8

PLAINTIFFS' OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION TO AMEND THE SCHEDULING ORDER AND ALLOW SECOND MOTION FOR SUMMARY JUDGMENT

judgment, in opposition to class briefing, and in briefing and arguments on motions *in limine*. During the meet and confer process on Plaintiffs' motion for class certification, Plaintiffs stated on the record the anticipated class definition. On August 26, 2021, the parties held a meet and confer conference on both Defendants' first motion for summary judgment and Plaintiffs' motion for class certification. That meet and confer session was transcribed by a court reporter. (Exhibit G to Bernal Declaration.) Plaintiffs stated on the record the anticipated definition and bases for class certification. Defendants did not file their motion for summary judgment until September 3, 2021, allowing ample time to address any class issues. Defendants then had opportunities to address the issues it raises here on their reply for summary judgment, their opposition to class certification, motions *in limine*, and the hearings on all motions. Thus, contrary to Defendants' claims, there has been no denial of due process.

Second, the record is clear that the Court's previous scheduling order put the parties on notice the schedule they jointly selected might mean the Court rules on summary judgment before class certification. The Court further stated this would not be grounds for relief down the road. (Dkt. 77.) Yet, this is the exact reason Defendants are now claiming "exigent" circumstances warranting *ex parte* relief. Thus, even if there was a valid due process argument, which there is not, Defendants have expressly waived that argument by their prior joint filings requesting this schedule.

### E.   *This Court has heard – and rejected – Defendants' argument multiple times*

Finally, Defendants have raised the same argument they raise here in their prior summary judgment motion, in the class certification briefing, at the hearings on those motions, and at the pretrial conference. The Court has heard the arguments and rejected them each time.

For instance, at the hearing on Defendants' motion for summary judgment, Defendants argued multiple times that "there is no requirement that there be an independently accessible devise…either of those would change the complexion of a trial on this issue, Your Honor, because otherwise, we will spend time on the possibly necessary issue of whether independent access is required." To which the Court correctly responded: "I think I have already stated now, the third time, I don't think there is necessarily a requirement for independent access. But if you actually had it, then all to the good. But if you don't have it, then there has to be some other kind of access." (Bernal Declaration, Ex. H, pp. 8:18-9:5.)

Then, at the pretrial conference the Court again noted she had already heard these arguments:

> MR. RAIZMAN: So I would ask Your Honor, just as a threshold matter, to adhere to its class certification order and put to the parties, perhaps, to brief the legal issue, just from the outset, about whether the device itself needs to be independently accessible. That's -- I apologize -- that's in a nutshell the threshold issue I would like the Court to address.
> …
> THE COURT: Well, I think that part of the reason why -- I mean, obviously, I would be more than happy to decide the legal issue if it was purely susceptible to a motion for summary judgment type of situation, which you obviously tried. But I found that there were triable issues that affected that particular legal issue. And so I don't think that it's worthwhile to have you try that again and have me only to reach that same conclusion again.

(Bernal Declaration, Ex. I, pp. 17:1-25.) There is no new evidence or law that changes Defendants' arguments, and the Court should reject them again.

Defendants have neither met the procedural nor the substantive requirements justifying emergency relief via their *ex parte* application. Accordingly, Plaintiffs respectfully request the Court deny Defendants' *ex parte* application in its entirety.

Dated: May 7, 2022

Respectfully submitted,

By: */s/ Jonathan D. Miller*
Jonathan D. Miller (SBN 220848)

10
PLAINTIFFS' OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION TO AMEND THE SCHEDULING ORDER AND ALLOW SECOND MOTION FOR SUMMARY JUDGMENT

jonathan@nshmlaw.com
Alison M. Bernal (SBN 264629)
alison@nshmlaw.com
NYE, STIRLING, HALE
& MILLER, LLP
33 West Mission Street, Suite 201
Santa Barbara, CA 93101
Telephone: (805) 963-2345

Benjamin J. Sweet
(Admitted *Pro Hac Vice*)
ben@nshmlaw.com
NYE, STIRLING, HALE
& MILLER, LLP
1145 Bower Hill Road, Suite 104
Pittsburgh, PA 15243
Telephone: (412) 857-5350

Matthew K. Handley
(Admitted *Pro Hac Vice*)
mhandley@hfajustice.com
HANDLEY FARAH &
ANDERSON PLLC
777 6th Street NW
Washington, DC 20001
Telephone: (202) 559-2411

*Attorneys for Plaintiffs Julian Vargas, American Council of the Blind, and the Certified Class*

11
PLAINTIFFS' OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION TO AMEND THE SCHEDULING ORDER AND ALLOW SECOND MOTION FOR SUMMARY JUDGMENT