1  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
2  DAVID RAIZMAN, CA Bar No. 129407
   david.raizman@ogletree.com
3  AMBER L. ROLLER, CA Bar No. 273354
   amber.roller@ogletree.com
4  J. NICHOLAS MARFORI, CA Bar No. 311765
   nicholas.marfori@ogletree.com
5  400 South Hope Street, Suite 1200
   Los Angeles, California  90071
6  Telephone:  213-239-9800
   Facsimile:   213-239-9045
7
   Attorneys for Defendants
8  QUEST DIAGNOSTICS CLINICAL
   LABORATORIES, INC.; QUEST
9  DIAGNOSTICS HOLDINGS, INC. and
   QUEST DIAGNOSTICS INCORPORATED
10

11              **UNITED STATES DISTRICT COURT**

12              **CENTRAL DISTRICT OF CALIFORNIA**

13  JULIAN VARGAS, ANNE WEST and        Case No. 2:19-cv-08108 DMG (MRWx)
    AMERICAN COUNCIL OF THE
14  BLIND, individually on behalf of    **DEFENDANTS' STATEMENT OF**
    themselves and all others similarly **UNCONTROVERTED FACTS AND**
15  situated,                           **CONCLUSIONS OF LAW IN**
                                        **SUPPORT OF DEFENDANTS'**
16              Plaintiffs,             **MOTION FOR PARTIAL SUMMARY**
                                        **JUDGMENT**
17        v.
                                        [Filed Concurrently with Notice of Motion
18  QUEST DIAGNOSTICS CLINICAL          and Motion; Memorandum of Points and
    LABORATORIES, INC., QUEST           Authorities; Declaration of David
19  DIAGNOSTICS HOLDINGS, INC.,         Raizman; Request For Judicial Notice; and
    QUEST DIAGNOSTICS                   [Proposed] Order]
20  INCORPORATED; and DOES 1-10,
    inclusive,                          Date:        June 17, 2022
21                                      Time:        9:30 a.m.
                Defendants.             Place:       Courtroom 8C
22

23                                      Complaint Filed: September 18, 2019
                                        Trial Date:      November 1, 2022
24                                      District Judge:  Hon. Dolly M. Gee
                                                         Courtroom 8C, First St.
25                                      Magistrate Judge:Hon. Michael R. Wilner
                                                         Courtroom 550, Roybal
26

27

28

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
51368980.v2-OGLETREE

Pursuant to Central District of California Local Rule 56-1 and this Court's Initial Standing Order (ECF 13), defendants Quest Diagnostics Clinical Laboratories, Inc., Quest Diagnostics Holdings, Inc., and Quest Diagnostics Incorporated (collectively, "Quest") submit the following Statement of Uncontroverted Facts and Genuine Disputes and Conclusions of Law in support of their Motion for Partial Summary Judgment.

## STATEMENT OF UNCONTROVERTED FACTS

| | Quest's Uncontroverted Fact | Supporting Evidence |
|---|---|---|
| 1. | The injunctive relief class in this action is defined as follows:<br><br>All legally blind individuals who visited a Quest patient service center in the United States between January 1, 2018 through December 31, 2019 (the "Class Period"), and were denied full and equal enjoyment of the services, facilities, privileges, advantages or accommodations due to Quest's failure to make its e-check-in self-service kiosks independently accessible to legally blind individuals. | ECF 190 at 15. |

## CONCLUSIONS OF LAW

Conclusion No. 1: The ADA Standards for Accessible Design (36 C.F.R. pt 1191, App. B & D − the "ADA Standards") contain the final word on any design requirement under the Americans with Disabilities Act ("ADA"). *Kohler v. Bed,*

1

STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

51368980.v2-OGLETREE

*Bath & Beyond of Cali.*, LLC, 778 F.3d 827, 832-33 (9th Cir. 2015); *Colo. Cross Disability Coal. v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1221 (10th Cir. 2014) (same) ("[O]therwise, an entity's decision to follow the standard and build an 'accessible' facility would have little meaning."). *See also West v. Moe's Franchisor, LLC*, No. 15-cv-2846, 2015 WL 8484567, at *4 (S.D.N.Y. Dec. 9, 2015) ("[G]iven the labyrinth of city, state, and federal regulations, it is not appropriate for this Court to announce new ones."); *National Federation of the Blind, Inc. v. Wal-Mart Associates, Inc.*, __ F. Supp. 3d __, 2021 WL 4750521 (D. Md. October 12, 2021).

Conclusion No. 2:  Section 707 of the ADA Standards does not require that devices other than ATMs or airline kiosks be made "independently accessible." ADA Standards 707 (36 C.F.R. Pt. 1191, App. B and D).

Conclusion No. 3:  Advisory 707 of the ADA Standards explicitly exempts "interactive transaction machines," such as the Quest e-check in kiosk ("Kiosk") at its patient service centers ("PSCs"), from any of the requirements of independent accessibility found in Section 707 of the ADA Standards or anywhere else in the ADA Standards.

