OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
DAVID RAIZMAN, CA Bar No. 129407
david.raizman@ogletree.com
AMBER L. ROLLER, CA Bar No. 273354
amber.roller@ogletree.com
J. NICHOLAS MARFORI, CA Bar No. 311765
nicholas.marfori@ogletree.com
400 South Hope Street, Suite 1200
Los Angeles, California 90071
Telephone: 213-239-9800
Facsimile: 213-239-9045

Attorneys for Defendants
QUEST DIAGNOSTICS CLINICAL
LABORATORIES, INC.; QUEST
DIAGNOSTICS HOLDINGS, INC. and
QUEST DIAGNOSTICS INCORPORATED

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN VARGAS, ANNE WEST and AMERICAN COUNCIL OF THE BLIND, individually on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC., QUEST DIAGNOSTICS HOLDINGS, INC., QUEST DIAGNOSTICS INCORPORATED; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:19-cv-08108 DMG (MRWx)<br><br>**DEFENDANTS' *EX PARTE* APPLICATION TO STAY BRIEFING AND CONSIDERATION OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT PENDING DETERMINATION OF THE CLASS CERTIFICATION ISSUE RAISED IN THE COURT'S MAY 11, 2022 ORDER**<br><br>[Submitted with Declaration of David Raizman; [Proposed] Order]<br><br>Complaint Filed: September 18, 2019<br>Trial Date: November 1, 2022<br>District Judge: Hon. Dolly M. Gee<br>Courtroom 8C, First St.<br>Magistrate Judge: Hon. Michael R. Wilner<br>Courtroom 550, Roybal |

1   Case No. 2:19-cv-08108 DMG (MRWx)

DEFENDANTS' *EX PARTE* APPLICATION TO STAY BRIEFING OF MOTIONS FOR SUMMARY JUDGMENT PENDING DETERMINATION OF THE CLASS CERTIFICATION ISSUE

QUEST.Vargas.Ex Parte Application

3009025.8 015552-105199

## *EX PARTE* APPLICATION

PLEASE TAKE NOTICE that defendants Quest Diagnostics Clinical Laboratories, Inc., Quest Diagnostics Holdings, Inc., and Quest Diagnostics Incorporated (collectively, "Quest"), with the following showing of good cause, hereby apply *ex parte* for an order staying further briefing and consideration of Plaintiffs' Motion for Summary Judgment (ECF 207 *et seq.*) and Quest's Motion for Partial Summary Judgment (ECF 212 *et seq.*) pending the Court's determination of the class certification issue raised in the Court's May 11, 2022 Order (ECF 211). Quest makes this application because the outcome – and scope – of the parties' respective summary judgment motions hinges almost entirely on the question of whether a class remains and how it is defined.  As a result, the continued briefing on both summary judgment motions likewise hinges on the outcome of the Court's pending determination of the class certification issue.  Quest respectfully submits that the Court's – and the parties' – resources will be preserved by completing briefing on the certification issue identified in the Court's May 11, 2022, and in the meantime staying further briefing on the parties' respective summary judgment motions until the Court determines that certification issue.  At that time, it will become clear whether summary judgment motions are even necessary and, if so, what issues they must address.

Quest further requests that in granting this relief, the Court also direct that the parties shall still brief the issue of whether the Court should decertify or redefine the class in light of the Ninth Circuit's decision in *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 669 n.14 (9th Cir. 2022), and this Court's decision to certify only a Rule 23(b)(2) class, in accordance with the schedule that

QUEST.Vargas.Ex Parte Application

2   Case No. 2:19-cv-08108 DMG (MRWx)

DEFENDANTS' *EX PARTE* APPLICATION TO STAY BRIEFING OF MOTIONS FOR SUMMARY JUDGMENT PENDING DETERMINATION OF THE CLASS CERTIFICATION ISSUE

3009025.8 015552-105199

had been in place for briefing the respective motions for summary judgment.[1]

This Application is based on the accompanying Memorandum of Points & Authorities, the accompanying Declaration of David Raizman and the exhibit to that declaration, the filings and submissions of the parties in this action, the filings and submissions on this Application and such other matters that the Court may properly consider.

Quest contacted counsel for Plaintiffs on May 17, 2022 to inquire as to their position on the relief sought in this Application, briefly explaining the reasons for the Application.  (Raizman Decl. ¶ 2 and Ex. A.)  Counsel for Plaintiffs responded on May 18, 2022, indicating that they intend to oppose Quest's anticipated *ex parte* application on the grounds that, among other things, the Court already has ordered the parties to address the class definition issue in their remaining briefs on Quest's Motion for Partial Summary Judgment.  (Raizman Decl. ¶ 3.)

---

[1] The two crossing motions for summary judgment are currently scheduled to be heard on June 17, 2022.  While this would ordinarily make the opposition papers due May 27, 2022, to accommodate schedules, the parties agreed to file (and electronically serve) their opposition papers on May 24, 2022.  The reply papers remain due on June 3, 2022.  (*See* accompanying Declaration of David Raizman ("Raizman Decl.") ¶ 4.)

