UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 19-8108-DMG (MRWx) | Date | June 17, 2022 |
| Title | *Julian Vargas, et al. v. Quest Diagnostics Clinical Labs., Inc., et al.* | Page | 1 of 7 |

Present: The Honorable  DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER MODIFYING CLASS DEFINITION**

On May 11, 2022, the Court issued an Order granting Defendant Quest's[1] *ex parte* application for leave to file a second motion for summary judgment. [Doc. # 211.] In its Order, the Court asked the parties to address whether the Court should decertify or redefine the Class in this action in light of the Ninth Circuit's recent decision in *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022) (*en banc*). This matter is before the Court on the parties' briefs in response to the Court's Order. [*See* Doc. ## 220 (Plaintiffs' Brief), 223 (Quest's Brief).] The Court held a hearing on this matter on June 17, 2022. Having considered the parties' arguments, the Court now renders its ruling.

**I.
BACKGROUND**[2]

On December 2, 2021, the Court granted in part Plaintiff Julian Vargas's motion for class certification and certified a Federal Rule of Civil Procedure 23(b)(2) class, defined as follows:

> All legally blind individuals who visited a Quest patient service center in the United States between January 1, 2018 through December 31, 2019 (the "Class Period"), and were denied full and equal enjoyment of the services, facilities, privileges, advantages, or accommodations due to Quest's failure to make its e-check-in self-service kiosks independently accessible to legally blind individuals.

---

[1] The defendants in this action are Quest Diagnostics Clinical Laboratories, Inc., Quest Diagnostics Holdings, Inc., and Quest Diagnostics Incorporated. The Court refers to all three entities collectively as "Quest" in the interest of simplicity.

[2] The Court incorporates its discussion of the factual background in its Order re Defendants' Motion for Summary Judgment ("MSJ Order") [Doc. # 144] and its Order re Plaintiffs' Motion for Class Certification ("Class Cert. Order") [Doc. # 190] herein.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 19-8108-DMG (MRWx)** | Date | June 17, 2022 |
| Title | *Julian Vargas, et al. v. Quest Diagnostics Clinical Labs., Inc., et al.* | Page | 2 of 7 |

*See* Class Cert. Order at 15.

The Court declined to certify a Rule 23(b)(3) class, on the basis that individual issues as to liability predominated over common ones with respect to Vargas's Unruh Act claim, and that a class action would not be superior to individual litigation. *Id*. at 11-15. The Court adopted Vargas's proposed class definition, in spite of the fact that it appeared to be a so-called "fail-safe" class, on the premise that then-existing Ninth Circuit case law permitted such class definitions. But in *Olean*, the Ninth Circuit expressly stated that "[a] court may not [. . .] create a 'fail safe' class that is defined to include only those individuals who were injured by the allegedly unlawful conduct." 31 F.4th at 669 n.14. Because the Class certified in this action appears to be such a class, the Court ordered the parties to address whether the Class should be decertified or redefined.

Plaintiffs Vargas and the American Council for the Blind ("ACB") filed a response in which they contend, *inter alia*, that the class is not fail-safe and that *Olean* does not prohibit fail-safe Rule 23(b)(2) classes, only fail-safe Rule 23(b)(3) classes. Plaintiffs also make clear, however, that they do not object to redefining the Class, and propose the following new definition:

> All legally blind individuals in the United States who visited a Quest patient service center during the Class Period and were not assisted with check in by a Quest employee.

In addition, Plaintiffs ask the Court to revisit its decision not to certify a Rule 23(b)(3) class in light of the *Olean* decision and the decision of another court in this district to certify a Rule 23(b)(3) class in a similar action. Quest, on the other hand, asks the Court to decertify the Class, and argues that Plaintiffs' new proposed class definition is infeasible and a class cannot be certified.

