Jonathan D. Miller (SBN 220848)
jonathan@nshmlaw.com
Alison M. Bernal (SBN 264629)
alison@nshmlaw.com
NYE, STIRLING, HALE
& MILLER, LLP
33 West Mission Street, Suite 201
Santa Barbara, CA 93101
Telephone: (805) 963-2345

Benjamin J. Sweet
(*Admitted Pro Hac Vice*)
ben@nshmlaw.com
NYE, STIRLING, HALE
& MILLER, LLP
1145 Bower Hill Road, Suite 104
Pittsburgh, PA 15243
Telephone: (412) 857-5350

*Attorneys for Plaintiffs Julian Vargas,
American Council of the Blind, and the Certified Class*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN VARGAS and AMERICAN COUNCIL OF THE BLIND, individually on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC., QUEST DIAGNOSTICS HOLDINGS, INC., QUEST DIAGNOSTICS INCORPORATED; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:19-cv-08108-DMG-MRW<br><br>**DECLARATION OF JONATHAN D. MILLER**<br><br>*[Filed concurrently with Plaintiffs' Reply to Quest's Opposition to MSJ; Response to Statement of Facts, Request for Judicial Notice and Objections to Quest's Evidence]*<br><br>**Date: August 5, 2022**<br>**Time: 3:00 p.m.**<br>**Crtrm: 8C**<br><br>Complaint Filed: September 18, 2019<br>Pretrial Conf: October 4, 2022<br>Trial Date: November 1, 2022<br>District Judge: Hon. Dolly M. Gee<br>Magistrate: Hon. Michael R. Wilner |

## DECLARATION OF JONATHAN D. MILLER

I, JONATHAN D. MILLER, declare as follows:

1. I am an attorney at law duly qualified to practice before the Courts of the State of California and before this Court and am the managing partner of the firm Nye, Stirling, Hale & Miller, LLP, attorneys for Plaintiffs Julian Vargas, American Council of the Blind ("ACB"), and the Certified Class in the above captioned matter. The facts stated herein are stated of my own personal knowledge and, if called and sworn as a witness, I could and would testify competently thereto. This declaration is made in support of Plaintiff's Reply to Quest's Opposition to Plaintiffs' Motion for Summary Judgment.

2. In opposition to Plaintiffs' Motion for Summary Judgment, Quest submitted a declaration from Taylor Carr (Dkt. 236-6) wherein Mr. Carr stated that patients, including blind patients, who make online appointments can select the "wait where you want" function when making appointments. (Dkt. 236-6, ¶ 24). Despite Mr. Carr's sworn declaration that the "wait where you want" feature is available on Quest's "Appointment Scheduling" website while making an appointment, it is not present anywhere on the website. (*See* Plaintiffs' concurrently filed Request for Judicial Notice). Further, in the FAQ section of Quest's website, under the heading "General Questions—What to Expect During your Visit," and the "How do I check in?" sub-question, the instruction directs patients to "[s]ign in using the Check-in kiosk, or if not available, sign the clipboard at the front desk," both of which are inaccessible to the legally blind. The instruction mentions nothing about phlebotomist assistance. I have produced true and correct copies of these Quest webpages as **Exhibit 1,** a document for which Plaintiffs also request judicial notice.

3. In replying to the opposition, and specifically the affidavits brought in opposition, we discovered a Case Study published by Quest's vendor, Aila. That case study is found here: https://ailatech.com/blog/quest-diagnostics-saving-

2
DECLARATION OF JONATHAN D. MILLER

phlebotomists-time-and-streamlining-the-patient-experience-with-self-service-kiosks/, a true and correct copy of which is attached as **Exhibit 2**, a document for which Plaintiffs also request judicial notice.

4. I have also attached a true and correct copy of Quest's 2022 Form 10-K Securities and Exchange Commission ("SEC") Filing as **Exhibit 3**, a document for which Plaintiffs also request judicial notice.

