Jonathan D. Miller (Bar No. 220848)
jonathan@nshmlaw.com
Alison M. Bernal (Bar No. 264629)
alison@nshmlaw.com
NYE, STIRLING, HALE,
MILLER & SWEET, LLP
33 West Mission Street, Suite 201
Santa Barbara, California 93101
Telephone: (805) 963-2345
Facsimile: (805) 284-9590

*Attorneys for Plaintiffs Julian Vargas,
American Council of the Blind, and the
Certified Class*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN VARGAS, ANNE WEST, and AMERICAN COUNCIL OF THE BLIND, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC., QUEST DIAGNOSTICS HOLDINGS, INC., QUEST DIAGNOSTICS INCORPORATED; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NlaO.: 2:19-cv-8108-DMG-MRW<br><br>**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE**<br><br><br>Complaint Filed: September 18, 2019<br>Trial Date: November 1, 2022<br>District Judge: Hon. Dolly M. Gee<br>Magistrate: Hon. Michael M. Wilner |

1
REQUEST FOR JUDICIAL NOTICE

Plaintiffs Julian Vargas, American Council of the Blind, and the Certified Class ("Plaintiffs"), by and through their attorneys, hereby request that the Court take judicial notice pursuant to Federal Rule of Evidence 201 of the U.S. Patent and Trademark Office's ("U.S.P.T.O.") Certified Copy of U.S. Trademark Registration No. 5,152,559, dated November 2, 2022 (*available at* https://tmsearch.uspto.gov/bin/showfield?f=doc&state=4810:rg5ptk.4.2) (the "Quanum Service Mark"), a true and correct copy of which is attached as Exhibit A.

Plaintiffs request this Court take judicial notice of these documents for the following reasons:

Upon a properly supported request by a party, a federal court may take judicial notice of adjudicative facts. Fed. R. Evid. 201(a), (d). Facts subject to judicial notice are those which are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b). The Court may take judicial notice of the facts contained in the Quanum Service Mark because they are readily accessible and not subject to reasonable dispute.

The Court may take judicial notice of the Quanum Service Mark because it is a certified copy of a service mark filed with the U.S. Patent Office, which is "available to the public and [] certified and maintained by an official office." *Celebrity Chefs Tour, Ltd. Liab. Co. v. Macy's Inc.*, 16 F. Supp. 3d 1123, 1132 (S.D. Cal. 2014) (U.S.P.T.O. service mark's accuracy cannot "be reasonably disputed"); *see also Miss Glob. Org. LLC v. Mak*, No. SA CV 17-2223-DOC (KESx), 2018 U.S. Dist. LEXIS 225146, at *9 (C.D. Cal. Oct. 1, 2018) (taking judicial notice of U.S.P.T.O. service marks); *see also Barron v. Reich*, 13 F. 3d 1370, 1377 (9th Cir. 1994) (judicial notice may be taken of "[r]ecords and reports of administrative bodies"); *Interstate Nat. Gas Co. v. S. Cal. Gas Co.*, 209 F. 2d 380,385 (9th Cir. 1953) ("We may take judicial notice of records and reports of administrative

bodies.").

The Quanum Service Mark is also made available at the website of the U.S.P.T.O, which further supports judicial notice. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (appropriate to take judicial notice of information made publicly available by government entities where neither party disputes the authenticity of the website source); *Dahon N. Am., Inc. v. Hon*, No. 2:11-cv-05835-ODW (JCGx), 2012 WL 1413681, at *8 n.4 (C.D. Cal. April 24, 2012) (taking judicial notice of trademark assignment filed on PTO–published website); *Eidmann v. Walgreen Co.*, 522 F. Supp. 3d 634, 642 (N.D. Cal. 2021) ("Documents published on government-run websites are proper for judicial notice given their reliability."); *Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 617 (N.D. Cal. 2021) (documents on "publicly available websites" are proper subjects of judicial notice); *Marketquest Group, Inc. v. BIC Corp.*, 316 F. Supp. 3d 1234 (S.D. Cal. 2018) (granting request for judicial notice of copy of trademark registration with USPTO and registration file wrapper for the marks, including information regarding the initial application); *Bennett v. Forbes*, No. 17-cv-464-MMA-KSC, 2017 WL 4557215, at *2 (S.D. Cal. Oct. 12, 2017) (taking judicial notice of trademark application obtained from PTO electronic search system).

Because the trademark and trademark/service mark application are officially published on the USPTO website, they are ascertainable, verifiable, and their accuracy cannot be reasonably questioned. Fed. R. Evid. 201(b)(2). The trademark and trademark/service application are directly relevant to the issue of whether Quest's self-service check-in kiosks are "goods and services." Moreover, records of the Central District are the proper subject of judicial notice under Federal Rule of Evidence 201(b). *Perez v. Kroger Co., 336 F. Supp. 3d 1137 (C.D. Cal. 2018)*.

For these reasons, Plaintiffs request that the Court take judicial notice of the Quanum Service Mark.

*Signatures below.*

Dated: November 26, 2022

Respectfully submitted,

By: */s/ Jonathan D. Miller*
Jonathan D. Miller (SBN 220848)
jonathan@nshmlaw.com
Alison M. Bernal (SBN 264629)
alison@nshmlaw.com
NYE, STIRLING, HALE,
MILLER & SWEET, LLP
33 West Mission Street, Suite 201
Santa Barbara, CA 93101
Telephone: (805) 963-2345

Benjamin J. Sweet
(Admitted *Pro Hac Vice*)
ben@nshmlaw.com
NYE, STIRLING, HALE,
MILLER & SWEET, LLP
1145 Bower Hill Road, Suite 104
Pittsburgh, PA 15243
Telephone: (412) 857-5350

Matthew K. Handley
(Admitted *Pro Hac Vice*)
mhandley@hfajustice.com
HANDLEY FARAH &
ANDERSON PLLC
777 6th Street NW
Washington, DC 20001
Telephone: (202) 559-2411

*Attorneys for Plaintiffs Julian Vargas, American Council of the Blind, and the Certified Class*