JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN VARGAS and AMERICAN COUNCIL FOR THE BLIND, individual and on behalf of themselves and all others similar situated,<br><br>               Plaintiffs,<br><br>        v.<br>QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC., QUEST DIAGNOSTICS HOLDINGS, INC., and QUEST DIAGNOSTICS INCORPORATED,<br><br>               Defendants. | Case No. CV 19-8108-DMG (MRWx)<br><br>**JUDGMENT** |

This matter having come before the Court for a four-day bench trial on November 1, 2, 3, and 28, 2022 and the Court having filed its Findings of Fact and Conclusions of Law,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED as follows:

1. Judgment is entered in favor of Plaintiffs and against Defendants on the Americans with Disabilities Act ("ADA") claim;
2. Judgment is entered in favor of Plaintiff Julian Vargas on the Unruh Act Claim with respect to Vargas' 2019 Quest visit, in the amount of $4,000 in statutory damages;
3. Judgment is entered in favor of Defendants on the Unruh Act Claim with respect to Vargas' 2021 Quest visit;
4. On Plaintiffs' Prayer for Declaratory Relief as to the ADA claim, it is ORDERED, ADJUDGED, and DECREED that:
    a. During the Class Period starting on January 1, 2018 and continuing thereafter, Quest violated Title III of the ADA in that Quest failed to provide Vargas and the Certified Class with full and equal enjoyment of Quest's services and facilities because of their disability to the extent they were unable to use the functions of the e-check-in self-service kiosks which were the primary method for check in because the TFS had not been implemented or had not been installed properly.
5. On Plaintiffs' Prayer for Injunctive Relief, it is ORDERED, ADJUDGED, and DECREED that:
    a. Quest shall make reasonable efforts to ensure that TFS is available on all Kiosks in Quest PSCs where the Kiosk is the primary method of check-in. All such Kiosks should provide any necessary audio notifications at a reasonably audible volume.
    b. Quest shall ensure its PSC staff are trained that, where a patient who uses TFS is not seen as soon as a phlebotomist is available, staff should make affirmative offers of reassurance and assistance as early as practicable to patients who have used TFS. Quest shall ensure its PSC staff are trained that personal information that would otherwise be entered using the Kiosk should not be requested in the waiting room in front of other patients.

    c. Quest shall make reasonable efforts to ensure that the audio message describing how to use TFS plays no less than every five minutes, at a reasonably audible volume, in each Quest PSC where the Kiosk is the primary method of check-in. Quest shall provide reasonably prominent instructions describing how to use the Kiosks and TFS on its website, in a manner that is accessible to blind and visually impaired individuals using screen reading technology. Quest shall, where possible, provide braille instructions regarding how to use TFS at each of its PSCs.

    d. Until Quest has implemented modifications such as screen readers or other technology that would make the Kiosks independently accessible to Class Members, Quest shall revise its policies and software such that the "bell" audio notification to PSC staff cannot be turned off.

    e. For a period of one year, Plaintiffs' representatives may monitor Quest PSCs to ensure the injunctive relief ordered has been implemented. In the event any potential violation is identified, Plaintiffs' representatives shall contact a designated Quest representative, and the parties shall meet and confer to attempt to identify an appropriate solution. Only if the parties cannot agree on an appropriate resolution should any issues be raised to the Court.

    f. The Court shall retain jurisdiction for a period of two years to ensure that Quest has complied with the remedies ordered herein.

IT IS SO ORDERED.

DATED: September 29, 2023

                                                          DOLLY M. GEE
                                        UNITED STATES DISTRICT JUDGE