Conclusion No. 4:  The statutory provision under which Plaintiffs and the certified class make their ADA claim is the "auxiliary aids and services" obligation in 42 U.S.C. § 12182(b)(2)(A)(iii), which is the subject of Department of Justice ("DOJ") regulation found at 28 C.F.R. § 36.303.  Section 36.303 provides that public accommodations must "furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities."

Conclusion No. 5: As the DOJ explained shortly after the ADA's passage, "The auxiliary aid requirement is a flexible one. A public accommodation can choose among various alternatives as long as the result is effective communication." App. B to 28 C.F.R. pt. 36, § 36.303.  As emphasized in the regulation itself, "the ultimate decision as to what measures to take rests with the public accommodation,

provided that the method chosen results in effective communication." 28 C.F.R. § 36.303(c)(1)(ii).  Moreover, the type of effective communication used hinges on the nature, length and complexity of the communication in question. 28 C.F.R. 36.303(c)(1)(ii) ("The type of auxiliary aid or service necessary to ensure effective communication will vary in accordance with the method of communication used by the individual; the nature, length, and complexity of the communication involved; and the context in which the communication is taking place.").

Conclusion No. 6:  Accordingly, it is well-settled that Title III of the ADA does not require a covered entity to provide the specific type of auxiliary aid demanded by a plaintiff.  *McCullum v. Orlando Reg'l Healthcare Sys.*, 768 F.3d 1135, 1147 (11th Cir. 2014) (holding that regulations do not require all demanded auxiliary aids and services, explaining that "construing the regulations in this manner would effectively substitute 'demanded' auxiliary aid for 'necessary' auxiliary aid") (citing and quoting *Liese v. Indian River Cty. Hosp. Dist.*, 701 F.3d 334, 343 (11th Cir. 2012)); *Durand v. Fairview Health Servs.*, 902 F.3d 836, 842 (8th Cir. 2018); *West v. Moe's Franchisor, LLC*, No. 15CV2846, 2015 WL 8484567, at *3 (S.D.N.Y. Dec. 9, 2015).

Conclusion No. 7:  As the DOJ stated in guidance published shortly after the passage of the ADA, "Full and equal enjoyment [under Title III of the ADA] does not mean that an individual with a disability must achieve an identical result or level of achievement as persons without a disability."  DOJ, "Guidance on ADA Regulations," App. C to 28 C.F.R., Part 36, § 36.201(a) (1991).  A Title III entity must "tak[e] reasonable steps to afford individuals with disabilities a 'like experience.'"  DOJ Statement of Interest (ECF 118) at 8 (quoting *Baughmann v. Walt Disney World Co.*, 685 F.3d 1131, 1135 (9th Cir. 2012).  *See also McNeil v. Time Ins. Co.*, 205 F.3d 179, 187 (5th Cir. 2000) ("it is literally possible, though strained, to construe 'full and equal enjoyment' to suggest that the disabled must be able to enjoy every good and service offered to the same and identical extent as those

STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES AND CONCLUSIONS OF LAW
IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

51368980.v2-OGLETREE

who are not disabled ... such a reading is plainly unrealistic, and surely unintended, because it makes an unattainable demand."); *Dobard v. San Francisco Bay Area Rapid Transit Dist.*, 1993 WL 372256, at *3 (N.D. Cal. Sept. 7, 1993).

Conclusion No. 8:  For the reasons stated above, the failure of a public accommodation's chosen "auxiliary aids or services" to deliver effective communication does not somehow translate to a requirement for an "independently accessible" Kiosk that is nowhere required by law and, in this case, is explicitly **not** required.  The failure of the chosen methodology of effective communication would mean simply that the public accommodation would be required to select another methodology, not an automatic switch to an explicitly-rejected methodology, an independently accessible Kiosk.

Conclusion No. 9:  The principle established above − that "independently accessible" Kiosks are not required as a matter of law − when married with the Court's definition of the certified class as those denied equal access to services as a result of the lack of such a Kiosk, results in the failure of the class' ADA claim.  As the Court previously noted, "If Plaintiffs' legal theory fails, or they prevail on a different theory, Quest will be potentially liable only to the Plaintiff."  (ECF 190 at 5.)

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Case No. 2:19-cv-08108 DMG (MRWx)

STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

51368980.v2-OGLETREE

<u>Conclusion No. 10</u>:  The claim for relief of the certified class under the Americans with Disabilities Act fails as a matter of law and should be dismissed with prejudice.

Respectfully submitted,

DATED: May 6, 2022

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By:  /s/ David Raizman
David Raizman
Amber L. Roller
J. Nicholas Marfori

Attorneys for Defendants
QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC.; QUEST DIAGNOSTICS HOLDINGS, INC. and QUEST DIAGNOSTICS INCORPORATED

5

Case No. 2:19-cv-08108 DMG (MRWx)

STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

51368980.v2-OGLETREE