QUEST.Vargas.Ex Parte Application

3   Case No. 2:19-cv-08108 DMG (MRWx)

DEFENDANTS' *EX PARTE* APPLICATION TO STAY BRIEFING OF MOTIONS FOR SUMMARY JUDGMENT PENDING DETERMINATION OF THE CLASS CERTIFICATION ISSUE

3009025.8 015552-105199

DATED: May 19, 2022

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ David Raizman
David Raizman
Amber L. Roller
J. Nicholas Marfori

Attorneys for Defendants
QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC.; QUEST DIAGNOSTICS HOLDINGS, INC. and QUEST DIAGNOSTICS INCORPORATED

QUEST.Vargas.Ex Parte Application

Case No. 2:19-cv-08108 DMG (MRWx)
4
DEFENDANTS' *EX PARTE* APPLICATION TO STAY BRIEFING OF MOTIONS FOR SUMMARY JUDGMENT PENDING DETERMINATION OF THE CLASS CERTIFICATION ISSUE

3009025.8 015552-105199

# MEMORANDUM IN SUPPORT OF *EX PARTE* APPLICATION

## I. INTRODUCTION

Defendants Quest Diagnostics Clinical Laboratories, Inc., Quest Diagnostics Holding, Inc., and Quest Diagnostics Incorporated (collectively, "Quest"), with the following showing of good cause, hereby apply *ex parte* for an order staying further briefing and consideration of Plaintiff's motion for summary judgment and Quest's motion for partial summary judgment pending determination of the class certification issue raised in the Court's May 11, 2022 Order ("May 11 Order"). Mindful of the briefing schedule envisioned in the Court's May 11 Order, after due consideration of how the class certification issues intertwines with each of the pending motions for summary judgment, Quest respectfully makes this request in the interest of judicial economy and to prevent unnecessary expenditure of party costs and resources, as it is abundantly clear that the resolution – and proper scope – of both parties' summary judgment motions hinges on the extant question of whether the Court decertifies or redefines the class in light of the Ninth Circuit's *en banc* decision in *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 669 n.14 (9th Cir. 2022). The parties will complete briefing on that issue in accordance with the Court's May 11, 2022 Order, and it will be presented for argument at the hearing scheduled for June 17, 2022.

Upon the Court's determination of the certification issue, the parties will then be able to more appropriately determine whether a summary judgment motion is in fact still warranted and, if so, what issues remain to be addressed in light of the Court's decision on certification.

Plaintiffs oppose the relief sought. (Raizman Decl. ¶ 3.)

QUEST.Vargas.Ex Parte Application

1   Case No. 2:19-cv-08108 DMG (MRWx)

DEFENDANTS' *EX PARTE* APPLICATION TO STAY BRIEFING OF MOTIONS FOR SUMMARY JUDGMENT PENDING DETERMINATION OF THE CLASS CERTIFICATION ISSUE

3009025.8 015552-105199

## II. PROCEDURAL BACKGROUND

On May 6, 2022, Plaintiffs filed a Motion for Summary Judgment seeking judgment in favor of a certified national class ("Class Plaintiffs") and in favor of plaintiffs Julian Vargas and American Council of the Blind (collectively, "Plaintiffs") on their claims that Quest violated the Americans with Disabilities Act ("ADA"). (*See* ECF 207 *et seq.*) Specifically, Plaintiffs argue that Quest's check-in kiosks are inaccessible to legally blind individuals and Quest failed to provide "effective communication" through other means. (*See* ECF 207-1 at 4-5.) Plaintiffs therefore argue that each of them, including the Class Plaintiffs, are entitled to judgment as a matter of law. (*See id.* at 8, 28.)

Also on May 6, 2022, Quest filed an *Ex Parte* Application for Leave to File a Motion for Partial Summary Judgment. (ECF 209 *et seq.*) Quest's Application for leave to file its then-proposed motion for partial summary judgment was premised on the fact that the Court certified, at Plaintiffs' request, a fail-safe class that is defined narrowly along a single, specific theory of liability, namely, that the ADA requires that Quest's kiosks to be "independently accessible" and that Quest violated the ADA by allegedly failing to make its kiosks "independently accessible." (*See* ECF 209-1 at 1-4.) Quest submitted that it would demonstrate on summary judgment that, as a matter of law, the ADA does not require Quest's kiosks to be independently accessible and, therefore, the Class Plaintiffs cannot prevail on the sole theory of liability upon which their certified claims depend. (*See generally id.*)

On May 11, 2022, the Court issued an Order granting Quest's *ex parte* application, "conclud[ing] that this briefing would be useful in narrowing the issues for trial." (ECF 211 at 2.) The Court stated that it will hold a hearing on the parties' crossing motions for summary judgment on June 17, 2022. (*Id.*) In

2  Case No. 2:19-cv-08108 DMG (MRWx)

QUEST.Vargas.Ex Parte Application

DEFENDANTS' *EX PARTE* APPLICATION TO STAY BRIEFING OF MOTIONS FOR SUMMARY JUDGMENT PENDING DETERMINATION OF THE CLASS CERTIFICATION ISSUE

3009025.8 015552-105199

the same Order, though, the Court also stated that:

> The Ninth Circuit recently stated in an *en banc* decision that district courts should not define classes to include only those who were injured by allegedly unlawful conduct. *See Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 669 n.14 (9th Cir. 2022). In their briefing on Quest's MSJ, the parties shall address whether the Court should decertify or redefine the class in light of the *Olean* decision and this Court's decision to certify only a Rule 23(b)(2) class.