## II.
## LEGAL STANDARD

Federal Rule of Civil Procedure 23 provides district courts with broad discretion in making a class certification determination. *Navellier v. Sletten*, 262 F.3d 923, 941 (9th Cir. 2001). A district court retains "the flexibility to address problems with a certified class as they arise, including the ability to decertify." *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. ConocoPhillips Co.*, 593 F.3d 802, 809-10 (9th Cir. 2010) ("Federal Rule of Civil Procedure 23 provides district courts with broad

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 19-8108-DMG (MRWx) | Date | June 17, 2022 |
| Title | *Julian Vargas, et al. v. Quest Diagnostics Clinical Labs., Inc., et al.* | Page | 3 of 7 |

discretion to determine whether a class should be certified, and to revisit that certification throughout the legal proceedings before the court.") (internal citations and quotation marks omitted). "Once a class is certified, the parties can be expected to rely on it, conduct discovery, prepare for trial, and engage in settlement discussion on the assumption that it will not be altered except for good cause." *O'Connor v. Boeing N. Am., Inc.*, 197 F.R.D. 404, 409-10 (C.D. Cal. 2000).

"The standard used by the courts in reviewing a motion to decertify is the same as the standard used in evaluating a motion to certify." *Id*. at 410. The Court incorporates the relevant legal standards pertaining to Rule 23 class certification from its Class Certification Order. Class Cert. Ord. at 3-4.

### III.
### DISCUSSION

**A.    Plaintiffs' Request to Revisit Denial of the Rule 23(b)(3) Class Certification**

In their brief, Plaintiffs ask the Court to reconsider its decision not to certify a Rule 23(b)(3) class in light of certain statements in *Olean* and the decision of another judge in this district to certify a Rule 23(b)(3) class in another case brought by Vargas against a different diagnostic company. *See Davis v. Lab'y Corp. of Am. Holdings*, --- F.Supp.3d ----, 2022 WL 1682416, at *1 (C.D. Cal. 2022). To the extent the Court declines to revisit its predominance analysis, Plaintiffs ask if they may file a motion to that effect.

While Plaintiffs have not filed a motion for reconsideration, the Court construes their request to "revisit" the Court's Class Certification Order as a request for reconsideration. But under this district's Local Rules, the Court cannot reconsider a previous ruling unless the party requesting reconsideration meets the following standard:

> A motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion . . . .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 19-8108-DMG (MRWx)** | Date | June 17, 2022 |
| Title | ***Julian Vargas, et al. v. Quest Diagnostics Clinical Labs., Inc., et al.*** | Page | 4 of 7 |

C.D. Cal. Local Rule 7-18. Plaintiffs argue that *Olean* established that a court may certify a Rule 23(b)(3) class even when plaintiffs may have to prove damages on an individual basis. *See* Plaintiffs' Brief at 19 (citing *Olean*, 31 F.4th at 669). Although *Olean* reiterated that unremarkable principle, that has long been the law in this circuit. *See, e.g.*, *Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 514 (9th Cir. 2013) ("[T]he presence of individualized damages cannot, by itself, defeat class certification under Rule 23(b)(3)."). More importantly, the Court did not conclude in its Class Certification Order that Class Members here would have to prove *damages* on an individualized basis, the Court concluded that individual issues regarding Quest's *liability* under the Unruh Act would predominate over common ones. This is precisely the type of predominance issue that precludes certification of a Rule 23(b)(3) class. Plaintiffs do not argue that Judge Olguin's certification decision in *Davis* changed the law relevant to this Court's class certification decision. The Court therefore declines to reconsider its decision denying certification of a Rule 23(b)(3) class.