5. Plaintiff's Reply relies on the testimony from several witnesses on behalf of Defendants and Plaintiffs. I have outlined the dates of those depositions below, with reference to the exhibit or exhibits containing true and correct copies of the relevant portion of the deposition testimony.

6. On April 8, 2021, I took the deposition of Marc Yarrison, an employee of Quest and a designated corporate witness pursuant to FRCP, Rule 30(b)(6). I have produced true and correct copies of relevant portions of the deposition transcript as **Exhibit 4**.

7. During Mr. Yarrison's deposition, he responded "I don't know" seventy-two (72) times, "I don't remember" five (5) times, and "I don't recall" five (5) times for a total of eighty-two (82) non-responsive answers.

8. On April 12, 2021, I took the deposition of Taylor Carr, an employee of Quest and a designated corporate witness pursuant to FRCP, Rule 30(b)(6) to testify on three-finger swipe among other things. The deposition took two sessions, with the second session taking place on July 30, 2021. I have produced true and correct copies of relevant portions of the deposition transcript as **Exhibit 5**.

9. During Mr. Carr's deposition, he responded "I don't know" four hundred forty-six (446) times, "I don't remember" one (1) time, and "I don't recall" one hundred eleven (111) times for a total of five hundred fifty-eight (558) non-responsive answers.

10. On April 16, 2021, I took the deposition of Jody Reilly, an employee of Quest and a designated corporate witness pursuant to FRCP, Rule 30(b)(6). I have

3
DECLARATION OF JONATHAN D. MILLER

produced true and correct copies of relevant portions of the deposition transcript as **Exhibit 6**.

11. During Ms. Reilly's deposition, she responded "I don't know" seventy (70) times, "I don't remember" five (5) times, and "I don't recall" eleven (11) times for a total of eighty-six (86) non-responsive answers.

12. On April 20, 2021, I took the deposition of Christopher Grant, an employee of Quest and a designated corporate witness pursuant to FRCP, Rule 30(b)(6). I have produced true and correct copies of relevant portions of the deposition transcript as **Exhibit 7**.

13. During Mr. Grant's deposition, he responded "I don't know" one hundred twelve (112) times, "I don't remember" eight (8) times, and "I don't recall" sixty (60) times for a total of one hundred eighty (180) non-responsive answers.

14. On June 9, 2021, Defendants took the deposition of ACB's corporate witness pursuant to FRCP, Rule 30(b)(6). Clark Rachfal appeared on behalf of ACB. I have produced true and correct copies of relevant portions of his deposition transcript at **Exhibit 8**.

15. On July 1, 2021, I took the deposition of Quest employee Tom Walsh. I have produced true and correct copies of relevant portions of Mr. Walsh's deposition transcript as **Exhibit 9**.

16. During Mr. Walsh's deposition, he responded "I don't know" thirty-eight (38) times, "I don't remember" seventeen (17) times, and "I don't recall" sixty-five (65) times for a total of one hundred twenty (120) non-responsive answers.

17. On August 3, 2021, I took the deposition of Prudencia Magana, an employee of Quest. I have produced true and correct copies of relevant portions of the deposition transcript as **Exhibit 10**.

18. During Ms. Magana's deposition, she responded "I don't know" one-hundred thirty-two (132) times, "I don't remember" five (5) times, and "I don't

recall" eleven (11) times for a total of one hundred thirty-three (133) non-responsive answers.

19. Quest produced a document during discovery bates-stamped QUEST-VARGAS000034658-34666. I have produced a true and correct copy of this document as **Exhibit 11**.

20. On November 14, 2021, I took the deposition of Steven Sawczyn, Quest's liability expert. I have produced true and correct copies of relevant portions of the deposition transcript as **Exhibit 12**.

21. On April 22, 2021, Defendants took the deposition of Plaintiff Julian Vargas. I have produced true and correct copies of relevant portions of the deposition transcript as **Exhibit 13**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Signed this 22nd day of July, 2022, in Santa Barbara, California.

                                                    /s/   *Jonathan D. Miller*
                                               JONATHAN D. MILLER, Declarant