(*Id.*)

After further consideration of the certification issue raised in the Court's May 11 Order, Quest realized that the Court's decision as to whether to decertify or redefine the class will necessarily resolve most, if not all, of the parties' respective motions for summary judgment. Quest's counsel therefore wrote to Plaintiffs' counsel on May 17, 2022, seeking their position on an anticipated application for a stay of further briefing on the parties' respective summary judgment motions pending their completion of briefing on, and the Court's determination of, the class certification issue. (Raizman Decl., ¶ 2, Ex. A.) Plaintiff's counsel indicated that they would oppose Quest's anticipated application. (*Id.* ¶ 3.) This *ex parte* application now ensues.

### III. ARGUMENT

Though the Court recently directed that the parties address the class certification issue on the remaining briefing on Quest's motion for partial summary judgment, Quest nonetheless and respectfully submits that good cause exists here to stay briefing on the parties' respective summary judgment motions pending the Court's determination of the class certification issue, which would be

QUEST.Vargas.Ex Parte Application

3   Case No. 2:19-cv-08108 DMG (MRWx)

DEFENDANTS' *EX PARTE* APPLICATION TO STAY BRIEFING OF MOTIONS FOR SUMMARY JUDGMENT PENDING DETERMINATION OF THE CLASS CERTIFICATION ISSUE

3009025.8 015552-105199

fully briefed and presented for oral argument on June 17, 2022. Quest submits that the Court's and the parties' resources would be preserved by staying further rounds of briefing on summary judgment motions when the Court's decision on the class certification issue will either moot one or both of the parties' summary judgment motions altogether or, at a minimum, narrow and clarify the issues that remain for adjudication on summary judgment.

Plaintiffs' motion for summary judgment seeks judgment as a matter of law in favor of a class definition that cannot stand in light of the Ninth Circuit's recent decision in *Olean*, 31 F.4th at 669 n.14. If the Court decertifies the class, as Quest will submit it should, then Plaintiffs' motion for summary judgment in favor of the certified national class claims for injunctive relief becomes moot, as does Quest's motion for partial summary judgment, which seeks dismissal of the certified class's claim. But even if the Court redefines the class, that redefinition will almost certainly impact which legal issues remain in the case and are properly presented for adjudication on summary judgment. It would be a waste of both parties' time and resources to continue to brief their current summary judgment motions that are premised on issues that are all but certain to change or disappear altogether if the Court decides whether to decertify or redefine the class. By the same token, it would be a waste of the Court's time and resources to then review dueling, fully-briefed summary judgment motions addressing issues that were mooted or vastly altered by the Court's class certification determination.

In sum, it is clear that the outcome of the parties' dueling summary judgment motions hinges either almost entirely or merely largely on the Court's decision on the class certification issue. And whatever summary judgment-worthy issues might remain in the aftermath of the Court's class certification decision, the arguments concerning those issues will be vastly impacted by the Court's

QUEST.Vargas.Ex Parte Application

4   Case No. 2:19-cv-08108 DMG (MRWx)

DEFENDANTS' *EX PARTE* APPLICATION TO STAY BRIEFING OF MOTIONS FOR SUMMARY JUDGMENT PENDING DETERMINATION OF THE CLASS CERTIFICATION ISSUE

3009025.8 015552-105199

certification decision. In these circumstances, Quest submits that it serves little purpose to continue the hefty briefing on the parties' competing summary judgment motions until the parameters of the remaining issues are set by the Court's decision regarding class certification. Of course, though, Quest anticipates that the parties would proceed to brief the class certification issue in accordance with the schedule for briefing of the respective motions for summary judgment.

## IV.   CONCLUSION

For the reasons stated above, Quest respectfully submits that good cause exists for the Court to stay further briefing on the crossing motions for summary judgment until the Court decides the certification issue it raised in its May 11, 2022 Order. Quest further requests that in granting this relief, the Court also direct that the parties shall still brief the issue of whether the Court should decertify or redefine the class in light of the *Olean* decision and this Court's decision to certify only a Rule 23(b)(2) class in accordance with the schedule that had been in place for briefing the motions for summary judgment.

Respectfully submitted,

DATED: May 19, 2022

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ David Raizman
David Raizman
Amber L. Roller
J. Nicholas Marfori

Attorneys for Defendants
QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC.; QUEST DIAGNOSTICS HOLDINGS, INC. and QUEST DIAGNOSTICS INCORPORATED

5   Case No. 2:19-cv-08108 DMG (MRWx)

DEFENDANTS' *EX PARTE* APPLICATION TO STAY BRIEFING OF MOTIONS FOR SUMMARY JUDGMENT PENDING DETERMINATION OF THE CLASS CERTIFICATION ISSUE

QUEST.Vargas.Ex Parte Application

3009025.8 015552-105199