**B.     Class Definition**

In *Olean*, the Ninth Circuit expressly stated that "[a] court may not [. . .] create a 'fail safe' class that is defined to include only those individuals who were injured by the allegedly unlawful conduct." 31 F.4th at 669 n.14. Plaintiffs contend in their brief that one of the concerns underlying the prohibition on narrowly-drawn fail-safe classes, that determining class membership would be administratively infeasible, is not implicated with regard to Rule 23(b)(2) classes, because it is not necessary to determine class membership in cases involving solely injunctive relief. *See* Plaintiffs' Brief at 17 n.11. Plaintiffs therefore question whether *Olean*'s prohibition on fail-safe classes applies here.[3]

Plaintiffs also argue that the certified Class is not fail-safe because membership can be determined by reference to objective, non-legal criteria. But while there may be objective, non-legal criteria that map onto the Class definition (*e.g.*, visually impaired individuals who attempted to but could not use Quest's kiosks), Plaintiffs' Class is explicitly defined in terms of the legal injury to Class Members. It therefore appears that any Class Member who did not

---

[3] Quest, on the other hand, argues that at least one of the other concerns underlying the prohibition on fail-safe classes applies with equal force with respect to injunctive relief classes. *See, e.g.*, *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 660 (7th Cir. 2015) ("Defining the class in terms of success on the merits is a problem because a class member either wins or, by virtue of losing, is defined out of the class and is therefore not bound by the judgment. This raises an obvious fairness problem for the defendant: the defendant is forced to defend against the class, but if a plaintiff loses, she drops out and can subject the defendant to another round of litigation.") (citations omitted). Because Plaintiffs do not oppose redefining the Class here, the Court need not resolve this issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 19-8108-DMG (MRWx) | Date | June 17, 2022 |
| Title | *Julian Vargas, et al. v. Quest Diagnostics Clinical Labs., Inc., et al.* | Page | 5 of 7 |

suffer a legal injury would be defined out. Plaintiffs do not oppose, however, a change to the class definition, and suggest the following alternative:

> All legally blind individuals in the United States who visited a Quest patient service center during the Class Period and were not assisted with check in by a Quest employee.

Quest argues that this proposed definition is also infirm, because it is vague and overbroad. Quest contends that a single injunction could not address the claims of all Class Members, because Quest's patient service centers ("PSCs") are located all over the country and each PSC, as well as each patient, has different needs. Quest also argues that an "effective communication" claim is poorly suited to class treatment, because the determination of such questions is inherently factual and circumstantial. Because Plaintiffs' alternative proposed class definition is purportedly unworkable, Quest asks the Court to decertify the Class.

Quest points to several district court decisions denying certification of a Rule 23(b)(2) class on the basis that the defendants owned or operated a large number of properties, and that a single injunction could not address ADA violations at all of them. *See C.R. Educ. & Enf't Ctr. v. Hosp. Properties Tr.*, 317 F.R.D. 91, 105 (N.D. Cal. 2016), *aff'd*, 867 F.3d 1093 (9th Cir. 2017) (denying certification of claim that defendant failed to provide accessible transportation at hundreds of hotels); *Castaneda v. Burger King Corp.*, 264 F.R.D. 557, 566 (N.D. Cal. 2009) (denying certification of claim for mobility-related barriers to access at Burger King locations throughout California); *Mielo v. Bob Evans Farms, Inc.*, No. CIV.A. 14-1036, 2015 WL 1299815, at *6 (W.D. Pa. Mar. 23, 2015) (denying certification of claim for excessive slopes in the parking lots of more than 500 restaurants). But in all these cases featuring diffuse locations, the courts concluded that the plaintiffs had failed to identify a common policy that allegedly violated the ADA, and therefore had not established commonality. *Cf. C.R. Educ. & Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1105 (9th Cir. 2017) (affirming denial of class certification but making clear that common questions may exist, despite claims of ADA violations at diverse locations, when the plaintiff shows an allegedly discriminatory "common policy or practice"). The "common policy" here is Quest's widespread rollout of its kiosks, which on their own are inaccessible to visually impaired users. These cases thus do not support Quest's position that a Rule 23(b)(2) class is inappropriate here.

In its Class Cert. Order, the Court concluded that Plaintiffs had established that "whether Quest during the class period offered an auxiliary aid or service that allows blind patients to access the services provided through the kiosks, and whether the three-finger swipe has remedied any access violations created by the kiosks, are questions common to the class members that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 19-8108-DMG (MRWx)** | Date | June 17, 2022 |
| Title | ***Julian Vargas, et al. v. Quest Diagnostics Clinical Labs., Inc., et al.*** | Page | 6 of 7 |

remain outstanding." Class Cert. Order at 8. These common questions remain. *See also* Order re Defendants' Motion for Summary Judgment ("MSJ Order") at 13, 21 [Doc. # 144] (concluding triable issues of fact remained as to whether (a) phlebotomist assistance was available to provide effective communication to visually-impaired patients and (b) the three-finger swipe function moots Plaintiffs' claims). Because the prohibition on fail-safe classes set forth in *Olean* does not change this Court's conclusion that the Rule 23(a) and 23(b)(2) factors are met, the Court declines to decertify the Class.

The Court will instead redefine the Class as follows:

All legally blind individuals who visited a Quest patient service center in the United States between January 1, 2018 through December 31, 2019 (the "Class Period") at which the e-check-in self-service kiosk was the primary method for check-in and who, due to their disability, could not use all the functions of the kiosks.

This class definition encompasses the individuals who Plaintiffs assert in their FAC were denied access due to Quest's rollout of the kiosks. The Court's findings as to the requirements of Rule 23(a) apply to this group as least as strongly as they apply to the Class originally certified. *See* Class Cert. Order at 6 (sufficient individuals who actually identified access issues to establish numerosity), 9 (typicality and adequacy established). The questions of whether Quest during the class period offered an auxiliary aid or service that allowed blind patients to access the services provided through the kiosks, and whether the three-finger swipe has remedied any access violations created by the kiosks, identified in the Court's prior Class Certification Order, are common to the members of this Class, and the answers are subject to common proof as to Class Members.

To the extent that Quest argues that even this class definition will still contain individuals who were not, in fact, unable to check in using the kiosks, the Court emphasizes that "[t]he fact that some class members may have suffered no injury or different injuries from the challenged practice does not prevent the class from meeting the requirements of Rule 23(b)(2)." *Rodriguez v. Hayes*, 591 F.3d 1105, 1125 (9th Cir. 2010); *see Parsons v. Ryan*, 754 F.3d 657, 688 (9th Cir. 2014) (Rule 23(b)(2) "does not require that the issues common to the class satisfy a Rule 23(b)(3)-like predominance test, and does not require a finding that all members of the class have suffered identical injuries."). Instead, under a Rule 23(b)(2) class, "it is sufficient [. . .] that class members complain of a pattern or practice that is generally applicable to the class as a whole." *Rodriguez*, 591 F.3d at 1125. (citations omitted). Nor is it necessary that all class members demonstrate Article III standing: in *Olean*, the Ninth Circuit held that in cases seeking injunctive

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 19-8108-DMG (MRWx) | Date | June 17, 2022 |
| Title | *Julian Vargas, et al. v. Quest Diagnostics Clinical Labs., Inc., et al.* | Page | 7 of 7 |

or declaratory relief, only one member of a class must have Article III standing for a class to be certified. *See* 31 F.4th at 682 n.32 (overruling statement to the contrary in *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 594 (9th Cir. 2012)).

In sum, this class's civil rights claim under the ADA, even with the class redefinition, is a "prime example" of a Rule 23(b)(2) case. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997). And if Plaintiffs establish liability, the Court could fashion an appropriate injunction consistent with the post-trial factual findings. The Court therefore concludes that the requirements of Rule 23(a) and (b)(2) are met as to this redefined Class.

The Court's Class Certification Order otherwise stands. The parties shall file a joint status report with a proposed hearing date for the pending Motions for Summary Judgment [Doc. ## 207, 212] within seven (7) days of the date of this Order.

**IT IS SO ORDERED.**